# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) **Plaintiff,** ) ) and ) ) VINCENT JACKSON, ) ) **Plaintiff-Intervenor** ) ) v. ) ) DOLGENCORP, LLC. ) ) **Defendant.** ) ) | **Civil Action No. 2:17-cv-01649-MHH** |

## EEOC MOTION REQUESTING TELEPHONE CONFERENCE REGARDING OUTSTANDING DISCOVERY ISSUES

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") moves this Court for a telephone conference regarding disputes related to discovery in this case.[1] The Parties have reached an impasse regarding: (1) the adequacy of Defendant's responses to the EEOC's Requests for Production of Documents Nos. 1, 2, 12, and 13; (2), the adequacy of Defendant's responses to the EEOC's Interrogatory Nos. 1, 2, 3, 4, 5, 8, 9, 10, and 12; and (3) the content of a Joint Order Governing Inspection of Defendant's Facility.

In support of this motion, the Plaintiff states as follows:

---

[1] Prior to filing this Motion for Teleconference, the EEOC reached out to Defendant in an effort to file a joint motion for teleconference, attaching a proposed joint motion to an email. Defendant did not respond at all to the EEOC's email request.

1.        On May 7, 2019, the Court ordered Defendant to produce documents responsive to the EEOC's discovery requests on a rolling basis over the next 30 days, work out mutually agreeable terms for a plant inspection, and work together to resolve outstanding discovery disputes. (Doc. 60).

2.        The Parties have resolved some discovery disputes, but other discovery disputes remain.

3.        With respect to the **EEOC's Requests for Production**, Defendant has produced documents responsive to some of the EEOC discovery requests but refused to produce documents responsive to other EEOC discovery requests.

4.        Specifically, Defendant has declined to produce (1) job applications, (2) documents related to the selection and non-selection of applicants who were rated PMD and/or NQ, (3) documents reflecting any ADA and/or GINA training Dollar General provided employees during the relevant time period—EEOC Requests for Production Nos. 1, 2, 12, 13.  *See* Ex. 1 (EEOC First and Second Requests for Production);  Ex. 2 (Defendant's Response to EEOC First and Second Requests for Production); Ex. 3 (EEOC Rule 37 Letters); Ex. 4 (Def's. Responses to EEOC Rule 37 Letters).  Ex. 5 (EEOC Letter to Def. 7.10.19).

5.         Of the documents that Defendant has produced since May 7, 2019, 56 pages have been partially or totally redacted by Defendant. EEOC asserts that these redactions are improper, not grounded in any privilege (or supported by any privilege log) and asks the Court to require Defendant to produce the documents unredacted. *See* Ex. 5.

6.         With respect to the **EEOC's Interrogatories**, EEOC asserts that other than submitting a verification and resolving the issue of potential claimant's social security numbers, the problems previously raised with Defendant's responses to Interrogatory Nos. 1, 2, 3, 4, 5, 8, 9,

10, and 12, remain. *See* Ex. 6 (EEOC First and Second Set of Interrogatories); Ex. 7 (Defendant Responses to EEOC First and Second Interrogatories). Defendant rests on its objections/responses to those Interrogatories. *See* Exs. 3, 4, 5.

7. Finally, the Parties have also been unable to reach agreement regarding the form of an **Order governing Plant inspection**.

8. On June 12, 2019, Defendant sent the EEOC a proposed Order. On June 19, 2019, the EEOC responded, sending Defendant a redline of Defendant's proposal with comments and proposing a phone call to iron out the differences. *See* Ex. 8.

9. Defendant did not respond in any way to that proposal or the EEOC redline.

10. On July 10, 2019, EEOC provided Defendant with a summary of outstanding discovery issues, including the plant inspection Order, and requested Defendant respond by July 16, 2019. *See* Ex. 4.

11. On July 16, 2019, Defendant, responded, but only to ask the EEOC for two more weeks to respond. *See* Ex. 9. The EEOC did not think the issues warranted waiting an additional two weeks to respond, but asked Defendant to respond by July 22, 2019. Defendant has not done that. Nor, has Defendant responded to the EEOC's email requesting a joint teleconference with the Court and attaching a proposed joint motion.

12. This is the latest in a pattern of delay and obstruction by Defendant, which it has engaged in throughout this case.

13. EEOC believes that the Court's assistance is essential in resolving the above discovery disputes. Without any court intervention, Defendant will continue to delay and obstruct discovery in this case.

14. Defendant's conduct has prejudiced the EEOC's ability to generate its expert

reports within the court-imposed deadline, as two of the EEOC's three retained experts are flying in from out of state and require some reasonable notice before an inspection is scheduled, in order to make travel arrangements. The EEOC had previously informed Defendant that an inspection would need to happen by mid- July.

15. The Court's current Scheduling Order (Doc. 42) mandates a telephone conference with the Court before either side files a motion regarding any discovery disputes.

WHEREFORE, the EEOC requests this Court schedule a telephone conference to resolve the above-referenced discovery disputes.

Dated: July 23, 2019

Respectfully submitted,

**MARSHA L. RUCKER**
Regional Attorney
PA Bar No. 90041

**GERALD L. MILLER**
Supervisory Trial Attorney
AL Bar No.: ASB-1454-E52G

*/s/Christopher Woolley*
**CHRISTOPHER WOOLLEY**
Trial Attorney
CA Bar No. 241888
christopher.woolley@eeoc.gov

**GINA PEARSON**
Trial Attorney
AL Bar No. ASB-3971-H61g
gina.pearson@eeoc.gov

**KURT FISCHER**

Trial Attorney
AL Bar No. ASB-9772-R72F
(205) 212-2043
kurt.fischer@eeoc.gov

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1130 22nd Street South
Suite 2000
Birmingham, AL 35205
Phone: (205) 212-2064

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2019, the foregoing with the clerk using the CM/ECF system, which will electronically send notification of the filing to all attorneys of record.

*/s/ Christopher Woolley*
Christopher Woolley