FILED
2020 Dec-16 PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) and ) ) VINCENT JACKSON, ) ) Plaintiff-Intervenor ) ) v. ) ) DOLGENCORP, LLC. ) ) Defendant. ) | Civil Action No. 2:17-cv-01649-MHH |

## DEFENDANT'S RESPONSE TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S FIRST SET OF REQUESTS FOR ADMISSION

**Request No. 1**: Admit that Defendant has had more than five-hundred (500) employees in each of twenty (20) or more weeks in each of the calendar years 2013 through present.

**RESPONSE:** Admitted.

**Request No. 2**: Admit that the document attached hereto as Exhibit A (and Bates Numbered EEOC-ID-000059-60) is a true and correct copy of the charge of employment discrimination Charge No. 420-2014-02227 filed by Vincent Jackson with the Equal Employment Opportunity Commission.

**RESPONSE: Admitted upon information and belief that EEOC-ID-000059-60 is a true and correct copy of the charge of employment discrimination filed by Vincent Jackson with the EEOC.**

**Request No. 3**: Admit that Dollar General hired Middle Creek to conduct post-offer, pre-employment medical examinations for Dollar General.

**RESPONSE:  Admitted that Dollar General utilized Middle Creek to conduct post-offer, pre-employment medical examinations for employment candidates for the position of General Warehouse Worker at Dollar General's Bessemer, Alabama Distribution Center.**

**Request No. 4**: Admit that Middle Creek staff (during at least the time period beginning December 20, 2013 through August 21, 2014) subjected Dollar General applicants undergoing post-offer, pre-employment medical exams to questioning regarding family history of cancer and/or high blood pressure and/or diabetes and/or stroke, during the Dollar General post-offer examination.

**RESPONSE:  Dollar General is not aware of what specific questions Middle Creek asked candidates during the time period from December 20, 2013 through August 21, 2014. Therefore, this request is denied.**

**Request No. 5**: Admit that the document produced by the EEOC as EEOC-ID-000607 (and attached hereto as Exhibit B) is a true and accurate version of a "Physical Encounter" form used during Dollar General's post-offer, pre-employment medical examinations at Middle Creek.

**RESPONSE:  Admitted upon information and belief that Middle Creek has produced what is attached as Exhibit B to these Requests and has represented that it used the form during Dollar General's post-offer, pre-employment medical examinations from December 2013 to August 21, 2014.**

**Request No. 6**: Admit that according to records provided by Middle Creek during this litigation and produced to Dollar General (EEOC-MCMC-000002-004920) the version of the Physical Encounter form referenced in Request No. 5 (and attached hereto as Exhibit B) was used by Middle Creek during post-offer examinations of Dollar General conditional hires for the Bessemer warehouse during at least the time period beginning December 20, 2013 through August 21, 2014.

**RESPONSE:** Admitted upon information and belief that Middle Creek has represented that the document produced by the EEOC as EEOC-ID-000607 is the version of the "Physical Encounter" form used by Middle Creek during the referenced time period.

**Request No. 7**: Admit that Dollar General provided the Physical Encounter form referenced in Request No. 5 (and attached hereto as Exhibit B) to Middle Creek for use during the Dollar General examinations.

**RESPONSE:  Admitted that Dollar General provided various versions of a Physical Encounter form to Middle Creek, including Exhibit B.**

**Request No. 8**: Admit that Middle Creek was not the only third-party medical provider to whom Dollar General provided examination forms for the provider to use during Dollar General post-offer, pre-employment medical examinations.

**RESPONSE:  Objection.  In this action, the EEOC challenges post-offer, pre-employment testing of candidates for employment at Dollar General's Bessemer, Alabama Distribution Center.  The EEOC does not challenge testing conducted by other third-party medical providers in other locations, making discovery of such other testing irrelevant.**

**Request No. 9**: Admit that Dollar General was aware that, during the administration of the post-offer, pre-employment medical examinations, Middle Creek sought family medical history from Dollar General job applicants.

**RESPONSE:  Objection.  This Request is overly broad and not limited in temporal scope to the relevant period for the EEOC's claims.  This Request also asks Dollar General to speculate as to what Middle Creek sought from candidates during medical examinations in which it did not participate and from which it sought no information beyond whether candidates were physically qualified to perform the essential functions of the job they sought.**

**Subject to and without waiving these objections, Dollar General incorporates its response to Request No. 7.**

**Request No. 10**: Admit that Dollar General provided documents to Middle Creek for use during Dollar General post-offer, pre-employment medical examinations that included a question concerning family medical history.

**RESPONSE:  Objection.**  This Request is overly broad and not limited in temporal scope to the relevant period for the EEOC's claims.

**Subject to and without waiving this objection, Dollar General incorporates its response to Request No. 7.**

**Request No. 11**: Admit that Dollar General required conditional hires to complete a health and medical questionnaire which included a question concerning family medical history.

