FILED
2020 Dec-16  PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# 13

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **and** | ) | **2:17-cv-01649-MHH** |
| | ) | |
| **VINCENT JACKSON,** | ) | |
| | ) | |
| **Plaintiff-Intervenor** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DOLGENCORP, LLC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

**PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION'S FIRST AMENDED ANSWERS AND OBJECTIONS TO
DEFENDANT'S FIRST SET OF INTERROGATORIES**

---

**TO:** Dolgencorp, LLC, Defendant, and
> **John E. B. Gerth, Esq.**
> **Stanley E. Graham, Esq.**
> Waller Lansden Dortch & Davis LLP
> 511 Union Street, Suite 2700 Nashville,
> TN 37291
> stan.graham@wallerlaw.com
> jeb.gerth@wallerlaw.com
>
> **Heath A. Fite, Esq.**
> Waller Lansden Dortch & Davis, LLP
> Regions-Habert Plaza, suite 1400

1091 6th Avenue North Birmingham,
AL 35203
heath.fite@wallerlaw.com

Attorneys for Defendant

Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission" hereby submits its answers and objections to Defendant Dolgencorp, LLC's ("Dollar General" or "Defendant") First Set of Interrogatories to the EEOC.

## ANSWERS AND OBJECTIONS

**Interrogatory No. 1**: For each type of relief the EEOC is seeking from Dollar General in connection with its claim pursuant to the Americans with Disabilities Act (the ADA"), whether money damages or otherwise, including but not limited to the relief referenced in its prayer for relief, please describe the specific relief to which the EEOC asserts it is entitled and the manner in which any amount of money it seeks was calculated and identify all documents (electronic or paper) that support its assertions and calculations for specific relief, whether money damages or otherwise.

**EEOC Response**:  EEOC objects to this request to the extent it seeks information protected by the attorney-client privilege and the attorney work product doctrine. EEOC objects to this request to the extent it seeks information protected from disclosure by the deliberative process privilege. EEOC objects to this request as impermissibly compound. EEOC objects to this request as overbroad and unduly burdensome.

Without waiving its objections, EEOC states as follows: the EEOC will seek full relief, as provided by law. This includes the following categories: back pay, front pay, compensatory damages, punitive damages, and all other equitable relief approved by the court.  Plaintiff will

determine back pay amounts for each ADA claimant by calculating the income claimant would have received from Defendant but for Defendant's unlawful discrimination, including the value of fringe benefits lost to the claimant. EEOC will seek full front pay relief. Compensatory and punitive damages are determined by a jury and not subject to precise calculation. The injunctive relief sought by the EEOC will depend on the facts and circumstances of the case as they unfold during discovery. At a minimum, however, the EEOC seeks an injunction demanding that Defendant permanently refrain from conducting unlawful medical examinations and imposing qualification standards that screen out or tend to screen out from employment qualified individuals with disabilities in a manner that is not job related or consistent with business necessity.

Plaintiff will supplement this response in accordance with Fed. R. Civ. P. 26(e) when back pay calculations are complete.

**Interrogatory No. 2**:  For each type of relief the EEOC is seeking from Dollar general in connection with its claim pursuant to the Genetic Information Nondiscrimination Act ("GINA"), whether money damages or otherwise, including but not limited to the relief referenced in its prayer for relief, please describe the specific relief to which the EEOC asserts it is entitled and the manner in which any amount of money it seeks was calculated, and identify all documents (electronic or paper) that support its assertions and calculations for specific relief, whether money damages or otherwise.

**EEOC Response**: EEOC objects to this request to the extent it seeks information protected by the attorney-client privilege and the attorney work product doctrine. EEOC objects to this request to the extent it seeks information protected from disclosure by the deliberative process privilege. EEOC objects to this request as impermissibly compound. EEOC objects to this request as overbroad and unduly burdensome.

Without waiving its objections, the EEOC states as follows: with respect to its claim under the Genetic Information Nondiscrimination Act ("GINA"), the EEOC will seek compensatory and punitive damages and all other equitable relief approved by the Court. Compensatory and punitive damages are determined by a jury and not subject to precise calculation. The injunctive relief sought by the EEOC will depend on the facts and circumstances of the case as they unfold during discovery. At a minimum, however, the EEOC seeks an injunction demanding that Defendant permanently refrain from collecting (on its own or via third party medical providers) genetic information during its post-offer, pre-employment medical examinations. The EEOC further seeks that Defendant instruct any third-party medical providers not to collect or solicit genetic information, including family medical history, during the administration of any post-offer, preemployment medical examinations.

**Interrogatory No. 3**:  Please identify every person, other than its attorneys, with whom the EEOC has communicated - orally or in writing - regarding the facts underlying the allegations in the Complaint or Intervenor Complaint, including but not limited to its claims against Dollar General or any alleged wrongful conduct for which it contends Dollar General is responsible. For each person identified, please state the date of each discussion or statement, the substance of each discussion or statement, who said what to whom, who was present, and what documents and things exist relating to, referring to, or otherwise memorializing said discussion or statement.

**EEOC Response**: The EEOC objects to this request as it seeks information protected by the attorney work-product doctrine, attorney-client privilege, deliberative process privilege and common interest privilege. EEOC objects to this request as vague and unduly burdensome to the extent it seeks substance of every communication the EEOC has had regarding the facts underlying the Complaint or Intervenor.  EEOC objects to this request as impermissibly compound. EEOC

objects to this interrogatory's temporal scope, which is undefined, as overly broad. To the extent

this request seeks information concerning individuals the EEOC interviewed or contacted during

the investigation, the EEOC objects to this request as irrelevant and not proportional to the needs

of the case. The actions or steps the EEOC did or did not take during the investigation and/or the

adequacy or sufficiency of the EEOC investigation is not a proper subject of inquiry or discovery

in this case.

Subject to and without waiving the foregoing objections, EEOC states as follows: during

the EEOC investigation, the EEOC communicated with the following individuals or entities

regarding the facts underlying the EEOC Complaint and/or Intervenor Complaint:

| No. | Name | Date | Summary | EEOC Party | Related Docs. |
|-----|------|------|---------|------------|---------------|
| 1. | Jonathan Allen | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000067 |
| 2. | Jonathan Allen | Apprx. 12/2016 | Offered a position as a general warehouse associate at Dollar General. Jessica Young rescinded offer stating he did not pass physical. Was working at Valor Security making $10 an hour until he was laid off in October of 2014. | Michelle Harris | EEOC-PD-000101000114 |
| 3. | Michael Argo, Jr. | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000050-51; 000066 |
| 4. | Carla Busbee | 7/23/14 | Correspondence seeking additional documentation | Michele Harris | EEOC-ID-000649652 |

| 5. | Carla Busbee | 3/26/15 | Correspondence supplementing document production | Michele Harris | EEOC-ID-000526572 |
|---|---|---|---|---|---|
| 6. | Carla Busbee | 4/16/15 | Interview with EEOC. Investigator does not recall the substance of the interview and, upon reasonable inquiry, it is not believed that any notes of this interview exist. | Michele Harris | EEOC-ID-000523 |
| 7. | Carla Busbee | 5/13/15 | Correspondence regarding additional documents | Michele Harris | EEOC-ID-000020; EEOC-ID-000517520; 573-637 |
| 8. | Carla Busbee | 6/19/15 | Request for additional documents | Michele Harris | EEOC-ID-000653654 |
| 9. | Carla Busbee | 11/3/15 | Request for additional documents | Michele Harris | EEOC-ID-000523524 |
| 10. | Carla Busbee | 11/25/15 | Request for additional documents | Michele Harris | EEOC-ID-000655656 |
| 11. | Carla Busbee | 12/15/15 | Correspondence regarding additional documents | Michele Harris | EEOC-ID-000655995 |
| 12. | Carla Busbee | 1/8/16 | Correspondence regarding additional documents | Michele Harris | EEOC-ID-000460 |
| 13. | Carla Busbee | 2/11/16 | Correspondence regarding request for documents | Michele Harris | EEOC-ID-000455516 |
| 14. | Carla Busbee | 2/17/16 | Correspondence regarding additional documents | Michele Harris | EEOC-ID-000453 |
| 15. | Carlos Carey | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000069 |

| 16. | Carlos Carey | Apprx. 12/2016 | He was offered a position as a general laborer at Dollar General earning between $13 and $14 an hour. He has a detached retina in his left eye. During medical exam, he was informed by MCMC that if he could not | Michele Harris | EEOC-PD-000101000114 |
|---|---|---|---|---|---|
|  |  |  | pass any part of the physical the physical had to end at that point. Was working at Mister Carwash earning $9.50 an hour. Continued working there another 5 months. |  |  |
| 17. | Roderiquez Crumpton | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000039-40; 000070 |
| 18. | Courtney Daily | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000033-36; 000076; 000077 |
| 19. | George Davis | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000073 |
| 20. | Elizabeth Deslattes | 6/17/15 | Letter seeking interview | Michele Harris | EEOC-ID-000525 |
| 21. | Elizabeth Deslattes | 7/16/15 | Subpoena for testimony regarding medical examinations | Delner Franklin Thomas | EEOC-ID-00004648 |
| 22. | Elizabeth Deslattes | 8/4/15 | See EEOC-ID-000004 for summary | Michele Harris | EEOC-ID-000004 |
| 23. | Eric Felder | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000072 |

| 24. | Penny Gray | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000075; 000079 |
| 25. | John Greene | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000047-49; 000080 |
| 26. | Kevin Hall | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000081 |
| 27. | Christine Hawkins | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000068 |

| 28. | Erskine Hawkins | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000071; 000078 |
| 29. | Bryan Henderson | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000082 |
| 30. | Jason Hipps | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000052 |
| 31. | Marvin Jackson, Jr. | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000053 |
| 32. | Vincent Jackson | 6/18/14 | Regarding discrimination allegations | Michele Harris | EEOC-ID-000059; 61; 63 |
| 33. | Vincent Jackson | 6/18/14 | Correspondence regarding additional documents | Michele Harris | EEOC-RFP000026-30 |
| 34. | Vincent Jackson | 6/18/14 | Intake Questionnaire | Michele Harris | EEOC-ID-00006771 |
| 35. | Gregory Johnson | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000074 |

| 36. | Leodis Johnson | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000055 |
| 37. | Orenthal Jordan | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000054 |
| 38. | Orenthal Jordan | Approx 12/2016 | Jordan was offered a position at Dollar General earning over $13 /hr. Always advises potential employers that he is a type I diabetic. Could not remember the specifics of the exam. Currently works for Honda. | Michele Harris | EEOC-PD-000101000114 |

| 38. | Knisha Larry | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000056 |
| 39. | Deuntae May | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000057 |
| 40. | Demetrius McClinton | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000058 |
| 41. | Lorenzo McConnico | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000059 |
| 42. | Rickey Motley | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000060 |
| 43. | Quentin Rodgers | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000044-46; 000061 |

| 44. | Anthony Snead | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000062 |
| 45. | Anthony Snead | Approx. 12/2016 | Applied for a position with Dollar General as a warehouse worker at $14.50 /hr. Was working for a marketing company earning $300 /wk at the time. Applied to DG because of the higher pay. He stated that he took the post offer physical and it was annotated that his blood sugar was too high and the job offer was rescinded as a result. | Michele Harris | EEOC-PD-000101000114 |
| 46. | Percy Tate | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000041-43; 000063 |
| 46. | YMichael Taylor | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000064 |
| 47. | James Thomas, Jr. | 11/29/16 | Letter informing potential claimant of investigation and seeking interview | Michele Harris | EEOC-RFP-000065 |
| 48. | Angela Woodward | 10/7/14 | Subpoena to MCMC for documents | Delner Franklin Thomas | EEOC-ID-000055-56; 53-56 |
| 49. | Angela Woodward | 1/28/15 | Subpoena to MCMC for testimony | Delner Franklin Thomas | EEOC-ID-00005152 |

EEOC declines to identify any communications it has had with any individuals regarding the facts underlying the case to the extent those communications occurred subsequent to the date of the Letter of Determination. Any such communications occurred during and/or in anticipation of

litigation and are protected by the attorney work product doctrine, common interest privilege, attorney-client privilege, and/or deliberative process privilege

**Interrogatory No. 4**:  Please identify each individual, including but not limited to current or former employees of Dollar General or Middle Creek Medical Center ("Middle Creek"), by name and contact information, who has made any written or verbal statement to the EEOC or its counsel regarding Dollar General's employment practices, anti-discrimination policy, medical testing policy, Vincent Jackson or other applicants or current or former Dollar General employees at the Bessemer, Alabama, Distribution Center, or any of the EEOC's allegations in the Complaint.

