FILED

2020 Dec-16  PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:17-cv-01649-MHH |
| and | ) | |
| | ) | |
| VINCENT JACKSON, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOLGENCORP, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSES TO PLAINTIFF EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION'S
SECOND SET OF INTERROGATORIES

**Interrogatory No. 9**:  Identify all training, from June of 2011 through September 25, 2017, related to the Americans with Disabilities Act that Defendant conducted for employees at its Bessemer location, by (a) the date(s) of such training, (b) how the training was administered (i.e., in person, video), (c) the topics addressed by the training, (d) whether the training was optional or mandatory, (e) the name of the individuals administering that training.

**RESPONSE: Objection.  Dollar General objects to this Interrogatory because it seeks discovery of information that is irrelevant and is not proportionate to the needs of the case.   The EEOC and Intervening Plaintiff have challenged Dollar General's administration of post-offer, pre-employment medical exams ("POETs") to candidates for the General Warehouse Worker Position at the Bessemer, Alabama facility by Middle Creek Medical Center during the defined time period.  These POETs were performed by Middle Creek employees prior to the candidates beginning any work at the Bessemer facility.  Neither the EEOC nor Intervening Plaintiff have challenged the treatment of candidates after they have begun to work at the Bessemer facility.  Therefore, any ADA training conducted for employees at the Bessemer facility is irrelevant to the claims in this**

lawsuit.  Furthermore, given the irrelevance of this information, requiring Dollar General to provide extensive information for such trainings over a six-year period, including the names of all individuals who attended such trainings, is not proportionate to the needs of the case.

**Interrogatory No. 10**:  Identify all training, from June of 2011 through August 22, 2014, related to the Genetic Information Nondiscrimination Act of 2008 that Defendant conducted for employees at its Bessemer location, by (a) the date(s) of such training, (b) how the training was administered (i.e., in person, video), (c) the topics addressed by the training, (d) whether the training was optional or mandatory, (e) the name of the individuals administering that training.

**RESPONSE: Objection.  Dollar General objects to this Interrogatory because it seeks discovery of information that is irrelevant and is not proportionate to the needs of the case.   The EEOC and Intervening Plaintiff have challenged Dollar General's administration of POETs to candidates for the General Warehouse Worker Position at the Bessemer, Alabama facility by Middle Creek during the defined time period, including a medical questionnaire given by Middle Creek to candidates during the POETs.  These POETs were performed by Middle Creek employees prior to the candidates beginning any work at the Bessemer facility.  Neither the EEOC nor Intervening Plaintiff have challenged the treatment of candidates or the asking for improper information from them after they have begun to work at the Bessemer facility.  Therefore, any GINA training conducted for employees at the Bessemer facility is irrelevant to the claims in this lawsuit.  Furthermore, given the irrelevance of this information, requiring Dollar General to provide extensive information for such trainings over a three-year period, including the names of all individuals who attended such trainings, is not proportionate to the needs of the case.**

**Interrogatory No. 11**:  With respect to the version of the "Physical Encounter" form produced by the EEOC as EEOC-ID-000579, identify all Dollar General employees involved in the creation, drafting or revision of the document.

**RESPONSE: Objection.  Dollar General objects to this Interrogatory because the phrase "involved in the creation…" is vague and ambiguous such that responding would impermissibly require Dollar General to speculate as to the EEOC's intended meaning. During the development of the POET program and accompanying "Physical Encounter" forms, many people provided information or other input that was used in the program's and the form's creation but had no decision-making authority for the form or were directly involved in its drafting.**

**Subject to and without waiving the foregoing objections, Dollar General states as follows:  Rick Sumner, Dollar General's Director of Insurance & Safety at the time Dollar**

2

General launched its POET program in 2009 and through 2014, was primarily responsible for overseeing the development of the POET program and for drafting and disseminating the various versions of the "Physical Encounter" forms.  Dollar General further states that other individuals involved in the development and dissemination of the test include Andrew Honeybone, Dollar General's Director of Supply Chain Human Resources at the time, and David Steffes, Risk Management Analyst Senior for Dollar General at the time, as well as Steffes's successor in that role, Adam Zager.  Chris Snow, Dollar General's Vice President, Human Resources during part of the relevant time frame, was additionally involved in the POET program.  Externally to Dollar General, Patrick Simpson, a Regional Therapy Director for Concentra, also advised on the clinical aspects of the POET program.  The input of these individuals may have contributed to the "creation" of the "Physical Encounter" form produced by the EEOC as EEOC-ID-000579.

