

FILED
2021 Mar-19  AM 10:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **and** | ) | **2:17-cv-01649-MHH** |
| | ) | |
| **VINCENT JACKSON,** | ) | |
| | ) | |
| **Plaintiff-Intervenor** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DOLGENCORP, LLC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

## PLAINTIFFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY REGARDING DEFENDANT'S VIOLATION OF GENETIC INFORMATION NON-DISCRIMINATION ACT

---

Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), moved this Court for partial summary judgment against Defendant, Dolgencorp, LLC ("Defendant"), as to *liability* under Count 3 of the EEOC's Complaint for violation of the Genetic Information Non-Discrimination Act

("GINA"). (Doc. 107). The EEOC submits this reply to Defendant's response brief in opposition (Doc. 126).

### I.   Defendant's Standing Argument Is Contrary to the Language of GINA and Unsupported by Caselaw

Remarkably, Defendant does not deny that it violated GINA. Instead, Defendant contends only that the EEOC lacks standing to bring a claim because the Court cannot award any monetary damages, and that the EEOC prematurely seeks these (allegedly non-existent) damages.

Although Defendant contends that compensatory and punitive damages are not available when an employer solicits or acquires family medical history from applicants, it cites no case authority on point. Instead, Defendant mistakenly analogizes the EEOC's GINA claim to a disparate impact claim where there is no intentional discrimination that can serve as the basis to award compensatory or punitive damages. However, the EEOC has not made a disparate impact discrimination claim. Defendant's GINA violation was not based on an inadvertent or accidental practice that disparately impacted a specific group. Defendant intentionally drafted the Physical Encounter form to include a question directly asking all applicants to disclose whether their grandparents, parents, or children had any significant medical problems. Defendant intentionally provided this form to Middle Creek Medical Center ("MC") and intentionally directed them to use it. There is no question that Defendant expected MC to acquire family medical history

from every applicant. Such a violation was intentional and does not by its nature disproportionately impact any group because Defendant applied this practice to all applicants.

Contrary to Defendant's arguments, courts have permitted an award of compensatory and punitive damages solely based on an employer requesting genetic information even where the employer did not use that information as a basis to "intentionally" discriminate.  In *Lowe v. Atlas Logistics Grp. Retail Servs. (Atlanta), LLC*, 102 F. Supp. 3d 1360, 1370 (N.D. Ga. 2015), the court granted summary judgment to the plaintiffs regarding liability and let the case proceed to a jury trial to determine damages. The court held that the defendant violated GINA by merely requesting genetic information (cheek swab samples) from employees. There was no evidence that *Lowe* used the genetic information in any way adverse to the plaintiffs.[1]

Likewise, in *Lee v. City of Moraine Fire Dep't,* No. 3:13-CV-222, 2015 WL 914440, at *15 (S.D. Ohio Mar. 3, 2015), and *Jackson v. Regal Beloit Am., Inc.*, No.

---

[1] The jury awarded $2.23 million in damages, consisting of $475,000 in emotional distress damages and $1.75 million in punitive damages, based on the employer's reckless indifference to their federally protected rights. This was later reduced to the statutory limit of $300,000 plus interest, for each Plaintiff. *Lowe v. Atlas Logistics Grp. Retail Servs. (Atlanta), LLC*, No. 1:13-CV-2425-AT, 2015 WL 10891935, at *3 (N.D. Ga. Sept. 28, 2015).
https://www.jdsupra.com/legalnews/jury-hits-employer-with-2-2-million-74645/
https://www.reuters.com/article/us-verdict-dna-defecator/georgia-workers-win-2-2-million-in-devious-defecator-case-idUSKBN0P31TP20150623

CV 16-134-DLB-CJS, 2018 WL 3078760, at *16 (E.D. Ky. June 21, 2018), the court granted the plaintiffs partial summary judgment, finding the defendants liable for asking for genetic information and permitted the jury to determine damages at a subsequent trial. It is important to note there was no evidence that the employers in *Lowe*, *Lee,* or *Regal Beloit* actually used the genetic information to intentionally discriminate against the plaintiffs; rather, the court found the defendants liable based on merely asking for the employees' genetic information. Defendant's response brief ignores these cases and does not cite any others that counsel against their holdings that liability can be predicated solely on requesting genetic information even in the absence of intentional discrimination.