**RESPONSE:  Denied.**

**Request No. 12**: Admit that the version of the Physical Encounter form referenced in Request No. 5 (and attached hereto as Exhibit B) requests that the post-offer, pre-employment examinee disclose whether members of his or her family have had significant medical problems.

**RESPONSE:  Admitted that what is attached as Exhibit B contains the question: "Have your grandparents, parents, or children had significant medical problems?"**

**Request No. 13**: Admit that the request that the post-offer, pre-employment examinee disclose whether members of his or her family have had significant medical problems resulted in the acquisition of information concerning the manifestation of a disease or disorder in a family member of examinees.

**RESPONSE:  Denied.**

**Request No. 14**: Admit that an applicant's family medical history is not relevant to Defendant's decision whether to hire an applicant for the general warehouse worker job at the Bessemer facility.

**RESPONSE: Admitted.**

**Request No. 15**: Admit that Dollar General did not, prior to August 22, 2014, advise Middle Creek to refrain from soliciting family medical history during the administration of Dollar General's post-offer, pre-employment medical exams.

**RESPONSE:** After reasonable inquiry, Dollar General is without sufficient information to admit or deny this request.

**Request No. 16**: Admit that the version of the Physical Encounter form referenced in Request No. 5 (and attached hereto as Exhibit B) requests that examinees authorize the release of any medical information acquired during the course of the post-offer, pre-employment medical examination to Dollar General.

**RESPONSE:** Admitted that Exhibit B contains the referenced language but denied that medical information was sought or used by Dollar General in connection with any hiring decision during the relevant time period.

**Request No. 17**: Admit that the post-offer, pre-employment examinations conducted by Middle Creek during the time period beginning December 20, 2013 through August 21, 2014 were not conducted pursuant to any voluntary, employer sponsored wellness program.

**RESPONSE:** Admitted.

**Request No. 18**: Admit that Dollar General required post-offer, pre-employment examinees seeking a general warehouse worker position at Dollar General's Bessemer facility to rate "Qualified" on the Middle Creek medical exam in order to work as a general warehouse worker at the Bessemer facility.

**RESPONSE:** Denied.

**Request No. 19**: Admit that any qualification standard requiring that general warehouse worker applicants to Dollar General's Bessemer facility have binocular vision in order to be hired to work as general warehouse workers at the Bessemer facility is not warranted by business necessity.

**RESPONSE:** Denied.

**Request No. 20**: Admit that Dollar General did not require that General Warehouse Workers obtain DOT certification in order to work in the general warehouse worker position.

**RESPONSE: Admitted.**

**Request No. 21**: Admit that, with the exception of drug testing, Dollar General did not (during the time period beginning December 20, 2013 through September 25, 2017) require general warehouse workers at the Bessemer facility to undergo any medical examinations subsequent to their hire.

**RESPONSE: Objection. This Request is vague and ambiguous so that Dollar General is unable to determine the meaning of the Request. Therefore, this Request is denied.**

Dated: April 17, 2019

                    Respectfully submitted,

                    */s/ John E. B. Gerth*
                    **Stanley E. Graham, Esq.**
                    **John E. B. Gerth, Esq.**
                    Waller Lansden Dortch & Davis LLP
                    511 Union Street, Suite 2700
                    Nashville, TN 37291
                    stan.graham@wallerlaw.com
                    jeb.gerth@wallerlaw.com

                    **Heath A. Fite, Esq.**
                    Waller Lansden Dortch & Davis, LLP
                    Regions-Habert Plaza, suite 1400
                    1091 6th Avenue North
                    Birmingham, AL 35203
                    heath.fite@wallerlaw.com
                    Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2019, the foregoing was served *via* U.S. Mail and email on the following counsel of record:

**Marsha L. Rucker, Esq.**
**Gerald L. Miller, Esq.**
**Christopher Woolley, Esq.**
**Gina Pearson, Esq.**
Equal Employment Opportunity Commission
1130 22nd Street South
Suite 2000
Birmingham, AL 35205
marsha.rucker@eeoc.gov
gerald.miler@eeoc.gov
christopher.woolley@eeoc.gov
gina.pearson@eeoc.gov

**David W. Scott, Esq.**
D.W. Scott Law LLC
P.O. Box 11734
Birmingham, AL 35202
david@dwscottlaw.com

**Byron Perkins, Esq.**
Perkins Law
The Civic Center Medical Forum Bldg.
950 22nd Street N., Suite 550
Birmingham, AL 35203
bperkins@perkins-law.com

/s/ John E. Goodman
_____

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA [X] EEOC | 420-2014-02227 |

_____ and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Vincent C. Jackson | (205) 799-4608 | 07-10-1987 |

Street Address: 417 Raleigh Avenue, Apt. E, Homewood, AL 35209

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DOLLAR GENERAL DISTRIBUTION CENTER | 201 - 500 | (205) 497-6808 |

Street Address: 4101 Lakeshore Parkway, Bessemer, AL 35022

RECEIVED JUN 18 2014 E.E.O.C. BIRMINGHAM DISTRICT

DISCRIMINATION BASED ON (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [X] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-17-2014   Latest: 06-17-2014
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am disabled. I applied for a position as a Picker with the above named employer. On June 12, 2014, I received notification that my application was accepted and I was offered a position. I was informed on June 16, 2014, that I was scheduled for a pre-employment screening on June 17, 2014. Upon arrival, I informed the clerk, Elizabeth Deslattes, that I was disabled. I also informed her that the disability had not affected my ability to work similar jobs. She indicated that the employer has a physical qualification standard that disqualifies me from being hired. She indicated that there was no need for me to continue with the process because I was already disqualified; I informed her I wished to continue.