**EEOC Response**: EEOC objects to this request as cumulative, overly broad, unduly burdensome and not proportional to the needs of the case. EEOC objects to this interrogatory's temporal scope, which is undefined, as overly broad.  To the extent that this discovery request seeks information concerning interviews conducted by the EEOC during or in anticipation of litigation, EEOC objects to this discovery request as violative of the attorney work product doctrine. The "detailed pattern of investigation and exploration in and of itself is not a proper subject for discovery." *Uinta Oil Ref. Co. v. Cont'l Oil Co.*, 226 F. Supp. 495, 506 (D. Utah 1964) (sustaining objection to interrogatory that sought the names of all persons from whom party had taken or requested statements). *See also*, *Bd. of Educ. of Evanston Twp. High Sch. Dist. No. 202, Cook Cty., Ill. v. Admiral Heating & Ventilating, Inc.*, 104 F.R.D. 23, 32 (N.D. Ill. 1984) ("[…] [T]o tell plaintiffs whom defendants have interviewed, where and when such interviews took place and whether or not a record was made—is to give plaintiffs no more knowledge of substantive relevant facts, but rather to afford them the potential for significant insights into the defense lawyers' preparation of their case (and thus their mental processes)"). *See also, Seven Hanover Assocs., LLC v. Jones Lang LaSalle Americas, Inc.*, 2005 WL 3358597, at *1 (S.D.N.Y. Dec. 7, 2005) ("Defendant is free to

ask for the names of persons with knowledge of the facts, but it is not entitled, through plaintiffs, to the identification of who among such knowledgeable individuals may have been interviewed by plaintiffs' attorney."). In its Initial Disclosures and in response to Interrogatory No. 3 and Interrogatory No. 7, the EEOC has provided Defendant with a list of all individuals who have information relevant to the claims and defenses of the parties. The EEOC objects to this discovery request as unduly burdensome and overbroad.

Subject to and without waiving the foregoing objections, EEOC states as follows: Prior to the issuance of the Letter of Determination in this case,  the following individuals made statements (written or oral) to the EEOC regarding Dollar General's employment practices, antidiscrimination policy, medical testing policy, Vincent Jackson or other applicants or current or former Dollar General employees at the Bessemer, Alabama, Distribution Center, or any of the EEOC's allegations in the Complaint: Vincent Jackson, Carla Busbee, Elizabeth Deslattes, Jonathan Allen, Anthony Snead, Carlos Carey, and Orenthal Jordan.

**Interrogatory No. 5**:  Please identify all documents (electronic or paper) and things, including but not limited to recordings and photographs, that the EEOC contends in any way support the allegations set forth in Paragraphs 22-26 and 28-32 of the Complaint, including whether each such document is in its possession or control, and, if not, where the document is located.

**EEOC Response**:  The EEOC objects to this request as vague, overbroad and unduly burdensome. The EEOC objects to this request as impermissibly seeking attorney work product as the selection or non-selection of certain documents in response to this request inherently would disclose the mental impressions, conclusion, opinions or legal theories of EEOC counsel. As such this request is improper. *See, e.g., Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 231 (E.D.N.Y. 2007)

("interrogatories which seek to discover facts regarding an attorney's mental thought process seek improper work product information").

Subject to and without waiving the foregoing objections, EEOC states as follows: See EEOC's Initial Disclosures, Bates Numbered EEOC-ID-000001-001331 and documents produced to the EEOC by Middle Creek, Bates Numbered: EEOC-MCMC-000001-006779, all of which may contain information responsive to this request.

**Interrogatory No. 6**:  Please identify all documents (electronic or paper) and things, including but not limited to recordings and photographs, that the EEOC contends in any way support the allegations set forth in Paragraphs 34-45 of the Complaint, including whether each such document is in its possession or control, and, if not, where the document is located.

**EEOC Response**: The EEOC objects to this request as vague, overbroad and unduly burdensome. The EEOC objects to this request as impermissibly seeking attorney work product as the selection or non-selection of certain documents in response to this request inherently would disclose the mental impressions, conclusion, opinions or legal theories of EEOC counsel. As such this request is improper. *See, e.g., Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 231 (E.D.N.Y. 2007) ("interrogatories which seek to discover facts regarding an attorney's mental thought process seek improper work product information").

Subject to and without waiving the foregoing objections, EEOC states as follows: See EEOC's Initial Disclosures Bates Numbered EEOC-ID-000001-001331 and documents produced to the EEOC by Middle Creek, Bates Numbered: EEOC-MCMC-000001-006779, all of which may contain information responsive to this request.

**Interrogatory No. 7**:  Please identify each person who the EEOC contends has knowledge of any of the facts underlying the allegations in Paragraphs 22-26 and 28-32 of the Complaint, and for each person listed, state the substance of the knowledge it believes each person has, the person's phone number and address, and identify all documents summarizing, referencing, or otherwise memorializing said knowledge.

**EEOC Response**: The EEOC objects to this discovery request as overbroad and unduly burdensome. To the extent that this request asks the EEOC to identify, for each individual listed in response, "all documents referencing, summarizing, or memorializing" each individual's knowledge, such a request is unduly burdensome in light of the size of the class, the nature of the claims and the nature of the documents. The EEOC declines to identify "all documents summarizing, referencing, or otherwise memorializing said knowledge" on the grounds that to do so would be unduly burdensome. EEOC believes relevant documents pertaining to each of the individuals listed in response to this discovery request fall within the following Bates range EEOCMCMC-000001-006780 and EEOC-ID-000001-001330.The EEOC further objects to this request as impermissibly compound.

Subject to, and without waiving the foregoing objections, the EEOC believes the following individuals have knowledge of facts relevant to the underlying allegations in a Paragraphs 22-26 and 28-32 of the Complaint:

| No. | Name | Last Known Address & Phone No. | Knowledge |
|-----|------|-------------------------------|-----------|
| 1. | Karen Boolos | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding the disqualification of job applicants for positions at Dollar General. Believed to have knowledge regarding Dollar General's job qualification and physical standards for the medical examinations. |

| 2. | Britteny Busbee | Middle Creek Medical Center 4810 Bell Hill Road Bessemer, AL 35022 (205) 477-3737 | Believed to have knowledge regarding the disqualification of job applicants for positions at Dollar General. Believed to have knowledge regarding Dollar General's job qualification and physical standards for the medical examinations. |
| 3. | Carla Busbee | Middle Creek Medical Center 4810 Bell Hill Road Bessemer, AL 35022 (205) 477-3737 | Believed to have knowledge regarding the disqualification of job applicants for positions at Dollar General. Believed to have knowledge regarding Dollar General's job qualification and physical standards for the medical examinations. |
| 4. | Don Campbell | Dollar General 100 Mission Ridge Goodlettsville, TN 3702 | Believed to have knowledge regarding Dollar General's physical standards for medical examinations. Believed to have knowledge regarding the disqualification of applicants for positions at Dollar General. |
| 5. | Glenda Colburn | Middle Creek Medical Center 4810 Bell Hill Road Bessemer, AL 35022 (205) 477-3737 | Believed to have knowledge regarding the disqualification of job applicants for positions at Dollar General. Believed to have knowledge regarding Dollar General's job qualification and physical standards for the medical examinations. |

| 6. | Liz Deslattes | Middle Creek Medical Center 4810 Bell Hill Road Bessemer, AL 35022 (205) 477-3737 | Believed to have knowledge regarding the disqualification of job applicants for positions at Dollar General. Believed to have knowledge regarding Dollar General's job qualification and physical standards for the medical examinations. |
| 7. | Donielle Eaton | Middle Creek Medical Center 4810 Bell Hill Road Bessemer, AL 35022 (205) 477-3737 | Believed to have knowledge regarding Dollar General's physical standards for medical examinations. Believed to have knowledge regarding the disqualification of applicants for positions at Dollar General. |
| 8. | Kishan Gopan | Dollar General 100 Mission Ridge Goodlettsville, TN 3702 | Believed to have knowledge regarding Dollar General's physical standards for medical examinations. Believed to have knowledge regarding the disqualification of applicants for positions at Dollar General. |

| 9. | Nicole Hall | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding the disqualification of job applicants for positions at Dollar General. Believed to have knowledge regarding Dollar General's job qualification and physical standards for the medical examinations. |
| --- | --- | --- | --- |
| 10. | Lorie Hallman | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding the disqualification of job applicants for positions at Dollar General. Believed to have knowledge regarding Dollar General's job qualification and physical standards for the medical examinations. |
| 11. | Wendy Hallman | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding the disqualification of job applicants for positions at Dollar General. Believed to have knowledge regarding Dollar General's job qualification and physical standards for the medical examinations. |
| 12. | Ashley Herink | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding the disqualification of job applicants for positions at Dollar General. Believed to have knowledge regarding Dollar General's job qualification and physical standards for the medical examinations. |

| 13. | Garlette Jackson | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding Dollar General's physical standards for medical examinations. Believed to have knowledge regarding the disqualification of applicants for positions at Dollar General. |
| --- | --- | --- | --- |
| 14. | Faith Jolly | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding Dollar General's physical standards for medical examinations. Believed to have knowledge regarding the disqualification of applicants for positions at Dollar General. |
| 15. | Kimberly Jones | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding the disqualification of job applicants for positions at Dollar General. Believed to have knowledge regarding Dollar General's job qualification and physical standards for the medical examinations. |

| 16. | Ingrid Law | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding the disqualification of job applicants for positions at Dollar General. Believed to have knowledge regarding Dollar General's job qualification and physical standards for the medical examinations. |
| --- | --- | --- | --- |
| 17. | Nick Orefice | Dollar General<br>100 Mission Ridge<br>Goodlettsville, TN 3702 | Believed to have knowledge regarding Dollar General's physical standards for medical examinations. Believed to have knowledge regarding the disqualification of applicants for positions at Dollar General. |
| 18. | Rick Sumner | Dollar General<br>100 Mission Ridge<br>Goodlettsville, TN 3702 | Believed to have knowledge regarding Dollar General's physical standards for medical examinations. Believed to have knowledge regarding the disqualification of applicants for positions at Dollar General. |
| 19. | Dannon Vining | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding Dollar General's physical standards for medical examinations. Believed to have knowledge regarding the disqualification of applicants for positions at Dollar General. |
| 20. | Amy Walker | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding the disqualification of job applicants for positions at Dollar General. Believed to have knowledge regarding Dollar General's job qualification and physical standards for the medical examinations. |
| 21. | Jessica Young | Dollar General<br>100 Mission Ridge<br>Goodlettsville, TN 3702 | Believed to have knowledge regarding Dollar General's physical standards for medical examinations. Believed to have knowledge regarding the disqualification of applicants for positions at Dollar General. |
| 22. | Adam Zager | Dollar General<br>100 Mission Ridge<br>Goodlettsville, TN 3702 | Believed to have knowledge regarding Dollar General's physical standards for medical examinations. Believed to have knowledge regarding the disqualification of applicants for positions at Dollar General. |

In addition, all individuals who have been identified by the EEOC as members of the ADA class, and any individuals who, in the future, are identified by the EEOC as members of the ADA class

have knowledge regarding Dollar General's physical standards, their experiences taking the post-offer exam, the unlawful discrimination they were subjected to during (and as a result of) the exams, and their damages. *See* EEOC's Response to Interrogatory No.12 for a list of all current members of the ADA class.