**Interrogatory No. 12**:  Identify all individuals involved in the creation or revision of the Dollar General Job Analysis and Job Description (DG-EEOC_Jackson_000030 and 000034) regarding general warehouse worker positions at Defendant's Bessemer distribution center.

**RESPONSE: Objection.  Dollar General objects to this Interrogatory because it seeks discovery of information that is irrelevant, and it is not proportionate to the needs of the case.  The EEOC and Intervening Plaintiff have challenged Dollar General's administration of POETs to candidates for the General Warehouse Worker Position at the Bessemer, Alabama facility during the defined time period on the grounds that such tests are not relevant to the requirements of the job.  Neither the EEOC nor Intervening Plaintiff have challenged the application of the POET tests outside the relevant period. Therefore, the initial creation or revision of the Dollar General Job Analysis and Job Description forms previously produced at DG-EEOC_Jackson_000030 and 000034 outside the defined time period as well as the identities of any individuals involved in those creations and revisions is irrelevant to this case.**

**Interrogatory No. 13**:  If Defendant denies EEOC's Request for Admission No. 8, provide the source of the version of the Physical Encounter form referenced in that Request.

**RESPONSE: No version of the Physical Encounter form is referenced in Request for Admission No. 8.**

**Interrogatory No. 14**:  Identify all documents on which Defendant relies when it asserts in Paragraph 41 of its Amended Answer that "in July of 2014 it provided Middle Creek with pre-employment documents to assist with Middle Creek's physical assessments of candidates for employment and that it reminded Middle Creek that it should continue not to inquire about family medical history in its assessments."  (Doc. 12, ¶ 41).

4835-9772-6100.1

**RESPONSE: In response to this interrogatory, Dollar General identifies the documents previously produced at DG_EEOC_Jackson_000037–000043. Dollar General further states that the identified time period "in July of 2014" was an inadvertent typographical error. The answer should have stated such documents were provided "in August of 2014."**

**Interrogatory No. 15**:  If Defendant denies EEOC's Request for Admission No. 18, then identify all job candidates (by name, social security number, date of hire) for the Bessemer general warehouse worker position who, during the December 20, 2013 through September 25, 2017 time period, completed the physical assessment test, received a final rating of "Not Qualified" or "Referred to PMD," but were nonetheless hired by Defendant.

**RESPONSE: <u>Objection.</u>  Dollar General incorporates by reference its objections to Interrogatories Nos. 1 and 2 to the extent this Interrogatory seeks discovery duplicative with of the same information already obtained from Middle Creek or confirmation of those candidates for whom a POET was completed because Middle Creek is the only entity with such first-hand knowledge.  Dollar General further objects that the EEOC's Request for Admission No. 18 does not ask for admission of whether a candidate had to receive a "final rating" of "Qualified" in order to work as a general warehouse worker at the Bessemer facility but instead asks for an admission that such candidates had to be rated "Qualified" by Middle Creek in order to begin work. As previously explained in its response to Interrogatory No. 2, a rating of "Referred to PMD" did not disqualify candidates or result in the revocation of their pending offers of employment.  The candidate was simply referred to their own physician to facilitate a rating of either "Qualified" or "Not Qualified."  Therefore, Request for Admission No. 18 concerns a different subject matter from the information requested in this Interrogatory.**

**Subject to and without waiving the foregoing objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Dollar General will produce documents reflecting the date of hire as well as POET result forms submitted to it by Middle Creek following the completion of POETs between December 21, 2013 and September 25, 2017 for those candidates rated "Not Qualified" or "Referred to PMD" who were subsequently hired by Dollar General at the Bessemer, Alabama facility during the same time period.**

**Interrogatory No. 16**:  If Defendant denies EEOC's Request for Admission No. 15, identify when Dollar General contends it instructed Middle Creek in writing not to collect family medical history during the administration of the Dollar General post-offer, pre-employment medical examination.