Defendant also does not cite any cases holding that a plaintiff lacks Article III standing to pursue a GINA claim unless the defendant used the genetic information acquired for some act of intentional discrimination. It is likely Defendant's failure is because  there is no such case authority, at least as far as Plaintiff's research reveals. On the contrary, in *Hawkins v. Jamaica Hosp. Med. Ctr. Diagnostic & Treatment Ctr. Corp.*, No. 16CV4265RRMCLP, 2018 WL 1521774, at *2 (E.D.N.Y. Mar. 28, 2018), the court determined the plaintiffs had Article III standing to bring a GINA claim for damages based on the risk of discrimination that never actually materialized from their former employer's collection of genetic information. The court stated:

> The statutory violation in this case demonstrates a risk of real harm, and, as such, the allegation of a statutory violation confers standing without additional allegations of harm. . . . It is this risk, which Congress identified, that confers standing; therefore, the plaintiffs here did not lose standing simply because they left their jobs, and ***the risk never materialized***. The plaintiffs can seek damages to compensate them for the injury or harm they sustained because of the collection of their genetic information.

*Id.* (emphasis added). "The plaintiffs have standing to bring their claim for damages because the ***risk of discrimination*** based on an improper use of their genetic information ***is a sufficient injury to seek damages***." *Id.* (emphasis added) (*citing Strubel v. Comenity Bank*, 842 F.3d 181 (2ⁿᵈ Cir. 2016) ("an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a risk of real harm to that concrete interest.")). The *Hawkins* court made no distinction between whether the risk of discrimination involved possible disparate impact on the GINA plaintiffs or possible intentional discrimination. Such an inquiry (and actual discrimination) was not required for the court to find both that the plaintiffs had standing and sufficient injury to seek damages.

Congress found it prudent to create two categories of GINA violations: one under 42 U.S.C. § 2000ff-1(a) for "discrimination based on genetic information" and another under 42 U.S.C. § 2000ff-1(b) for "acquisition of genetic information." Section 2000ff-1(b) states, "It shall be an unlawful practice for an employer to

request, require or purchase genetic information with respect to an employee or family member of the employee…" It makes no reference to the practice being unlawful only if the employer discriminates against the employee based on that genetic information.[2] Moreover, Defendant has cited no cases holding that standing under § 2000ff-1(b) requires proof that actual discrimination resulted from the acquisition of genetic information.

Section 1(b) is not a subsection of 1(a), but rather its own separate statement of what Congress made unlawful under GINA. There is no reason to assume Congress intended for use of genetic information to discriminate  to be a required element under § 1(b). "[I]t is a general principle of statutory construction that when 'Congress includes particular language in one section of a statute but omits it in another     section     of     the     same     Act,     it     is     generally     presumed that Congress acts intentionally and   purposely   in   the   disparate   inclusion   or

---

[2] Defendant cites *Jackson v. Regal Beloit Am., Inc.*, No. CV 16-134-DLB-CJS, 2018 WL 3078760, at *15 (E.D. Ky. June 21, 2018) for the proposition that a plaintiff has no claim under § 2000ff-1(a) where the employer could not have taken any adverse employment action. In fact, in *Jackson* the employer could not discriminate based on the plaintiff's genetic information because she refused to provide it. Like the EEOC, she brought her claim under § 2000ff-1(b) based on the defendant's unlawful request for genetic information during an employment-related medical exam. *Id.* ("Because Jackson has put forward proof that the medical records requested contained protected 'genetic information' in the form of her family history—a fact that Regal conceded at oral argument—she has proven that Regal made an unlawful request for genetic information."). Likewise, Dollar General has not denied it requested family medical history or that such history constituted genetic information under GINA. Such is sufficient for the Court to find liability.

exclusion.'" *Barnhart v. Sigmon Coal Co.,* 534 U.S. 438, 452 (2002). Thus, neither the language of GINA itself, nor any case authority citing GINA, requires proof of intentional use of genetic information in order for the plaintiff to have standing to seek monetary damages.