I was given a medical examination. At the completion of the test, I was informed that I was not qualified due to my disability. During the examination, I was also asked to provide information as it relates to my families medical history.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jun 18, 2014
Date  Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC-ID-000059

| EEOC Form 5 (11/09) | | | |
|---|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>420-2014-02227 | |
| | | | and EEOC |
| *State or local Agency, if any* | | | |
| **I believe that I have been discriminated against on the basis of disability in violation of the Americans with Disabilities Act of 1990, as amended. I also believe that I have been discriminated against in violation of the Genetic Information Non-Discrimination Act of 2008.** | | | |



RECEIVED
JUN 18 2014
E.E.O.C.
BIRMINGHAM DISTRICT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jun 18, 2014           *Charging Party Signature*<br>Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

**EEOC-ID-000060**

# EXHIBIT B

# DOLLAR GENERAL

**PHYSICAL ENCOUNTER**

Date: 6/17/2014

Patient Name: Vincent C Jackson  SSN: 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  DOB: 7/10/1987

Employer: Dollar General

**Medical History:**
- Have you had any previous major medical problems? ☐Y ☒N
- Are you currently under a physician's care? ☐Y ☒N
- Have you had any previous surgeries? ☒Y ☐N
- Have you been hospitalized? ☒Y ☐N
- Have you had an injury that required you to see a physician? ☒Y ☐N
- Have your grandparents, parents, or children had significant medical problems? ☐Y ☒N

**MEDICATIONS:**
- Do you take any medications? ☐Y ☒N
- If yes, please list _____
- Reason _____
- Doctor's Name _____

**ALLERGIES:**
- Are you allergic to any medications? ☒Y ☐N
- Please list: Kcl Flct + Penicillin
- Last Tetanus: _____

**Social History:**
- Do you smoke? ☐Y ☒N
  - If yes, ____ Cigarettes per day
  - ____ Cigars per day
  - ____ Number of years
- Do you use other tobacco? ☐Y ☒N
  - If yes, ____ Snuff
  - ____ Chewing tobacco
  - ____ Number of years
- Do you drink? ☒Y ☐N
  - If yes, 1 Beers per day
  - ____ Glasses of wine per day
  - ____ Mixed drinks per day

(handwritten notes: Knee ACL + menisus 2008 — no current problems; Bone spur removed — no current problems; scar tissue R eye at birth - no corrections)

**Health History**
- Any illness or injury in the last 5 years? available ☒Y ☐N
- Head/Brain injuries, disorders or illness ☐Y ☒N
- Seizures, epilepsy medication _____ ☐Y ☒N
- Eye disorders or impaired vision (except corrective lenses) ☒Y ☐N
- Heart disease or heart attack, other cardiovascular condition ☐Y ☒N
- medication _____
- Heart surgery (valve replacement/bypass, angioplasty, pacemaker) ☐Y ☒N
- High blood pressure medication _____ ☐Y ☒N
- Lung disease, emphysema, asthma, chronic bronchitis ☐Y ☒N
- Nervous or psychiatric disorders, e.g. severe depression ☐Y ☒N
- medication _____
- Sleep disorders, pauses in breathing while asleep, daytime sleepiness, loud snoring ☐Y ☒N
- Diabetes or elevated blood sugar controlled by:
  - Diet ☐Y ☒N
  - Pills ☐Y ☒N
  - Insulin ☐Y ☒N
- Kidney disease, dialysis ☐Y ☒N
- Liver disease ☐Y ☒N
- Digestive problems ☐Y ☒N
- Loss of, or altered consciousness ☐Y ☒N
- Fainting, dizziness ☐Y ☒N
- Stroke or paralysis ☐Y ☒N
- Missing or impact hand, arm, foot, leg, finger, toe ☐Y ☒N
- Spinal injury or disease ☐Y ☒N
- Chronic low back pain ☐Y ☒N
- Regular, frequent alcohol use ☐Y ☒N
- Surgeries ☒Y ☐N
  - What Shoulder
  - When _____ In 2014
- Narcotic or habit forming drug use ☐Y ☒N
- Shortness of breath ☐Y ☒N
- Muscular disease ☐Y ☒N
- Ear disorders, loss of hearing or balance ☐Y ☒N

**Medical Release**
I authorize the release of any information acquired in the course of my examination to Dollar General and its representatives.

Signature: _____  Date: 6/17/2014

EEOC-ID-000607

4847-8831-8612.1

Page **13** of **13**