**Interrogatory No. 8**:  Please identify each person who the EEOC contends has knowledge of any of the facts underlying the allegations in Paragraphs 34-45 of the Complaint, and for each person listed, state the substance of the knowledge it believes each person has, the person's phone number and address, and identify all documents summarizing, referencing, or otherwise memorializing said knowledge.

**EEOC Response**: The EEOC objects to this discovery request as overbroad and unduly burdensome. To the extent that this request asks the EEOC to identify, for each individual listed in response, "all documents referencing, summarizing, or memorializing" each individual's knowledge, such a request is unduly burdensome in light of the size of the class, the nature of the claims and the nature of the documents. The EEOC declines to identify "all documents summarizing, referencing, or otherwise memorializing said knowledge" on the grounds that to do so would be unduly burdensome. EEOC believes relevant documents pertaining to each of the individuals listed in response to this discovery request fall within the following Bates range EEOCMCMC-000001-006780 and EEOC-ID-000001-001330.The EEOC further objects to this request as impermissibly compound.

Subject to, and without waiving the foregoing objections, the EEOC believes the following individuals have knowledge of facts relevant to the underlying allegations in a Paragraphs 22-26 and 28-32 of the Complaint:

| No. | Name | Last Known Address & Phone No. | Knowledge |
|---|---|---|---|
| 1. | Karen Boolos | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 2. | Britteny Busbee | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 3. | Carla Busbee | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 4. | Don Campbell | Dollar General<br>100 Mission Ridge<br>Goodlettsville, TN 3702 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 5. | Glenda Colburn | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 6. | Liz Deslattes | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 7. | Donielle Eaton | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 8. | Kishan Gopan | Dollar General<br>100 Mission Ridge<br>Goodlettsville, TN 3702 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 9. | Nicole Hall | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 10. | Lorie Hallman | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |

| 11. | Wendy Hallman | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
|-----|---------------|---------------------------------------------------------------------------------------------|-----------------------------------------------------------------------------------------------------------------------------|
| 12. | Ashley Herink | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 13. | Garlette Jackson | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 14. | Faith Jolly | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 15. | Kimberly Jones | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 16. | Ingrid Law | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 17. | Nick Orefice | Dollar General<br>100 Mission Ridge<br>Goodlettsville, TN 3702 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 18. | Rick Sumner | Dollar General<br>100 Mission Ridge<br>Goodlettsville, TN 3702 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 19. | Dannon Vining | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 20. | Amy Walker | Middle Creek Medical Center<br>4810 Bell Hill Road<br>Bessemer, AL 35022<br>(205) 477-3737 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |

| | | | |
|---|---|---|---|
| | | | |
| 21. | Jessica Young | Dollar General<br>100 Mission Ridge<br>Goodlettsville, TN 3702 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |
| 22. | Adam Zager | Dollar General<br>100 Mission Ridge<br>Goodlettsville, TN 3702 | Believed to have knowledge regarding requests for genetic information of Dollar General job applicants during post offer exams. |

In addition, all individuals who have been identified by the EEOC as members of the GINA class, and any individuals who, in the future, are identified by the EEOC as members of the GINA class have knowledge regarding Dollar General's requests for genetic information during the post offer exams, and their damages. See EEOC's Response to Interrogatory No. 13 for a list of all members of the GINA class.

**Interrogatory No. 9**:  Please describe with specificity the injunctive relief sought in the Complaint, including without limitation, each policy, practice, and program the EEOC alleges the Court should order Dollar General to institute as alleged in Paragraph B of the EEOC's Prayer for Relief in the Complaint.

**EEOC Response**:  Discovery in this case is ongoing. The EEOC reserves the right to amend the injunctive relief it ultimately seeks from the Court based on the facts of this case as they are developed during discovery and at trial.

However, at a minimum and broadly outlined herein, the EEOC seeks the following injunctive relief: an order permanently enjoining Defendant from applying qualification standards in its post-offer medical examinations that screen out qualified individuals with disabilities when

such qualification standards are not job related or consistent with business necessity; an order permanently enjoining Defendant from conducting unlawful medical examinations; an order permanently enjoining Defendant—either on its own or via a third party medical provider--from requesting genetic information, including family medical history, during its post-offer, preemployment medical exam. Further the EEOC seeks that Defendant, for a period of 5 years, conduct antidiscrimination training on the ADA and GINA (with a particular focus with respect to GINA on the provisions of that law prohibiting employer requests for genetic information and the definition of genetic information, and, with respect to the ADA, a particular focus on unlawful medical examinations, qualification standards, and requests for accommodations). The EEOC seeks training for all employees, including management, HR personnel, salaried and hourly employees. The EEOC further seeks that Defendant instruct any third party medical providers not to collect or solicit genetic information, including family medical history, during the administration of any post-offer, pre-employment medical examinations. The EEOC seeks that Defendant audit any third party medical provider with whom it contracts to determine whether these providers have solicited genetic information during the pre-offer, post-employment medical examination and terminate its relationship with any third party medical providers that continue to solicit genetic information. The EEOC seeks that Defendant provide employees of notice of this lawsuit summarizing its basis and outcome. As noted, discovery in this case is ongoing and, as a result, this response is not exhaustive.  The EEOC reserves the right to add to, amend, remove or replace any items listed in this response. This response does not constitute an offer to Defendant, but a broad and preliminary outline of the type of injunctive relief EEOC will seek at trial.

**Interrogatory No. 10**: Please state the factual basis for the EEOC's assertion that the conduct attributed to Dollar General in the Complaint was intentional or done with malice or reckless

indifference to the ADA rights of any allegedly aggrieved individual, including the identity of the individuals whom the EEOC contends acted intentionally or with malice or reckless indifference, and any witnesses whom the EEOC contends have information in support of that assertion.

**EEOC Response**: The EEOC objects to this interrogatory to the extent it seeks, before discovery has been completed, an opinion or contention that relates to fact or the application of law to facts. As such this discovery request is premature. *See* Fed. R. Civ. P. 33(a)(2). The EEOC objects to this request to the extent it seeks the disclosure of information prepared in anticipation of litigation or for trial or which otherwise would disclose the mental impressions, conclusion, opinions or legal theories of EEOC counsel.

Subject to and without waiving the foregoing objections, EEOC states as follows: Dollar General knowingly and intentionally required applicants to meet certain physical standards in order to pass its post-offer, pre-employment medical examinations. These standards precluded otherwise qualified individuals with disabilities from securing employment with Defendant. These standards were not job-related or consistent with business necessity. The facts above, and others the EEOC expects to uncover during discovery, constitute reckless indifference to the federally protected rights of its job applicants. Discovery is ongoing and the EEOC reserves the right to supplement this answer in accordance with F.R.C.P. 26(e).

**Interrogatory No. 11**: Please state the factual basis for the EEOC's assertion that the conduct attributed to Dollar General in the Complaint was intentional or done with malice or reckless indifference to the GINA rights of any allegedly aggrieved individual, including the identity of the individuals whom the EEOC contends acted intentionally or with malice or reckless indifference, and any witnesses whom the EEOC contends have information in support of that assertion.

**EEOC Response**: The EEOC objects to this interrogatory to the extent it seeks, before discovery has been completed, an opinion or contention that relates to fact or the application of law to facts. As such this discovery request is premature. *See* Fed. R. Civ. P. 33(a)(2). The EEOC objects to this request to the extent it seeks the disclosure of information prepared in anticipation of litigation or for trial or which otherwise would disclose the mental impressions, conclusion, opinions or legal theories of EEOC counsel.

Subject to and without waiving the foregoing objections, EEOC states as follows: Dollar General provided Middle Creek with a form to be completed by Dollar General applicants during the post-offer, pre-employment medical examination. That form contained a question that clearly requested genetic information, as defined under GINA.  Dollar General failed to timely instruct Middle Creek not to collect, request, or solicit genetic information during the post-offer, preemployment medical examinations. Dollar General was on notice that violations of GINA were occurring during the conduct of the physical examination.  Dollar General did not take reasonable and prompt corrective measures once it learned that genetic information was being requested. The facts above, and others the EEOC expects to uncover during discovery, constitute reckless indifference to the federally protected rights of its job applicants. Discovery is ongoing and the EEOC reserves the right to supplement this answer in accordance with F.R.C.P. 26(e).

**Interrogatory No. 12**:  Please identify each individual, by name and contact information, on whose behalf the EEOC seeks relief in this lawsuit pursuant to the ADA, including, but not limited to, persons it contends are members of the "ADA class" as described in the Complaint and the EEOC's Rule 26 disclosures.

**Amended EEOC Response**: EEOC objects to this discovery request to the extent it seeks the "contact information" of each individual on whose behalf the EEOC seeks relief in this lawsuit

pursuant to the ADA. The ADA class in this suit should be contacted only through EEOC counsel, whose contact information is listed below. The following are individuals the EEOC contends are members of the ADA class:

| No. | ADA claimant | Contact Info |
|---|---|---|
| 1 | Alexander, Jackson | Contact Through EEOC |
| 2 | Allen, Glenn | Contact Through EEOC |
| 3 | Allen, Jonathan | Contact Through EEOC |
| 4 | Carey, Carlos | Contact Through EEOC |
| 5 | Copeland, Willie | Contact Through EEOC |
| 6 | Crumpton, Roderiguez | Contact Through EEOC |
| 7 | Fielder, Eric | Contact Through EEOC |
| 8 | Fischer-Ross, Brian | Contact Through EEOC |
| 9 | Flowers, David | Contact Through EEOC |
| 10 | Greene, John | Contact Through EEOC |
| 11 | Hall, Kevin | Contact Through EEOC |
| 12 | Henderson, Bryan | Contact Through EEOC |
| 13 | Jackson, Antonio | Contact Through EEOC |
| 14 | Jackson, Marvin | Contact Through EEOC |
| 15 | Jackson, Vincent | Contact Through EEOC |
| 16 | James, Demetrius | Contact Through EEOC |
| 17 | Johnson, Gregory | Contact Through EEOC |
| 18 | Johnson, Leodis | Contact Through EEOC |
| 19 | Larry, Kinisha | Contact Through EEOC |
| 20 | May, Darnell | Contact Through EEOC |
| 21 | McConnico, Lorenzo | Contact Through EEOC |
| 22 | Orenthal, Jordan | Contact Through EEOC |
| 23 | Ransom, Herman | Contact Through EEOC |
| 24 | Snead, Anthony | Contact Through EEOC |
| 25 | Tate, Percy | Contact Through EEOC |

Discovery is ongoing and the EEOC reserves the right to (and likely will) add names to this list.

**Interrogatory No. 13**:  Please identify each individual, by name and contact information, on whose behalf the EEOC seeks relief in this lawsuit pursuant to GINA, including, but not limited to,

persons it contends are members of the "GINA class" as described in the Complaint and the EEOC's Rule 26 disclosures.