4

**RESPONSE:  Not applicable.**

**Interrogatory No. 17**:   Identify all documents memorializing the communications referenced in Defendant's response to Interrogatory No. 16.

**RESPONSE:  Dollar General refers the EEOC to its response to Interrogatory 16.**

**Interrogatory No. 18**:  Describe pay structure applicable to general warehouse workers at the Bessemer distribution center during the relevant time period, including the rate of entry level pay, and amount and timing of pay raises.

**RESPONSE: Objection.   The pay structure applicable to general warehouse workers is irrelevant to the merits of the EEOC's claims brought under the ADA and GINA.  Subject to and without waiving the foregoing objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Dollar General will produce documents that reflect the pay structure for General Warehouse Workers at Dollar General's Bessemer, Alabama Distribution Center during the December 20, 2013 through September 25, 2017 time period.**

**Interrogatory No. 19**:  Describe all fringe benefits, including, if applicable, sick leave, vacation days, paid holidays, health insurance, dental insurance, vision insurance, life insurance, death benefits, any employer disability coverage (short term or long term), pensions, retirement plans, and any and all employer contributions to these, for the general warehouse worker position during the relevant time period.

**RESPONSE: Objection.  Dollar General objects to this interrogatory to the extent it seeks discovery of employment benefits that are irrelevant to any potential award of economic damages.  By way of example, sick leave, vacation, and holiday pay policies provide employees with wage continuation during absences from work in certain qualifying circumstances, but do not give rise to additional, recoverable damages beyond any recoverable back pay or front pay.**

**Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Dollar General will produce documents reflecting benefits that may be relevant to any claim of economic damages asserted by the EEOC and/or Plaintiff-Intervenor.**

**Interrogatory No. 20**:  Identify any other third-party medical providers who conducted any post-offer, pre-employment medical examinations for applicants to Dollar General's Bessemer distribution facility during the period beginning December 20, 2013 through September 25, 2017.

**RESPONSE:  Objection. Dollar General objects to this Interrogatory because it seeks discovery of information that is irrelevant, and it is not proportionate to the needs of the case.   The EEOC and Intervening Plaintiff have challenged Dollar General's administration of POETs to candidates for the General Warehouse Worker Position at the Bessemer, Alabama facility by Middle Creek during the defined time period.  Neither the EEOC nor Intervening Plaintiff have challenged the treatment of candidates who underwent POET tests performed by any other third-party medical providers.  Therefore, the identities of any such providers is irrelevant to the claims in this lawsuit.**

**Subject to and without waiving the foregoing objections, Dollar General states that, during the December 20, 2013 through September 25, 2017 time period, it did not direct any candidates for a General Warehouse Worker position at the Bessemer, Alabama Distribution Center to any third-party medical provider other than Middle Creek for an initial POET.  Candidates who were rated as "Referred to PMD" by Middle Creek may have received follow up medical examinations from their own primary care physicians.**

As to form and objections:
Dated:  April 17, 2019

_____
Stanley E. Graham, Esq.
John E. B. Gerth, Esq.
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
stan.graham@wallerlaw.com
jeb.gerth@wallerlaw.com

Heath Fite, Esq.
Waller Lansden Dortch & Davis, LLP
1901 6th Avenue North, Suite 1400
Birmingham, AL 35203
heath.fite@wallerlaw.com

*Attorneys for Defendant Dolgencorp, LLC*

6

4835-9772-6100.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2019, the foregoing was served *via* U.S. Mail and email on the following counsel of record:

**Marsha L. Rucker, Esq.**
**Gerald L. Miller, Esq.**
**Christopher Woolley, Esq.**
**Gina Pearson, Esq.**
Equal Employment Opportunity Commission
1130 22nd Street South
Suite 2000
Birmingham, AL 35205
marsha.rucker@eeoc.gov
gerald.miler@eeoc.gov
christopher.woolley@eeoc.gov
gina.pearson@eeoc.gov

**David W. Scott, Esq.**
D.W. Scott Law LLC
P.O. Box 11734
Birmingham, AL 35202
david@dwscottlaw.com

**Byron Perkins, Esq.**
Perkins Law
The Civic Center Medical Forum Bldg.
950 22nd Street N., Suite 550
Birmingham, AL 35203
bperkins@perkins-law.com

7