### II.   Under a New Supreme Court Decision Nominal Damages Are Sufficient to Confer Article III Standing Even Without Economic Damages

Defendant contends that nominal damages do not confer Article III standing because such relief has no effect on the parties' rights. (Doc. 126, p. 14). Unfortunately for Defendant, on March 8, 2021 the United States Supreme Court rejected that argument in *Uzuegbunam v. Preczewski,* __ U.S. __, 2021 WL 850106 (March 8, 2021). In *Uzuegbunam*, the Court held that a student who brought a § 1983 action against his college for violation of his First Amendment right to distribute religious literature on campus had Article III standing despite only seeking nominal damages and injunctive relief, and not seeking economic relief. The Court held that "an award of nominal damages by itself can redress a past injury." *Uzuegbunam,* 2021 WL 850106 at *2. Citing ancient English and U.S. courts' common law precedent, the Court endorsed the position that "'every injury imports a damage' and that a plaintiff could always obtain damages even if he 'does not lose a penny by reason of the [violation].'" *Id.* at * 4 (*quoting Ashby v. White*, 2 Raym. Ld. 938, 955 (K.B. 1703). "[A] prevailing plaintiff 'is entitled to a verdict for

nominal damages' whenever 'no other [kind of damages] be proved.'" *Id.* (*quoting Webb v. Portland Mfg. Co.,* 29 F. Cas. 506, 508-509 (No. 17, 322) (CC Me. 1838). The purpose of this principle is to "avoid the oddity of privileging small-dollar economic rights over important, but not easily quantifiable nonpecuniary rights." *Id.* at *5. The *Uzuegbunam* Court specifically rejected the idea that an award of nominal damages was only proper where a plaintiff pled compensatory damages but failed to establish a specific amount. *Id.* Nominal damages are neither a "consolation prize" nor "purely symbolic[,]" but rather damages that affect the "'behavior of the defendant towards the plaintiff' and thus provide redress." *Id.* at *6 (internal citations omitted).

### III.   The EEOC's Claim for Injunctive Relief Also Confers Standing to Bring Its GINA Claim

In addition, even if the EEOC's GINA claim were akin to a disparate impact claim, which it is not, EEOC seeks injunctive relief, which confers standing to bring its claim. *See E.E.O.C. v. Outback Steak House of Fla., Inc.,* 576 F. Supp. 2d 1202, 1205 (D. Colo. 2008) ("although the EEOC cannot recover emotional distress damages or punitive damages under a disparate impact theory, the EEOC may obtain injunctive relief, declaratory relief, back pay, front pay and interest."). "Standing consists of three elements: '[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.' As the party seeking the

preliminary **injunction**, the plaintiffs bear the burden of establishing these elements." *People First of Alabama v. Merrill*, 467 F. Supp. 3d 1179, 1197 (N.D. Ala. 2020), *appeal dismissed*, No. 20-12184-GG, 2020 WL 5543717 (11th Cir. July 17, 2020) (emphasis added) (*quoting Spokeo, Inc. v. Robins*, ⸺ U.S. ⸺, 136 S. Ct. 1540, 1547 (2016)).[3]

Defendant also asserts that the Court no longer has authority to grant injunctive relief because Defendant discontinued the prohibited practice and any ruling against Defendant would in essence be only an advisory opinion. Defendant is mistaken. "Along with its power to hear the case, the court's power to grant injunctive relief survives discontinuance of the illegal conduct. The purpose of an injunction is to prevent future violations and, of course, it can be utilized even without a showing of past wrongs." *U.S. v. W. T. Grant Co.*, 345 U.S. 629 (1953) (*citing Goshen Mfg. Co. v. Hubert A. Myers Mfg. Co.*, 242 U.S.202 (1916) and *Swift & Co. v. U.S.*, 276 U.S. 311 (1928)). "[M]ere voluntary cessation of misconduct when a suit is filed does not necessarily render a case moot or remove the necessary

---

[3] Even potential future harm can serve as a basis to confer standing to a GINA claimant. In *AARP v. United States Equal Employment Opportunity Comm'n,* 226 F. Supp. 3d 7, 15 (D.D.C. 2016), an individual claimant and the AARP both had standing to challenge the EEOC's regulations pertaining to the definition of "voluntary" participation in employer wellness programs as inconsistent with both the ADA and GINA based on the incentives offered being coercive. Standing was conferred despite no showing of actual harm.