**EEOC Response**: EEOC objects to this discovery request to the extent it seeks the "contact information" of each individual on whose behalf the EEOC seeks relief in this lawsuit pursuant to GINA. The GINA class in this suit should be contacted about this matter only through EEOC counsel, whose contact information is listed below. The following are individuals the EEOC contends are members of the GINA class:

| No. | GINA claimant | Exam Date | Contact Info |
|---|---|---|---|
| 1 | Abbott, Brian | 12/23/2013 | Contact Through EEOC |
| 2 | Abernathy, Fredrick | 7/2/2014 | Contact Through EEOC |
| 3 | Abrams, Latisha | 4/14/2014 | Contact Through EEOC |
| 4 | Acoff, Deantwaun | 7/15/2014 | Contact Through EEOC |
| 5 | Adams, Jeremy | 4/11/2014 | Contact Through EEOC |
| 6 | Adams, Tommie | 12/20/2013 | Contact Through EEOC |
| 7 | Alexander, Earnest | 6/4/2014 | Contact Through EEOC |
| 8 | Alexander, LaSheena | 6/10/2014 | Contact Through EEOC |
| 9 | Allen, Christopher | 6/23/2014 | Contact Through EEOC |
| 10 | Allen, Tracy | 6/23/2014 | Contact Through EEOC |
| 11 | Alvis, Nicholas | 7/31/2014 | Contact Through EEOC |
| 12 | Argo, Michael | 2/17/2014 | Contact Through EEOC |
| 13 | Austin, Montrel | 6/9/2014 | Contact Through EEOC |
| 14 | Bandy, Demarco | 6/18/2014 | Contact Through EEOC |
| 15 | Banks, Corey | 8/11/2014 | Contact Through EEOC |
| 16 | Banks-Page, Darryl | 3/20/2014 | Contact Through EEOC |
| 17 | Barker, Jasper | 4/9/2014 | Contact Through EEOC |
| 18 | Barker, Rondrez | 8/19/2014 | Contact Through EEOC |
| 19 | Bartlett, David | 8/11/2014 | Contact Through EEOC |
| 20 | Beasley, Jake | 7/23/2014 | Contact Through EEOC |
| 21 | Beatty, Matthew | 6/27/2014 | Contact Through EEOC |
| 22 | Beckwood, Tori | 6/17/2014 | Contact Through EEOC |
| 23 | Bennett, Christopher | 6/2/2014 | Contact Through EEOC |
| 24 | Bennett, Edward | 4/14/2014 | Contact Through EEOC |
| 25 | Berryhill II, Keffie | 6/4/2014 | Contact Through EEOC |
| 26 | Bevelle, Patrick | 3/24/2014 | Contact Through EEOC |
| 27 | Blakely, Glenn | 6/17/2014 | Contact Through EEOC |

| 28 | Bluester, Justin | 6/9/2014 | Contact Through EEOC |
|---|---|---|---|
| 29 | Body, Keyun | 2/21/2014 | Contact Through EEOC |
| 30 | Bonner, Rodriquez | 3/10/2014 | Contact Through EEOC |
| 31 | Boone, Carter | 4/8/2014 | Contact Through EEOC |
| 32 | Borden, Turkesa | 6/4/2014 | Contact Through EEOC |
| 33 | Boyd, Tomika | 6/27/2014 | Contact Through EEOC |
| 34 | Boyd, Tykneshia | 6/17/2014 | Contact Through EEOC |
| 35 | Brantley, Johnny | 3/21/2014 | Contact Through EEOC |
| 36 | Brasher, Steven | 2/10/2014 | Contact Through EEOC |
| 37 | Breeding, Cordell | 7/31/2014 | Contact Through EEOC |
| 38 | Bridges III, Joe | 5/1/2014 | Contact Through EEOC |
| 39 | Britton, Corey | 6/16/2014 | Contact Through EEOC |
| 40 | Broaden, Quarnisha | 6/30/2014 | Contact Through EEOC |
| 41 | Brooks, Delois | 7/15/2014 | Contact Through EEOC |
| 42 | Brooks, Tomecca | 6/26/2014 | Contact Through EEOC |
| 43 | Brown, Alexsis | 8/20/2014 | Contact Through EEOC |
| 44 | Brown, Curtis G. | 7/21/2014 | Contact Through EEOC |
| 45 | Brown, Joshua | 7/7/2014 | Contact Through EEOC |
| 46 | Brown, Kenjarious | 6/18/2014 | Contact Through EEOC |
| 47 | Brown, Rakeem | 4/10/2014 | Contact Through EEOC |
| 48 | Brown, Vittorio | 4/17/2014 | Contact Through EEOC |
| 49 | Bryant, Corey | 6/6/2014 | Contact Through EEOC |
| 50 | Buchannan, Brandy | 4/22/2014 | Contact Through EEOC |
| 51 | Burch, Brandon | 6/16/2014 | Contact Through EEOC |
| 52 | Bwoma, Andrew | 4/2/2014 | Contact Through EEOC |
| 53 | Byron, Gabrielle | 6/27/2014 | Contact Through EEOC |
| 54 | Caldwell, Antonio | 5/30/2014 | Contact Through EEOC |
| 55 | Caldwell, Errish | 4/9/2014 | Contact Through EEOC |
| 56 | Calhoun, Floyd | 7/17/2014 | Contact Through EEOC |
| 57 | Campbell, Christopher | 1/8/2014 | Contact Through EEOC |
| 58 | Campbell, Travis | 4/17/2014 | Contact Through EEOC |
| 59 | Cannon, Randol | 6/11/2014 | Contact Through EEOC |
| 60 | Carey, Carlos | 7/21/2014 | Contact Through EEOC |
| 61 | Carmichael, Terrence | 8/15/2014 | Contact Through EEOC |
| 62 | Carney, Jason | 7/16/2014 | Contact Through EEOC |
| 63 | Carpenter, Tracy | 2/13/2014 | Contact Through EEOC |
| 64 | Carwell, Juan | 7/14/2014 | Contact Through EEOC |
| 65 | Catlin, Dedrick | 7/15/2014 | Contact Through EEOC |
| 66 | Cauthens, Marcus | 6/20/2014 | Contact Through EEOC |

| 67 | Chambers, Eddie | 7/3/2014 | Contact Through EEOC |
|---|---|---|---|
| 68 | Chandler, Jefferson | 6/17/2014 | Contact Through EEOC |
| 69 | Chapman, George | 7/16/2014 | Contact Through EEOC |
| 70 | Chatmon, Ryan | 6/26/2014 | Contact Through EEOC |
| 71 | Christian, Nicholas | 1/20/2014 | Contact Through EEOC |
| 72 | Clayton, Robert | 7/15/2014 | Contact Through EEOC |
| 73 | Cochran, Cornelius | 5/1/2014 | Contact Through EEOC |
| 74 | Coleman, Marcus | 7/18/2014 | Contact Through EEOC |
| 75 | Collier, Ronderas | 6/25/2014 | Contact Through EEOC |
| 76 | Collins, Willie | 8/1/2014 | Contact Through EEOC |

| 77 | Combs, Antonio | 6/11/2014 | Contact Through EEOC |
|---|---|---|---|
| 78 | Conor, Wesley | 4/25/2014 | Contact Through EEOC |
| 79 | Cook, Christopher | 5/16/2014 | Contact Through EEOC |
| 80 | Cooks, Johon | 7/8/2014 | Contact Through EEOC |
| 81 | Coon, Angela | 12/30/2013 | Contact Through EEOC |
| 82 | Cotton, Cameco | 6/17/2014 | Contact Through EEOC |
| 83 | Cottonham, Pertika | 12/30/2014 | Contact Through EEOC |
| 84 | Cousins, Brian | 5/20/2014 | Contact Through EEOC |
| 85 | Cox, Markeith | 6/13/2014 | Contact Through EEOC |
| 86 | Craig, Nikia | 6/18/2014 | Contact Through EEOC |
| 87 | Crockett, Feodore L Jr. | 4/23/2014 | Contact Through EEOC |
| 88 | Crumpton, Roderiquez | 4/22/2014 | Contact Through EEOC |
| 89 | Cruz, Pablo | 4/11/2014 | Contact Through EEOC |
| 90 | Cunningham, Nicholas | 2/25/2014 | Contact Through EEOC |
| 91 | Cunningham, Nicholas | 6/20/2014 | Contact Through EEOC |
| 92 | Curry, Courtney | 2/5/2014 | Contact Through EEOC |
| 93 | Curry, Twila | 8/20/2014 | Contact Through EEOC |
| 94 | Cutchens, Daniel | 4/10/2014 | Contact Through EEOC |
| 95 | Dalton, Eric | 2/26/2014 | Contact Through EEOC |
| 96 | Davis II, John C. | 5/19/2014 | Contact Through EEOC |
| 97 | Davis, Anterious | 6/3/2014 | Contact Through EEOC |
| 98 | Davis, Anthony | 8/6/2014 | Contact Through EEOC |
| 99 | Davis, Derrick | 4/22/2014 | Contact Through EEOC |
| 100 | Davis, Dewan Epps | 8/13/2014 | Contact Through EEOC |
| 101 | Davis, Franswa | 5/16/2014 | Contact Through EEOC |
| 102 | Davis, George | 4/2/2014 | Contact Through EEOC |
| 103 | Davis, Koydarrius | 2/3/2014 | Contact Through EEOC |
| 104 | Davis, Marcus | 5/15/2014 | Contact Through EEOC |
| 105 | Davis, Tyrone | 5/27/2014 | Contact Through EEOC |

| 106 | Dawson, Ashley | 6/20/2014 | Contact Through EEOC |
|---|---|---|---|
| 107 | Dawson, Clifton | 4/25/2014 | Contact Through EEOC |
| 108 | Dean, Clarence | 6/26/2014 | Contact Through EEOC |
| 109 | Dejarnette, Vernita | 4/24/2014 | Contact Through EEOC |
| 110 | Denson, Khadidra | 7/16/2014 | Contact Through EEOC |
| 111 | Desormeaux, Travis | 4/10/2014 | Contact Through EEOC |
| 112 | Dial, Mateo | 6/10/2014 | Contact Through EEOC |
| 113 | Doss, Treveon | 7/7/2014 | Contact Through EEOC |
| 114 | Dover, Kenneth | 7/3/2014 | Contact Through EEOC |
| 115 | Dowdell, Erica | 4/7/2014 | Contact Through EEOC |
| 116 | Dowdell, Robert | 8/18/2014 | Contact Through EEOC |
| 117 | Doyle, Michael | 1/8/2014 | Contact Through EEOC |

| 118 | Duncan, Morgan | 2/28/2014 | Contact Through EEOC |
|---|---|---|---|
| 119 | Dunn, Johnny | 6/16/2014 | Contact Through EEOC |
| 120 | Dunn, Jonathon L | 7/7/2014 | Contact Through EEOC |
| 121 | Dunn, Samuel | 5/16/2014 | Contact Through EEOC |
| 122 | Dunsmore, Caroline | 1/9/2014 | Contact Through EEOC |
| 123 | Dunson, Litara | 7/14/2014 | Contact Through EEOC |
| 124 | Dussett, Ryan | 4/16/2014 | Contact Through EEOC |
| 125 | Eatman, Marcus | 1/24/2014 | Contact Through EEOC |
| 126 | Eatman, Ronald | 2/27/2014 | Contact Through EEOC |
| 127 | Echols, Walter | 4/24/2014 | Contact Through EEOC |
| 128 | Ensminger, Lexis | 7/15/2014 | Contact Through EEOC |
| 129 | Fancher, Tyrus | 2/19/2014 | Contact Through EEOC |
| 130 | Fann, Montez | 8/14/2014 | Contact Through EEOC |
| 131 | Farr, Orville | 1/2/2014 | Contact Through EEOC |
| 132 | Farris, Joshua | 7/3/2014 | Contact Through EEOC |
| 133 | Faulkner, John | 2/27/2014 | Contact Through EEOC |
| 134 | Felder, Jerold | 6/12/2014 | Contact Through EEOC |
| 135 | Felder, Kwame | 8/13/2014 | Contact Through EEOC |
| 136 | Fergunson, Pierre | 6/9/2014 | Contact Through EEOC |
| 137 | Ferrell, Frances | 8/1/2014 | Contact Through EEOC |
| 138 | Fielder, Eric | 6/9/2014 | Contact Through EEOC |
| 139 | Fields, Eric | 7/22/2014 | Contact Through EEOC |
| 140 | Fields, Jacob | 12/30/2013 | Contact Through EEOC |
| 141 | Fields, James | 2/25/2014 | Contact Through EEOC |
| 142 | Finley, Brandon | 2/21/2014 | Contact Through EEOC |
| 143 | Ford Jr., Robert | 6/5/2014 | Contact Through EEOC |
| 144 | Ford, Justin | 8/15/2014 | Contact Through EEOC |