justiciability." *Meltzer v. Bd. of Pub. Instruction of Orange Cty., Fla.*, 548 F.2d 559, 565 n.10 (5th Cir. 1977), *on reh'g,* 577 F.2d 311 (5th Cir. 1978) (*citing DeFunis v. Odegaard*, 416 U.S. 312 (1974) and *United States v. W. T. Grant Co.*, 345 U.S. 629 (1953). "The crucial test, in an action involving a request for injunctive or declaratory relief where defendant has voluntarily ceased his allegedly illegal conduct, is whether it can be said with assurance that there is no reasonable expectation that the wrong will be repeated." *Id*. As the *Meltzer* court stated,

> Both sides agree to the abstract proposition that voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot. A controversy may remain to be settled in such circumstances, e.g., a dispute over the legality of the challenged practices. The defendant is free to return to his old ways. This, together with a public interest in having the legality of the practices settled, militates against a mootness conclusion. For to say that the case has become moot means that the defendant is entitled to a dismissal as a matter of right. The courts have rightly refused to grant defendants such a powerful weapon against public law enforcement.

*Id.* at fn. 13 (*citing United Brotherhood C. & J. v. N. L. R. B.*, 341 U.S. 707 (1951) (other internal citations omitted)). Here, without an injunction, Defendant is free to resume its practice of collecting family medical history, and the EEOC's interest in having the illegality of this practice determined in the public interest would be thwarted.

More specifically, at least one court has entered an injunction against a

defendant who merely acquired genetic information in violation of GINA even after the defendant ceased acquiring the information. In *Lowe,* the plaintiffs moved the court post-verdict for injunctive relief to ensure that their genetic samples were destroyed. The court held, even though there was evidence the samples had already been destroyed, that it "was still appropriate to **DIRECT** Defendant to refrain from requesting genetic information from its employees moving forward in violation of GINA." *Lowe v. Atlas Logistics Grp. Retail Servs. (Atlanta), LLC,* No. 1:13-CV-2425-AT, 2015 WL 10891935, at *3 (N.D. Ga. Sept. 28, 2015) (emphasis in original). The court entered its injunction even though it reasoned that the "verdict awarded in this case strongly suggests that Defendant should be fully incentivized to avoid any future requests for employee genetic information again at all costs." *Id.* at *2. The same holds true here where Defendant, a nation-wide retailer whose practices potentially impact thousands of job applicants, should be directed to avoid any future requests for employee genetic information.

### IV.   The EEOC's Motion for Partial Summary Judgment Is Not Premature and Is Not Directed to Determining Damages

As plainly stated in its title, the EEOC's motion seeks only a ruling that Defendant violated GINA – the EEOC's motion is only directed to a finding of liability.[4] References to damages in the EEOC's brief were to demonstrate that the

---

[4] The EEOC's Motion is entitled Motion for Partial Summary Judgment as to Liability Regarding Defendant's Violation of Genetic Information Non-Discrimination Act. (Doc. 107).

EEOC's GINA claim includes the type of harm to the Class Members that the Court can remedy. The EEOC's brief in support of its motion clearly states that the Court need not make a determination about damages in order to determine liability, and cites cases where other courts have done exactly that. (Doc. 107-1, p. 31-32). Some discussion of the existence of damages was necessary, however, to respond to the argument the EEOC (correctly) anticipated Defendant would (erroneously) assert - that there were no compensable damages and that such is fatal to the EEOC's claim.

## V. Defendant Erroneously Claims It Had No Affirmative Duty to Instruct Middle Creek Not To Solicit Genetic Information

Just as Defendant does not deny it violated GINA by requesting family medical history, Defendant does not deny that it failed to instruct MC not to solicit genetic information. Instead, Defendant quibbles with whether it should have to abide by a regulation which was promulgated by EEOC to further the statutory purpose of GINA. The regulatory language is clear: "A covered entity **must** tell health care providers not to collect genetic information, including family medical history, as part of a medical examination intended to determine the ability to perform a job, and **must** take additional reasonable measures within its control if it learns that genetic information is being requested or required." 29 C.F.R. §1635.8(d) (emphasis added).

The fact that this provision is a regulation and not part of the statute's text does not negate its enforceability. Courts have "long recognized that considerable

weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.,* 467 U.S. 837, 844 (1984) (internal citations omitted). The Court explained,

> "The power of an administrative agency to administer a congressionally created ... program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress." If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute.

*Id.* at 843–44 (*quoting Morton v. Ruiz*, 415 U.S. 199 (1974).