| 145 | Foster, Durrelle | 4/8/2014 | Contact Through EEOC |
|---|---|---|---|
| 146 | Foster, Erik | 6/27/2014 | Contact Through EEOC |
| 147 | Foster, Lucious | 5/13/2014 | Contact Through EEOC |
| 148 | Franks, Xavier | 12/20/2013 | Contact Through EEOC |
| 149 | Freeman, Siddell | 6/6/2014 | Contact Through EEOC |
| 150 | French, Richard | 4/30/2014 | Contact Through EEOC |
| 151 | Gaddis, Ricky | 7/15/2014 | Contact Through EEOC |
| 152 | Gadson, Betty | 4/7/2014 | Contact Through EEOC |
| 153 | Gaines, Alphonzo | 5/27/2014 | Contact Through EEOC |
| 154 | Gaines, Carl | 4/2/2014 | Contact Through EEOC |
| 155 | Gaines, Demarko | 2/13/2014 | Contact Through EEOC |
| 156 | Gann, Justin | 6/9/2014 | Contact Through EEOC |
| 157 | Garner, Terrance | 4/9/2014 | Contact Through EEOC |
| 158 | Garrett, Heather | 6/19/2014 | Contact Through EEOC |

| 159 | Garrett, Stephen | 7/14/2014 | Contact Through EEOC |
|---|---|---|---|
| 160 | Gaspard, Travel | 2/10/2014 | Contact Through EEOC |
| 161 | Gaston, Kordarius | 5/22/2014 | Contact Through EEOC |
| 162 | George, Brandon | 12/27/2013 | Contact Through EEOC |
| 163 | Givens, Benjamin | 7/17/2014 | Contact Through EEOC |
| 164 | Godfrey, Sharryl | 3/21/2014 | Contact Through EEOC |
| 165 | Golston, James | 7/25/2014 | Contact Through EEOC |
| 166 | Gooden Jr., Cecil | 1/27/2014 | Contact Through EEOC |
| 167 | Gooden, Dandre | 7/30/2014 | Contact Through EEOC |
| 168 | Gooden, Jeremy | 2/27/2014 | Contact Through EEOC |
| 169 | Gordon, Debbie | 7/2/2014 | Contact Through EEOC |
| 170 | Grant, Jatoria | 6/23/2014 | Contact Through EEOC |
| 171 | Gray, Jacquez | 4/10/2014 | Contact Through EEOC |
| 172 | Gray, Penny | 4/28/2014 | Contact Through EEOC |
| 173 | Green, Alana | 1/21/2014 | Contact Through EEOC |
| 174 | Green, Johnny E. | 3/19/2014 | Contact Through EEOC |
| 175 | Greene, John | 2/13/2014 | Contact Through EEOC |
| 176 | Greer, Lowell | 8/18/2014 | Contact Through EEOC |
| 177 | Griffie, Michael | 4/16/2014 | Contact Through EEOC |
| 178 | Griffin Jr., Lee M | 8/1/2014 | Contact Through EEOC |
| 179 | Grimes, Maria | 6/4/2014 | Contact Through EEOC |
| 180 | Griswold, Alexis | 7/30/2014 | Contact Through EEOC |
| 181 | Gurley, Bernie | 7/3/2014 | Contact Through EEOC |
| 182 | Hackworth, Dareon | 6/30/2014 | Contact Through EEOC |
| 183 | Hagro, Jeffrey | 6/30/2014 | Contact Through EEOC |

| 184 | Hall, Andrew | 3/4/2014 | Contact Through EEOC |
|---|---|---|---|
| 185 | Hall, Kevin | 7/30/2014 | Contact Through EEOC |
| 186 | Hall, Willie | 3/17/2014 | Contact Through EEOC |
| 187 | Hamilton, Tamela | 4/7/2014 | Contact Through EEOC |
| 188 | Hannah, Amanda | 7/23/2014 | Contact Through EEOC |
| 189 | Hannah, Justin | 8/8/2014 | Contact Through EEOC |
| 190 | Hardy, Keyondric | 2/21/2014 | Contact Through EEOC |
| 191 | Harris III, Conrad | 8/5/2014 | Contact Through EEOC |
| 192 | Harris Jr., Derrick | 4/8/2014 | Contact Through EEOC |
| 193 | Harris, Jason | 8/18/2014 | Contact Through EEOC |
| 194 | Harris, Richard | 4/4/2014 | Contact Through EEOC |
| 195 | Hawkins, Christian | 6/27/2014 | Contact Through EEOC |
| 196 | Hawkins, Erskine | 3/11/2014 | Contact Through EEOC |
| 197 | Hefler, Dawn | 2/24/2014 | Contact Through EEOC |
| 198 | Henderson, Bryan | 5/12/2014 | Contact Through EEOC |
| 199 | Henderson, Phillip | 4/15/2014 | Contact Through EEOC |

| 200 | Hicks, Beaunca | 3/19/2014 | Contact Through EEOC |
|---|---|---|---|
| 201 | Hicks, Joshua | 1/21/2014 | Contact Through EEOC |
| 202 | Hill, Alfreda | 5/15/2014 | Contact Through EEOC |
| 203 | Hill, Anthony | 6/17/2014 | Contact Through EEOC |
| 204 | Hill, Ceandra | 2/27/2014 | Contact Through EEOC |
| 205 | Hill, Shawn | 6/24/2014 | Contact Through EEOC |
| 206 | Hobson, Ladarius | 4/15/2014 | Contact Through EEOC |
| 207 | Hodge, Lesley | 4/8/2014 | Contact Through EEOC |
| 208 | Hollings, Jeremy | 6/26/2014 | Contact Through EEOC |
| 209 | Holloway, Zack | 4/10/2014 | Contact Through EEOC |
| 210 | Holmes, Alphonza | 6/5/2014 | Contact Through EEOC |
| 211 | Holt, Darian | 3/10/2014 | Contact Through EEOC |
| 212 | Horne, Montrez | 7/14/2014 | Contact Through EEOC |
| 213 | Hoskins, Carla | 7/21/2014 | Contact Through EEOC |
| 214 | Howard, Jeffrey | 2/27/2014 | Contact Through EEOC |
| 215 | Hubbard, Reginald | 4/21/2014 | Contact Through EEOC |
| 216 | Hubbard, Virnise | 3/13/2014 | Contact Through EEOC |
| 217 | Hudson, Dedrick | 8/15/2014 | Contact Through EEOC |
| 218 | Hullett, Billy | 6/11/2014 | Contact Through EEOC |
| 219 | Isbell, Michael | 12/20/2013 | Contact Through EEOC |
| 220 | Ivory, Dezman | 3/19/2014 | Contact Through EEOC |
| 221 | Jackson, Clarence | 3/12/2014 | Contact Through EEOC |
| 222 | Jackson, Cornelius | 8/11/2014 | Contact Through EEOC |

| 223 | Jackson, Curtis | 1/21/2014 | Contact Through EEOC |
|-----|-----------------|-----------|----------------------|
| 224 | Jackson, Demetrius | 6/6/2014 | Contact Through EEOC |
| 225 | Jackson, Kelvin | 6/17/2014 | Contact Through EEOC |
| 226 | Jackson, Marvin | 1/23/2014 | Contact Through EEOC |
| 227 | Jackson, Ratez | 5/4/2014 | Contact Through EEOC |
| 228 | Jackson, Tony | 4/7/2014 | Contact Through EEOC |
| 229 | Jackson, Vincent | 6/7/2014 | Contact Through EEOC |
| 230 | January, Laderrin | 2/13/2014 | Contact Through EEOC |
| 231 | Jemison, Napoleon | 6/18/2014 | Contact Through EEOC |
| 232 | Jemison, Roderick | 7/11/2014 | Contact Through EEOC |
| 233 | Johnson Jr., Jimmie | 3/12/2014 | Contact Through EEOC |
| 234 | Johnson, Brandon | 6/6/2014 | Contact Through EEOC |
| 235 | Johnson, Bryan | 8/8/2014 | Contact Through EEOC |
| 236 | Johnson, Christopher | 3/26/2014 | Contact Through EEOC |
| 237 | Johnson, Daniel | 1/27/2014 | Contact Through EEOC |
| 238 | Johnson, Gregory | 4/9/2014 | Contact Through EEOC |
| 239 | Johnson, Jemarcus | 6/27/2014 | Contact Through EEOC |
| 240 | Johnson, Leodis | 7/17/2014 | Contact Through EEOC |

| 241 | Johnson, Malcolm | 6/10/2014 | Contact Through EEOC |
|-----|-------------------|-----------|----------------------|
| 242 | Johnston, Norman | 5/30/2014 | Contact Through EEOC |
| 243 | Jones IV, Parnell | 8/4/2014 | Contact Through EEOC |
| 244 | Jones, Anthony | 6/12/2014 | Contact Through EEOC |
| 245 | Jones, Deangelo | 3/11/2014 | Contact Through EEOC |
| 246 | Jones, Malcolm | 8/1/2014 | Contact Through EEOC |
| 247 | Jordan, Joel | 3/11/2014 | Contact Through EEOC |
| 248 | Jordan, Michael | 7/8/2014 | Contact Through EEOC |
| 249 | Jordan, Orenthal | 3/21/2014 | Contact Through EEOC |
| 250 | Jordan, Terry | 5/27/2014 | Contact Through EEOC |
| 251 | Jordan, William | 5/21/2014 | Contact Through EEOC |
| 252 | Karrh, Johnnie | 1/21/2014 | Contact Through EEOC |
| 253 | Keith Jr., Charles | 7/1/2014 | Contact Through EEOC |
| 254 | Kennedy II, Walter | 4/10/2014 | Contact Through EEOC |
| 255 | Kennedy, Jonathan | 1/20/2014 | Contact Through EEOC |
| 256 | Kidd, Aaron | 2/14/2014 | Contact Through EEOC |
| 257 | King Jr., Stanley | 4/8/2014 | Contact Through EEOC |
| 258 | King, Demetrius | 1/2/2014 | Contact Through EEOC |
| 259 | King, Dennis | 2/17/2014 | Contact Through EEOC |
| 260 | Kirkland, Jerandy | 4/7/2014 | Contact Through EEOC |
| 261 | Kitchens, Eric | 4/18/2014 | Contact Through EEOC |