The EEOC's regulation at 29 C.F.R. § 1635.8(d) requiring an employer to tell health care providers not to collect family medical history as part of a medical exam, and to take additional reasonable measures if it learns genetic information is being requested, has been held to be an "affirmative duty." *See Jackson v. Regal Beloit Am., Inc.*, No. CV 16-134-DLB-CJS, 2018 WL 3078760, at *16 (E.D. Ky. June 21, 2018) (*citing* 29 C.F.R. §1635.8(d) and holding, "Thus, Regal had an affirmative duty to ensure Dr. Haskell did not violate GINA during the course of any medical examination.").

The fact that Defendant did not instruct MC not to collect family medical history is also evidence that the collection of that information was not inadvertent.

*Id.* at 16-17 ("If a covered entity acquires genetic information in response to a lawful request for medical information, the acquisition of genetic information will not generally be considered inadvertent unless the covered entity directs the individual and/or health care provider from whom it requested medical information (in writing, or verbally, where the covered entity does not typically make requests for medical information in writing) not to provide genetic information.") (*quoting* 29 C.F.R. § 1635.8(b)(1)(i)(A)). Thus, Defendant's actions cannot be deemed inadvertent because it failed in this affirmative duty.

### VI.   Defendant Has Not Cited Any Material Fact In Dispute That Supports Denial of Partial Summary Judgment

To establish liability for an illegal request for genetic information under GINA, the EEOC must show (1) that a covered employer or its agent made a request of an applicant; (2) that the request solicited "genetic information;" and (3) that none of the statutory exceptions apply. *See Lee v. City of Moraine Fire Dep't*, 2015 WL 914440, at *11 (S.D. Ohio Mar. 3, 2015). The EEOC has done so at length in its original brief. (Doc. 107-1). In response, Defendant has not disputed that the EEOC has established each element of its *prima facie* case. Defendant has not denied that it included the prohibited question on the form used in its pre-employment medical exams, or denied that it directed MC to collect family medical history, or denied that MC was acting as its agent in doing so, or claimed the request was inadvertent. Defendant has not argued that any other statutory exceptions apply to shield it from

liability. Thus, Defendant has not shown there exists any genuine dispute as to any material fact as to its liability.

## VII.   CONCLUSION

The material facts necessary to prove Defendant violated GINA are undisputed. The EEOC has also established that, as a matter of law, it has standing to bring its GINA claim and the existence of potential damages that can be determined at trial. In addition, EEOC's claim for injunctive relief confers standing to bring its GINA claim. Therefore, the EEOC respectfully requests that the Court grant Plaintiff's Motion for Partial Summary Judgment and find Defendant liable for violating GINA by soliciting family medical history through its agent, MC, from Jackson and a class of General Warehouse Worker job applicants at its Bessemer, Alabama Distribution Center from at least December 2013 to August 22, 2014.

Dated: March 19, 2021

Respectfully submitted,

**MARSHA L. RUCKER**
Regional Attorney
PA Bar No. 90041

**GERALD L. MILLER**
Supervisory Trial Attorney
AL Bar No.: ASB-1454-E52G

*/s/Gina E. Pearson*
**GINA PEARSON**

Trial Attorney
AL Bar No.: ASB-3971-H61g
gina.pearson@eeoc.gov

**ALYSIA FRANKLIN**
Trial Attorney
CA Bar No. 244410
alysia.franklin@eeoc.gov

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1130 22nd Street South
Suite 2000
Birmingham, AL 35205
Phone: (205) 651-7049

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2021, I filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record.

**John E. B. Gerth, Esq.**
**Stanley E. Graham, Esq.**
**Frederick Conrad, III, Esq.**
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, TN 37291
stan.graham@wallerlaw.com
jeb.gerth@wallerlaw.com
trip.conrad@wallerlaw.com

Attorneys for Defendant

**Byron Perkins, Esq.**
Perkins Law
Civic Center Medical Forum Building
950-22nd Street N., Suite 550
Birmingham, Alabama 35203
bperkins@perkins-law.com

**David W. Scott, Esq.**
D.W. Scott Law, LLC
P.O. Box 11734
Birmingham, AL 35202
david@dwscottlaw.com

Attorneys for Plaintiff-Intervenor

*/s/Gina E. Pearson*
Gina E. Pearson