| 262 | Knight, Anthony | 6/16/2014 | Contact Through EEOC |
|---|---|---|---|
| 263 | Knowles, Steven | 5/23/2014 | Contact Through EEOC |
| 264 | Knox, Trendelyn | 2/19/2014 | Contact Through EEOC |
| 265 | Kornegay, George | 5/19/2014 | Contact Through EEOC |
| 266 | Kreutz, Darius | 2/18/2014 | Contact Through EEOC |
| 267 | Larry, Kinisha | 6/19/2014 | Contact Through EEOC |
| 268 | Lawson, Kelli | 4/15/2014 | Contact Through EEOC |
| 269 | Layton, Leandre | 5/12/2014 | Contact Through EEOC |
| 270 | Lee, Kitoryia | 6/4/2014 | Contact Through EEOC |
| 271 | Lemsky, Mark | 3/4/2014 | Contact Through EEOC |
| 272 | Leonard, Quinton | 5/27/2014 | Contact Through EEOC |
| 273 | Leonard, Traedrein | 2/13/2014 | Contact Through EEOC |
| 274 | Lett, Houston | 7/2/2014 | Contact Through EEOC |
| 275 | Lewis, Jason | 3/24/2014 | Contact Through EEOC |
| 276 | Lewis, Ladarius | 1/21/2014 | Contact Through EEOC |
| 277 | Lewis, Xavier | 1/13/2014 | Contact Through EEOC |
| 278 | Linton, Armond | 8/6/2014 | Contact Through EEOC |
| 279 | Little, Gregory | 8/13/2014 | Contact Through EEOC |
| 280 | Little, Jason | 2/14/2014 | Contact Through EEOC |
| 281 | Lloyd, Jessica | 4/30/2014 | Contact Through EEOC |

| 282 | Long, Gregory | 6/5/2014 | Contact Through EEOC |
|---|---|---|---|
| 283 | Loyd, Frederick | 5/29/2014 | Contact Through EEOC |
| 284 | Lucas, Ricco | 2/4/2014 | Contact Through EEOC |
| 285 | Lutin, Nicholas | 5/16/2014 | Contact Through EEOC |
| 286 | Mack, Gary | 2/19/2014 | Contact Through EEOC |
| 287 | Maddox, Julia | 6/23/2014 | Contact Through EEOC |
| 288 | Maddox, Justin | 7/7/2014 | Contact Through EEOC |
| 289 | Maden, Brandon | 4/8/2014 | Contact Through EEOC |
| 290 | Majernik, Dawn | 7/30/2014 | Contact Through EEOC |
| 291 | Marbury, Desmond | 6/3/2014 | Contact Through EEOC |
| 292 | Mason, Keith | 6/30/2014 | Contact Through EEOC |
| 293 | Maybell, Demarquis | 12/20/2013 | Contact Through EEOC |
| 294 | Mays, Maurice | 5/7/2014 | Contact Through EEOC |
| 295 | McClew, Justin | 3/12/2014 | Contact Through EEOC |
| 296 | McClinton, Demetruis | 7/9/2014 | Contact Through EEOC |
| 297 | McConnico, Demetrius | 7/7/2014 | Contact Through EEOC |
| 298 | McConnico, Lorenzo | 1/13/2014 | Contact Through EEOC |
| 299 | McCray, Crystal | 8/5/2014 | Contact Through EEOC |
| 300 | McCray, Michael | 2/19/2014 | Contact Through EEOC |

33

| 301 | McFarland, Joseph | 4/4/2014 | Contact Through EEOC |
|---|---|---|---|
| 302 | Mcghee, Caleb | 4/9/2014 | Contact Through EEOC |
| 303 | Mcghee, David | 5/12/2014 | Contact Through EEOC |
| 304 | Mcghee, Quedarius | 1/21/2014 | Contact Through EEOC |
| 305 | Mcghee, Stevie | 4/7/2014 | Contact Through EEOC |
| 306 | McGinnis, Maricus | 1/13/2014 | Contact Through EEOC |
| 307 | McIntyre, Cedric | 2/3/2014 | Contact Through EEOC |
| 308 | McKinney, Audrey | 6/27/2014 | Contact Through EEOC |
| 309 | McMullen, Michael | 6/16/2014 | Contact Through EEOC |
| 310 | McNeal, Issac | 6/18/2014 | Contact Through EEOC |
| 311 | McNeil, Brian | 6/23/2014 | Contact Through EEOC |
| 312 | Mcwhorter, Lawrence | 8/13/2014 | Contact Through EEOC |
| 313 | Means, Ricky | 8/15/2014 | Contact Through EEOC |
| 314 | Means, Sharminer | 12/26/2013 | Contact Through EEOC |
| 315 | Meany, David | 6/12/2014 | Contact Through EEOC |
| 316 | Miller, Johnny | 5/12/2014 | Contact Through EEOC |
| 317 | Miller, Joseph | 5/20/2014 | Contact Through EEOC |
| 318 | Mitchell Jr., Norman | 3/11/2014 | Contact Through EEOC |
| 319 | Mitchell, Briaunna | 3/24/2014 | Contact Through EEOC |
| 320 | Mobley, Kenneth | 6/18/2014 | Contact Through EEOC |
| 321 | Montgomery, Santez | 7/3/2014 | Contact Through EEOC |
| 322 | Moore III, William | 8/5/2014 | Contact Through EEOC |

| 323 | Moore, Alonzo | 6/11/2014 | Contact Through EEOC |
|---|---|---|---|
| 324 | Moore, Athony | 4/11/2014 | Contact Through EEOC |
| 325 | Moore, Clarence | 6/18/2014 | Contact Through EEOC |
| 326 | Moore, Jerold | 4/15/2014 | Contact Through EEOC |
| 327 | Moore, Kederius | 3/12/2014 | Contact Through EEOC |
| 328 | Moore, Shirley | 5/27/2014 | Contact Through EEOC |
| 329 | Morris, Demetrius | 7/22/2014 | Contact Through EEOC |
| 330 | Motley, Rickley | 3/17/2014 | Contact Through EEOC |
| 331 | Muhammad, Rashad | 5/14/2014 | Contact Through EEOC |
| 332 | Murrell, Justin | 6/17/2014 | Contact Through EEOC |
| 333 | Muse, Tony | 6/12/2014 | Contact Through EEOC |
| 334 | Nash, Diante | 7/30/2014 | Contact Through EEOC |
| 335 | Nene, Ian K | 6/3/2014 | Contact Through EEOC |
| 336 | Nevels, Bryan | 7/15/2014 | Contact Through EEOC |
| 337 | Nichols, Andrew | 7/10/2014 | Contact Through EEOC |
| 338 | Odom, John | 7/18/2014 | Contact Through EEOC |
| 339 | Ogden, Ronnie | 6/30/2014 | Contact Through EEOC |

| 340 | Oliver, Darrion | 1/27/2014 | Contact Through EEOC |
|-----|-----------------|-----------|----------------------|
| 341 | O'Neill, Timothy | 12/30/2014 | Contact Through EEOC |
| 342 | Owens, Denzel | 4/2/2014 | Contact Through EEOC |
| 343 | Palmer, Marlon | 8/15/2014 | Contact Through EEOC |
| 344 | Paradise, Duntai | 6/30/2014 | Contact Through EEOC |
| 345 | Parham, Khayriyyah | 7/18/2014 | Contact Through EEOC |
| 346 | Parker, Louis | 7/29/2014 | Contact Through EEOC |
| 347 | Parker, Nicholas | 6/5/2014 | Contact Through EEOC |
| 348 | Parker, Taimon | 6/18/2014 | Contact Through EEOC |
| 349 | Parsons, Noah | 2/10/2014 | Contact Through EEOC |
| 350 | Patrick, Justin | 6/9/2014 | Contact Through EEOC |
| 351 | Patterson, Antoan | 6/25/2014 | Contact Through EEOC |
| 352 | Patterson, Michael | 5/13/2014 | Contact Through EEOC |
| 353 | Pavino, Christina | 7/2/2014 | Contact Through EEOC |
| 354 | Payne, Jonathan | 3/13/2014 | Contact Through EEOC |
| 355 | Peterson, Courtney | 6/27/2014 | Contact Through EEOC |
| 356 | Pettway, Keon | 6/3/2014 | Contact Through EEOC |
| 357 | Phillips, Andrew | 8/18/2014 | Contact Through EEOC |
| 358 | Pickering, David | 4/11/2014 | Contact Through EEOC |
| 359 | Pike, Christopher | 2/20/2014 | Contact Through EEOC |
| 360 | Polanco-torrez, Jorge | 4/8/2014 | Contact Through EEOC |
| 361 | Powell, Carlos | 7/21/2014 | Contact Through EEOC |
| 362 | Powell, Ronnie | 7/7/2014 | Contact Through EEOC |
| 363 | Price, Daniel | 12/20/2013 | Contact Through EEOC |

| 364 | Pruitt, Adrian | 8/7/2014 | Contact Through EEOC |
|-----|----------------|----------|----------------------|
| 365 | Ragland, Tommy | 7/17/2014 | Contact Through EEOC |
| 366 | Rahman, Idris | 6/18/2014 | Contact Through EEOC |
| 367 | Randolph, Denetrius | 8/19/2014 | Contact Through EEOC |
| 368 | Ray, Anthony John | 1/27/2014 | Contact Through EEOC |
| 369 | Reese Jr., Morris | 6/20/2014 | Contact Through EEOC |
| 370 | Reese, Timothy | 3/21/2014 | Contact Through EEOC |
| 371 | Rencher, Devon | 6/19/2014 | Contact Through EEOC |
| 372 | Requena, William | 1/16/2014 | Contact Through EEOC |
| 373 | Richardson, Pasha | 4/17/2014 | Contact Through EEOC |
| 374 | Richardson, Tristan | 6/6/2014 | Contact Through EEOC |
| 375 | Riddle, Quinton | 5/9/2014 | Contact Through EEOC |
| 376 | Riggins, Kurikas | 6/10/2014 | Contact Through EEOC |
| 377 | Riley, Lane | 2/14/2014 | Contact Through EEOC |
| 378 | Robertson, John | 3/27/2014 | Contact Through EEOC |

| 379 | Robinson, Jeremy | 7/10/2014 | Contact Through EEOC |
| 380 | Robinson, LaShanta | 6/12/2014 | Contact Through EEOC |
| 381 | Robinson, Marcus | 7/16/2014 | Contact Through EEOC |
| 382 | Robinson, Nicholas | 5/6/2014 | Contact Through EEOC |
| 383 | Rodgers, Quentin | 4/14/2014 | Contact Through EEOC |
| 384 | Rodgers, Wilnesha | 5/19/2014 | Contact Through EEOC |
| 385 | Rothenberger, Anthony | 2/10/2014 | Contact Through EEOC |
| 386 | Roubdioux, Larry | 12/27/2013 | Contact Through EEOC |
| 387 | Ruffin, Alicia | 6/16/2014 | Contact Through EEOC |
| 388 | Ruffin, Tomeka | 4/7/2014 | Contact Through EEOC |
| 389 | Russell Jr., Earnest | 7/7/2014 | Contact Through EEOC |
| 390 | Rutledge, Trenton | 5/16/2014 | Contact Through EEOC |
| 391 | Sampson, Truman | 3/27/2014 | Contact Through EEOC |
| 392 | Sanders, Lafayette | 6/5/2014 | Contact Through EEOC |
| 393 | Sanders, Terrod | 6/5/2014 | Contact Through EEOC |
| 394 | Sanford, Scotty | 6/16/2014 | Contact Through EEOC |
| 395 | Scott, William | 4/14/2014 | Contact Through EEOC |
| 396 | Servant, Reginald | 4/14/2014 | Contact Through EEOC |
| 397 | Shack, Melvin | 5/20/2014 | Contact Through EEOC |
| 398 | Shackleford Jr., John | 6/27/2014 | Contact Through EEOC |
| 399 | Shepard, Tyrone | 3/21/2014 | Contact Through EEOC |
| 400 | Simmons, Mauricia | 4/8/2014 | Contact Through EEOC |
| 401 | Simpson, Jared | 3/24/2014 | Contact Through EEOC |
| 402 | Sims Jr., David | 6/4/2014 | Contact Through EEOC |
| 403 | Sims, Stephanie | 8/5/2014 | Contact Through EEOC |
| 404 | Skinner, Richard | 8/7/2014 | Contact Through EEOC |

| 405 | Smith, Deondre | 2/24/2014 | Contact Through EEOC |
| 406 | Smith, Joshua | 1/15/2014 | Contact Through EEOC |
| 407 | Smith, Lloyd | 3/26/2014 | Contact Through EEOC |
| 408 | Smitherman, Alexsandria | 7/7/2014 | Contact Through EEOC |
| 409 | Smoot, Dajuan | 4/24/2014 | Contact Through EEOC |
| 410 | Snead, Anthony | 3/20/2014 | Contact Through EEOC |
| 411 | Spain, Yashika | 6/18/2014 | Contact Through EEOC |
| 412 | Sparks, Tonya | 1/20/2014 | Contact Through EEOC |
| 413 | Stanford, Dock | 4/4/2014 | Contact Through EEOC |
| 414 | Stanford, Karl | 6/3/2014 | Contact Through EEOC |
| 415 | Steele, Willie | 4/16/2014 | Contact Through EEOC |
| 416 | Sumpter III, Eddie | 8/20/2014 | Contact Through EEOC |
| 417 | Swift, Carlon | 12/30/2014 | Contact Through EEOC |

| 418 | Tartt, Jervan | 1/2/2014 | Contact Through EEOC |
|---|---|---|---|
| 419 | Tate, Percy | 4/9/2014 | Contact Through EEOC |
| 420 | Taylor, Christopher | 8/15/2014 | Contact Through EEOC |
| 421 | Taylor, Matthew | 8/11/2014 | Contact Through EEOC |
| 422 | Taylor, Rachelli | 7/14/2014 | Contact Through EEOC |
| 423 | Taylor, Shaniqua | 4/14/2014 | Contact Through EEOC |
| 424 | Taylor, Ymicheal | 7/14/2014 | Contact Through EEOC |
| 425 | Thigpen, Victor | 5/2/2014 | Contact Through EEOC |
| 426 | Thomas, Arthur | 2/17/2014 | Contact Through EEOC |
| 427 | Thomas, James | 1/27/2014 | Contact Through EEOC |
| 428 | Thomas, Ladarius | 1/15/2014 | Contact Through EEOC |
| 429 | Thomas, Mikul | 4/9/2014 | Contact Through EEOC |
| 430 | Thomas, Roland | 6/23/2014 | Contact Through EEOC |
| 431 | Tindle, Ebony | 6/30/2014 | Contact Through EEOC |
| 432 | Tolliver, Kenyatta | 8/15/2014 | Contact Through EEOC |
| 433 | Townes, Justin | 1/13/2014 | Contact Through EEOC |
| 434 | Tucker, Dasheen | 1/13/2014 | Contact Through EEOC |
| 435 | Turner, Jeremy | 6/3/2014 | Contact Through EEOC |
| 436 | Turner, John | 1/13/2014 | Contact Through EEOC |
| 437 | Underwood, Bridarius | 2/20/2014 | Contact Through EEOC |
| 438 | Underwood, Tamika | 7/15/2014 | Contact Through EEOC |
| 439 | Vinziant, Stephen | 2/20/2014 | Contact Through EEOC |
| 440 | Waldrop, Joshua | 1/8/2014 | Contact Through EEOC |
| 441 | Walker III, Neal | 4/4/2014 | Contact Through EEOC |
| 442 | Walker, Derek | 6/20/2014 | Contact Through EEOC |
| 443 | Walker, Shanika | 7/22/2014 | Contact Through EEOC |
| 444 | Walker, Steven | 12/27/2013 | Contact Through EEOC |
| 445 | Wallace, Matthew | 3/11/2014 | Contact Through EEOC |

| 446 | Wallace, Miles | 4/25/2014 | Contact Through EEOC |
|---|---|---|---|
| 447 | Waller III, Judson | 7/1/2014 | Contact Through EEOC |
| 448 | Walls, Mister | 6/16/2014 | Contact Through EEOC |
| 449 | Walton Jr., Sammie | 2/20/2014 | Contact Through EEOC |
| 450 | Walton, Bryant | 4/10/2014 | Contact Through EEOC |
| 451 | Wardlow, William | 4/8/2014 | Contact Through EEOC |
| 452 | Ware, Corey | 4/15/2014 | Contact Through EEOC |
| 453 | Ware, James | 4/10/2014 | Contact Through EEOC |
| 454 | Ware, Keyonte | 5/19/2014 | Contact Through EEOC |
| 455 | Washington Jr., Dion | 4/10/2014 | Contact Through EEOC |
| 456 | Washington, Juan | 4/17/2014 | Contact Through EEOC |

| 457 | Washington, Taalib | 3/12/2014 | Contact Through EEOC |
|---|---|---|---|
| 458 | Waters, Desmond | 4/16/2014 | Contact Through EEOC |
| 459 | Watkins, Jeremy | 2/6/2014 | Contact Through EEOC |
| 460 | Weatherspoon, Robert | 4/9/2014 | Contact Through EEOC |
| 461 | Webb, Maurice | 7/2/2014 | Contact Through EEOC |
| 462 | Webb, Stephan | 4/22/2014 | Contact Through EEOC |
| 463 | Weeks, Michael | 6/20/2014 | Contact Through EEOC |
| 464 | Welch Jr., James | 7/21/2014 | Contact Through EEOC |
| 465 | Welch, Ledarius | 6/10/2014 | Contact Through EEOC |
| 466 | Wheeler, Clifton | 4/23/2014 | Contact Through EEOC |
| 467 | Wheeler, Renay | 7/21/2014 | Contact Through EEOC |
| 468 | Whitaker, Walter | 2/10/2014 | Contact Through EEOC |
| 469 | White, Marcus | 8/15/2014 | Contact Through EEOC |
| 470 | White, Philip | 2/25/2014 | Contact Through EEOC |
| 471 | Whitehorn, Christopher | 3/10/2014 | Contact Through EEOC |
| 472 | Whitley, Nicholas | 1/9/2014 | Contact Through EEOC |
| 473 | Wiley Jr., Anthony | 2/3/2014 | Contact Through EEOC |
| 474 | Williams III, James | 6/5/2014 | Contact Through EEOC |
| 475 | Williams Jr., Ernest | 6/23/2014 | Contact Through EEOC |
| 476 | Williams Jr., Israel | 4/30/2014 | Contact Through EEOC |
| 477 | Williams, Adrian | 4/15/2014 | Contact Through EEOC |
| 478 | Williams, Ashton | 4/14/2014 | Contact Through EEOC |
| 479 | Williams, Cameron | 5/15/2014 | Contact Through EEOC |
| 480 | Williams, Jeffrey | 4/16/2014 | Contact Through EEOC |
| 481 | Willis, Brooklyn | 6/13/2014 | Contact Through EEOC |
| 482 | Wilson, Desi | 4/23/2014 | Contact Through EEOC |
| 483 | Wilson, Herman | 2/5/2014 | Contact Through EEOC |
| 484 | Wilson, LeWayne | 1/21/2014 | Contact Through EEOC |
| 485 | Wilson, Marice | 4/7/2014 | Contact Through EEOC |
| 486 | Wilson, Robert | 3/19/2014 | Contact Through EEOC |
| 487 | Wilson, Yusaf | 1/17/2014 | Contact Through EEOC |
| 488 | Witherspoon, Laquita | 6/27/2014 | Contact Through EEOC |
| 489 | Woods Jr., Rodragus | 7/2/2014 | Contact Through EEOC |
| 490 | Woods, Londriquez | 6/10/2014 | Contact Through EEOC |
| 491 | Wormely, Michael | 1/21/2014 | Contact Through EEOC |
| 492 | Wrench, Noel | 4/16/2014 | Contact Through EEOC |
| 493 | Wright, Deshaundrea | 7/7/2014 | Contact Through EEOC |
| 494 | Wright, Richard | 2/20/2014 | Contact Through EEOC |
| 495 | Young, Ian | 4/9/2014 | Contact Through EEOC |
| 496 | Young, Marcus | 8/6/2014 | Contact Through EEOC |

| 497 | Zeigler III, Leo | 8/14/2014 | Contact Through EEOC |

While discovery is ongoing (and the EEOC reserves the right to add [or remove] individuals from this list prior to the close of discovery) EEOC, at this time, believes the list of GINA class members is complete and EEOC does not anticipate adding individuals to the GINA class.

**Interrogatory No. 14**: Please identify each person whom the EEOC contends was subjected to discrimination under the ADA in connection with a post-offer medical examination performed by Middle Creek and provide the EEOC's basis for each such contention, including without limitation, a description of the conduct that it contends was unlawful, the individual(s) whom it contends engaged in such conduct, the date and location of such conduct, and a description of all evidence on which it relies in support of its contentions.

**Amended EEOC Response**: EEOC objects to this request as overbroad and unduly burdensome as it seeks a description of "all" evidence on which the EEOC relies on its contention. The EEOC objects to this request as compound. The EEOC objects to this request to the extent it seeks information protected by the attorney work product doctrine, the attorney client privilege, the common interest privilege, and the deliberative process privilege.

Subject to and without waiving the foregoing objections, EEOC states as follows:

| No. | ADA claimant | Date of Exam | Location |
|---|---|---|---|
| 1 | Alexander, Jackson | 1/9/2015, 1/15/2015 | Middle Creek Medical Center |
| 2 | Allen, Glenn | 3/25/2015 | Middle Creek Medical Center |
| 3 | Allen, Jonathan | 9/30/2014 | Middle Creek Medical Center |
| 4 | Carey, Carlos | 7/21/2014 | Middle Creek Medical Center |
| 5 | Copeland, Willie | 10/21/2014, 10/30/2014 | Middle Creek Medical Center |
| 6 | Crumpton, Roderiguez | 4/22/2014 | Middle Creek Medical Center |
| 7 | Fielder, Eric | 6/9/2014 | Middle Creek Medical Center |
| 8 | Fischer-Ross, Brian | 5/2/2014 | Middle Creek Medical Center |

| 9  | Flowers, David     | 1/26/2015, 2/5/2015   | Middle Creek Medical Center |
|----|--------------------|-----------------------|-----------------------------|
| 10 | Greene, John       | 2/3/2017              | Middle Creek Medical Center |
| 11 | Hall, Kevin        | 7/30/2014             | Middle Creek Medical Center |
| 12 | Henderson, Bryan   | 5/12/2014             | Middle Creek Medical Center |
| 13 | Jackson, Antonio   | 11/10/2016            | Middle Creek Medical Center |
| 14 | Jackson, Marvin    | 1/23/2014             | Middle Creek Medical Center |
| 15 | Jackson, Vincent   | 6/17/2014             | Middle Creek Medical Center |
| 16 | James, Demetrius   | 4/13/2017             | Middle Creek Medical Center |
| 17 | Johnson, Gregory   | 4/9/2014, 4/21/2014   | Middle Creek Medical Center |
| 18 | Johnson, Leodis    | 7/17/2014             | Middle Creek Medical Center |
| 19 | Larry, Kinisha     | 6/19/2014             | Middle Creek Medical Center |
| 20 | May, Darnell       | 6/28/2017, 6/30/2017  | Middle Creek Medical Center |
| 21 | McConnico, Lorenzo | 1/13/2014             | Middle Creek Medical Center |
| 22 | Orenthal, Jordan   | 3/21/2014             | Middle Creek Medical Center |
| 23 | Ransom, Herman     | 7/6/2014              | Middle Creek Medical Center |
| 24 | Snead, Anthony     | 3/20/2014             | Middle Creek Medical Center |
| 25 | Tate, Percy        | 4/9/2014              | Middle Creek Medical Center |

Each of these individuals underwent a post-offer, pre-employment medical exam at Middle Creek. Each of these individuals were disqualified from work at Dollar General based on a physical impairment or perceived physical impairment.

**Interrogatory No. 15**: For each person identified in response to Interrogatory No. 14, please identify the medical condition, including but not limited to the alleged medical conditions referenced in Paragraphs 20 and 22 of the Complaint, which the EEOC alleges to be a "disability" within the scope of the ADA, including the date of diagnosis and the health care professional who rendered the diagnosis of every such condition, and, for each, identify all documents and things relating to the existence, diagnosis, and treatment of said condition, including if and how the EEOC contends the condition(s) substantially limits the affected individual in a major life activity.

**Amended EEOC Response**: EEOC objects to this request as compound. The EEOC objects to this interrogatory to the extent it seeks, before discovery has been completed, an opinion or

contention that relates to fact or the application of law to facts. As such this discovery request is premature. *See* Fed. R. Civ. P. 33(a)(2). The EEOC objects to this request to the extent it seeks the disclosure of information prepared in anticipation of litigation or for trial or which otherwise would disclose the mental impressions, conclusion, opinions or legal theories of EEOC counsel. EEOC objects to this request as vague, overly broad and unduly burdensome to the extent it seeks the identification of "all documents and things related to the existence, diagnosis, and treatment of said condition." EEOC objects to this request as it encompasses documents that are irrelevant and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, EEOC states as follows:

| No. | ADA claimant | Date of Exam | Physical Impairment (or Perceived) Leading to Disqualification |
|---|---|---|---|
| 1 | Alexander, Jackson | 1/9/2015, 1/15/2015 | High Blood Pressure |
| 2 | Allen, Glenn | 3/25/2015 | High Blood Pressure, High Urine Glucose |
| 3 | Allen, Jonathan | 9/30/2014 | High Blood Glucose, High Urine Glucose |
| 4 | Carey, Carlos | 7/21/2014 | Monocular Vision |
| 5 | Copeland, Willie | 10/21/2014, 10/30/2014 | High Blood Pressure |
| 6 | Crumpton, Roderiguez | 4/22/2014 | High Blood Pressure |
| 7 | Fielder, Eric | 6/9/2014 | High Blood Pressure |
| 8 | Fischer-Ross, Brian | 5/2/2014 | High Blood Pressure, High Blood Glucose |
| 9 | Flowers, David | 1/26/2015, 2/5/2015 | High Blood Pressure |
| 10 | Greene, John | 2/3/2017 | High Blood Pressure |
| 11 | Hall, Kevin | 7/30/2014 | High Blood Pressure |
| 12 | Henderson, Bryan | 5/12/2014 | Monocular Vision |
| 13 | Jackson, Antonio | 11/10/2016 | High Blood Pressure |
| 14 | Jackson, Marvin | 1/23/2014 | High Blood Pressure, High Blood Glucose |
| 15 | Jackson, Vincent | 6/17/2014 | Monocular Vision |
| 16 | James, Demetrius | 4/13/2017 | High Blood Pressure |
| 17 | Johnson, Gregory | 4/9/2014, 4/21/2014 | High Blood Pressure |
| 18 | Johnson, Leodis | 7/17/2014 | Monocular Vision |
| 19 | Larry, Kinisha | 6/19/2014 | High Blood Pressure |
| 20 | May, Darnell | 6/28/2017, 6/30/2017 | High Blood Pressure |
| 21 | McConnico, Lorenzo | 1/13/2014 | Monocular Vision |
| 22 | Orenthal, Jordan | 3/21/2014 | High Blood Glucose, High Urine Glucose |

| 23 | Ransom, Herman | 7/6/2014 | High Blood Pressure |
| 24 | Snead, Anthony | 3/20/2014 | High Blood Glucose, High Urine Glucose |
| 25 | Tate, Percy | 4/9/2014 | High Blood Pressure and/or Shortness of Breath |

**Interrogatory No. 16**: Please identify each person else whom the EEOC contends was subjected to a practice made unlawful under GINA in connection with a post-offer medical examination performed by Middle Creek and provide the EEOC's basis for each such contention, including without limitation, a description of the conduct that it contends was unlawful, the individual(s) whom the EEOC contends engaged in such conduct, the date and location of such conduct, and a description of all evidence on which it relies in support of its contentions.

**EEOC Response**: EEOC objects to this request as ambiguous and confusing as it is unclear what Defendant means by "each person else whom the EEOC contends was subjected to a practice made unlawful under GINA…" EEOC objects to this request as cumulative to the extent this request is asking the EEOC to identify each member of the GINA class and list the basis for the EEOC's contentions. This information is produced in EEOC's responses to Interrogatory Nos. 13 and 17. EEOC objects to this request as vague, overbroad and unduly burdensome in that it seeks a "description of all evidence on which [EEOC] relies." EEOC objects to this request as compound. Subject to, and without waiving the foregoing objections, EEOC states as follows: With respect to the identity of each person whom the EEOC contends was subjected to a practice made unlawful under GINA in connection with a post-offer medical examination, this information is set forth in EEOC's Response to Interrogatory No. 13. The date such conduct took place is also set forth in EEOC's Response to Interrogatory No. 13. The basis for EEOC's contention is provided in EEOC's Response to Interrogatory No. 17. The location of the unlawful conduct is Middle Creek Medical Center's location in Bessemer, Alabama. The individuals engaged in such conduct include

Middle Creek personnel and Dollar General personnel. Evidence relating to these contentions may be found principally in the Physical Encounter form and notes of medical exams which may be found in Bates Range EEOC-MCMC-000001-004922, and emails between Dollar General and Middle Creek Medical Center, produced in the EEOC's Initial Disclosures.

**Interrogatory No. 17**:  Please identify what specific genetic information the EEOC contends each individual identified in response to Interrogatory No. 16, was required to provide in violation of GINA and provide its basis for each such contention.

**EEOC Response**: From at least December of 2013 through August 22, 2014, Dollar General's "Physical Encounter" form requested family medical history. Consequently, each Dollar General job applicant who completed a Physical Encounter form during that time period, whether or not he or she was ultimately hired, was subject to an unlawful request for genetic information. In addition, medical exam notes for each of the individuals listed in response to Interrogatory No. 16 (with only a few exceptions), show that the Physical Encounter form was not the sole GINA violation. During Defendant's post-offer medical examinations, Middle Creek personnel followed up with detailed and highly invasive questioning regarding family medical history.  Dollar General did not timely instruct Middle Creek personnel to refrain from requesting genetic information. These policies and practices violate 42 U.S.C. § 2000ff-1(b).

**Interrogatory No. 18**:  Please identify each person whom the EEOC expects to call as a testifying expert and, as to each such expert, please state the subject matter on which he or she is expected to testify, the substance of the facts and opinions to which he or she is expected to testify, and a summary of the grounds for each such opinion.

**Amended EEOC Response**:   On November 12, 2019, the EEOC provided Defendant with Plaintiff's expert disclosures in accordance with the CMO. Please see Plaintiff's expert disclosures which contain a description of the expected testimony of Dr. Robert Swotinsky and Dr. Dawn DeCarlo.

**Interrogatory No. 19**:  If the EEOC contends that Dollar General is liable under the ADA for any alleged conduct committed by current or former employees of Middle Creek, please state the factual basis for such contention, including without limitation,  the individuals whom it contends engaged in such conduct, the individuals allegedly harmed by such conduct, a description of the conduct on which it bases its contention, the date of such conduct, and a description of all documents and things on which it relies for such contention.

**EEOC Response**: The EEOC objects to this interrogatory as compound. EEOC objects to this request as vague, overbroad, and unduly burdensome to the extent that it seeks a "description of all documents and things" on which the EEOC relies for its contentions. EEOC objects to this request to the extent it seeks the mental impressions, opinions, and legal theories of counsel. EEOC objects to this request to the extent it seeks documents protected from disclosure by the attorney client privilege, common interest privilege, and deliberative process privilege. EEOC objects to this request as cumulative in that it seeks information provided in response to Interrogatory Nos. 14 and 15. Subject to and without waiving the foregoing objections, EEOC states as follows: See EEOC's responses to Interrogatory Nos. 14 and 15.

**Interrogatory No. 20**:  If the EEOC contends that Dollar General is liable under GINA for any alleged conduct committed by current or former employees of Middle Creek, please state the factual basis for such contention, including without limitation, the individuals whom it contends

engaged in such conduct, the individuals allegedly harmed by such conduct, a description of the conduct on which it bases its contention, the date of such conduct, and a description of all documents and things on which its relies for such contention.

**EEOC Response**: EEOC objects to this request as vague, overbroad and unduly burdensome as it seeks a description of "all documents and things" on which the EEOC relies.  EEOC objects to this request as compound. EEOC objects to this request as cumulative.

 Subject to and without waiving the foregoing objections EEOC states the following: GINA requires an employer to refrain from requesting genetic information of job applicants. Dollar General provided to Middle Creek a form (for use during the post-offer exam) that requested genetic information of Dollar General job applicants. Dollar General did not timely instruct Middle Creek not to solicit genetic information during the exams. The EEOC has provided a list of individuals harmed by the conduct. *See* EEOC Response to Interrogatory No. 13. The EEOC has provided Defendant a description of documents that may contain information relevant to the EEOC's GINA claim. *See* EEOC Response to Interrogatory No. 16.

Dated: December 11, 2019

<div style="margin-left:40%">

Respectfully submitted,

**MARSHA L. RUCKER**
Regional Attorney
PA Bar No. 90041

**GERALD L. MILLER**
Supervisory Trial Attorney
AL Bar No.: ASB-1454-E52G

*/s/Gina E. Pearson*
**GINA PEARSON**

</div>

Trial Attorney
AL Bar No.: ASB-3971-H61g
gina.pearson@eeoc.gov

**KURT FISCHER**
Trial Attorney
AL Bar No. ASB-9772-R72F
(205) 212-2043
kurt.fischer@eeoc.gov

**RUSSELL P. PARKER**
Trial Attorney
AL Bar No. ASB-7571-S749
Russ.parker@eeoc.gov

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1130 22nd Street South
Suite 2000
Birmingham, AL 35205
Phone: (205) 212-2064

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2019, the foregoing Plaintiff United States Equal Employment Opportunity Commission's First Amended Answers and Objections to Defendant's First Set of Interrogatories was delivered via electronic mail on the following counsel of record:

**John E. B. Gerth, Esq.**
**Stanley E. Graham, Esq.**
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700 Nashville,
TN 37291
stan.graham@wallerlaw.com
jeb.gerth@wallerlaw.com

**Heath A. Fite, Esq.**
Waller Lansden Dortch & Davis, LLP
Regions-Habert Plaza, suite 1400
1091 6th Avenue North Birmingham,
AL 35203
heath.fite@wallerlaw.com

**Attorneys for Defendant**

**Byron Perkins, Esq.**
Perkins Law
Civic Center Medical Forum Building
950-22nd Street N., Suite 550 Birmingham,
Alabama 35203
bperkins@perkins-law.com

**David W. Scott, Esq.**
D.W. Scott Law, LLC
P.O. Box 11734
Birmingham, AL 35202
david@dwscottlaw.com

**Attorneys for Plaintiff-Intervenor**

*/s/Gina E. Pearson*
GINA E. PEARSON