IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| VINCENT JACKSON, | ) ) ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) Civil Action No. 2:17-cv-01649-MHH |
| DOLGENCORP, LLC, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

**I.     INTRODUCTION**

This case presents unusual and unsettled legal theories under the Genetic Information Nondiscrimination Act ("GINA") and the Americans with Disabilities Act ("ADA").  The EEOC seeks to recover compensatory and punitive damages under these statutes on behalf of more than 500 people, but <u>not</u> on claims of intentional discrimination for either genetic information or disability.  Its GINA claim rests instead on a section of the statute aimed at the "acquisition" of genetic information, while its ADA claim is asserted under a provision addressing the alleged impact of employment qualification standards on disabled individuals.

Until this Court's recent summary judgment order, no other court had analyzed whether the law allows for the recovery of compensatory and punitive damages on a GINA acquisition claim.  Dollar General maintains that the plain language of the governing statute extends the right

to such damages only for claims of intentional discrimination based on genetic information—claims that are not asserted here. The Court's recent Memorandum Opinion, however, found both liability and a right to seek damages on the EEOC's conceptually distinct GINA acquisition claim. Whether there is such a right to damages on a GINA acquisition claim is a pure question of law and a matter of first impression. Dollar General submits that this question should be certified for an immediate appeal under 28 U.S.C. § 1292(b).

The EEOC's ADA qualifications standards claim also presents a pure question of law that Dollar General submits warrants immediate review by the Eleventh Circuit. There is substantial legal authority in this Circuit and elsewhere that an ADA challenge to qualification standards is analyzed as a disparate impact claim that requires statistical evidence and cannot be established as a disparate treatment claim of intentional discrimination. The Court's Memorandum Opinion ruled otherwise, despite the weight of this authority to the contrary.

An interlocutory appeal of a district court's order is appropriate when the questions presented are: (1) controlling questions of law that do not require any assessment of disputed facts in the record, (2) questions over which there is substantial ground for a difference of opinion, and (3) questions whose resolution through an immediate appeal will materially advance termination of the litigation. All of those elements are present in the following two questions addressed in the Court's July 26, 2022 Memorandum Opinion (Doc. 131):

1. Is a GINA claim for the "acquisition of genetic information" under 42 U.S.C. § 2000ff-1(b) a claim for "intentional unlawful discrimination" within the meaning of 42 U.S.C. § 1981a for which compensatory and punitive damages are available?

2. Is an ADA claim of qualification standards that screen out or tend to screen out individuals with disabilities under 42 U.S.C. § 12112(b)(6) analyzed exclusively as a disparate impact claim or can it be established through a showing of disparate treatment?

These two questions do not require consideration of any disputed facts.  They are pure questions of law, the answers to which are potentially dispositive of those claims.

The Court's Memorandum Opinion also effectively recognizes that both questions are ones over which there are substantial grounds for differences of opinion.  As the Court noted, the first question concerning what relief is available for an acquisition of genetic information claim under 42 U.S.C. § 2000ff-1(b) is a difficult question of law that is "an issue of first impression." (Memorandum Order, Doc. 131, p. 39).  The question turns on the complex and novel issue of how to apply Title VII's remedial scheme to GINA claims when "GINA's statutory framework does not neatly map onto" that remedial scheme.  (*Id.* at 42).

The ADA qualification standards claim likewise presents substantial grounds for a difference of opinion.  This difference of opinion is evident from the split of authority noted in the Court's Memorandum Opinion, including Supreme Court and Eleventh Circuit authority tacitly acknowledging that ADA qualification standards claims are to be analyzed as disparate impact claims requiring statistical proof—a type of proof that is indisputably absent here.  (Memorandum Order, Doc. 131, p. 14, 20–21).

An immediate appeal is further warranted because the answer to either or both of the questions presented would materially advance the termination of this litigation by avoiding the need for further damages discovery, additional dispositive motions practice, a trial, and an inevitable appeal on the same pure questions of law for which immediate review is now sought.  This case is in an unusual posture that is even more suitable for immediate appeal following dispositive motion briefing because the parties—at the Court's direction—delayed taking damages discovery precisely because such discovery could be mooted by summary judgment in Dollar General's favor on these legal questions.  *See* (Transcript of 10/6/20 Hearing, Doc. 98 at 3–6, 14–

4878-9097-2207.4

20 ("The Court: I wonder if there might be some efficiency in delaying the discovery about damages until after the Court receives . . . the parties' briefing on [a summary judgment] motion."; "I have requested this dispositive motion earlier than anticipated because I'm trying to see if there's an opportunity to narrow the issues in the case. . . .")). Now that the Court has ruled on those initial summary judgment motions, the parties will need to take substantial discovery concerning the alleged damages of over 500 individuals, prepare a second round of dispositive motions on the absence of any damages proof, and (because the Court has already found liability on the GINA claim) try at least some claims before a jury. (*Id.* at 22–24 ("[I]f the EEOC survives these early dispositive motions [] there will be a discovery period on damages and [] Dollar General [may have] the opportunity for a post damages discovery dispositive motion. . . ." (emphasis added)). As the Court already recognized in ordering early summary judgment briefing, however, some or all of these issues may be mooted if the legal questions are raised now before the Eleventh Circuit, materially advancing the termination of this litigation.

## II.     ARGUMENT

If a district court determines that an order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation," an immediate appeal to the circuit court can be certified. 28 U.S.C. § 1292(b); *see McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1257–59 (11th Cir. 2004). "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law. And the answer to that question must substantially reduce the amount of litigation left in the case." *McFarlin*, 381 F.3d at 1259. These elements are satisfied for each of the two questions presented here.

**1. Both questions presented are controlling questions of law that do not require study of the factual record.**

"Controlling questions of law are abstract legal issues that the appellate court 'can decide quickly and cleanly without having to study the record.'" *Johns Manville v. Tva*, 2006 U.S. Dist. LEXIS 111761, *3 (N.D. Ala. July 31, 2006) (quoting *McFarlin*, 381 F.3d at 1258). "They are those questions that involve the meaning of statutes, constitutional provisions, regulations, or common law doctrines and not those that involve 'the application of settled law to fact.'" *Id.* (quoting *McFarlin*, 381 F.3d at 1258). Both questions presented satisfy this element.

The first purely legal question concerns whether GINA's adoption of Title VII's remedial scheme includes that statute's distinction between the remedies available for unlawful employment practices generally and the remedies available for the specific subset of unlawful employment practices that constitute "unlawful intentional discrimination." Prior to 1991, Title VII claimants could not recover damages for any type of claim and could only obtain equitable remedies. The Civil Rights Act of 1991, however, carved out one specific exception. That amendment provided a limited right to recover compensatory and punitive damages under Title VII, but <u>only</u> for a claim of "unlawful intentional discrimination." 42 U.S.C. § 1981a(a)(1).

GINA prohibits two types of employment practices. It creates one cause of action for "discrimination based on genetic information" and a separate cause of action for the "acquisition of genetic information," even if the genetic information is never used in a discriminatory manner. The question presented is whether a standalone GINA "acquisition" claim that does not involve discriminatory intent is nonetheless a claim of "unlawful intentional discrimination" for which § 1981a would allow the recovery of damages. Whether a claim affords a particular type of relief is the type of question that the Eleventh Circuit has recognized is appropriate for interlocutory review. *See, e.g.*, *Tucker v. Fearn*, 333 F.3d 1216, 1218 (11th Cir. 2003) (granting § 1292(b)

review of whether a nondependent parent may recover loss of society damages for the wrongful death of a minor child under maritime law); *Love v. Delta Air Lines*, 310 F.3d 1347, 1351 (11th Cir. 2002) (granting § 1292(b) review of what remedies, if any, are available to private litigants under the Air Carrier Access Act of 1986); *cf. Solutia Inc. v. McWane, Inc.*, 2008 U.S. Dist. LEXIS 126003, *11 (N.D. Ala. June 25, 2008) (finding that whether a party "can seek to recover [] cleanup costs pursuant to § 107 of CERCLA [] is a 'controlling question of law'").

The second question presented is whether an ADA "qualification standards" claim under § 12112(b)(6) is a disparate impact claim that cannot also be treated as a claim of intentional disability discrimination. This too is a controlling question of law because it concerns the standard applicable to a specific claim under the ADA and does not depend on any review of the factual record. *See Love*, 310 F.3d at 1351 (granting § 1292(b) review of whether the Air Carrier Access Act of 1986 implies a private right of action); *United States v. AseraCare Inc.*, 2014 U.S. Dist. LEXIS 191640, *6 (N.D. Ala. Dec. 19, 2014) (finding that what type of proof is required to establish an element of a claim is "a pure question of law, which the Eleventh Circuit can decide quickly and cleanly without having to study the record") (quotations omitted).

2. **The answers to both questions are ones for which there are substantial grounds for a difference of opinion.**

"Questions of law as to which there is substantial ground for difference of opinion are those in which the Eleventh Circuit is not in 'complete and unequivocal' agreement with the district court." *Id.* (quoting *McFarlin*, 381 F.3d at 1258). "Substantial ground for difference of opinion exists when a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Ala. Aircraft Indus. V. Boeing Co.*, 2019 U.S. Dist. LEXIS 242335, *18–19 (N.D. Ala. Mar. 18, 2019). Both questions presented here are ones for which substantial grounds for a difference of opinion exist.

4878-9097-2207.4

The question of what remedies are available for an "acquisition" claim does not appear to have been analyzed by any court prior to this Court's Memorandum Opinion. It is "an issue of first impression" involving the difficult overlaying of one statute's remedial scheme onto claims asserted under another statute where the structures of the two statutes do not "neatly" align. *See* (Memorandum Order, Doc. 131, p. 39–42); *Ala. Aircraft Indus.*, 2019 U.S. Dist. LEXIS 242335 at *18–19 ("Substantial ground for difference of opinion exists when a legal issue is (1) difficult and of first impression . . . ."). The Court has already acknowledged the challenging nature of reconciling Title VII's remedial scheme with GINA's statutory framework. *See* (Memorandum Order, Doc. 131, p. 42 ("Admittedly, GINA's statutory framework does not neatly map onto 42 U.S.C. § 1981a(a)(1)'s remedial scheme.")). The dearth of judicial authority analyzing a GINA acquisition claim through the lens of § 1981a is also underscored by the Court's multi-page analysis on the issue, including its citing testimony from a lobbying group in the GINA legislative history in order to infer that compensatory and punitive damages were an intended remedy. *See* (Memorandum Order, Doc. 131, p. 42–45) (quoting H.R. REP. NO. 110-28, at 67–68).

In contrast, the history of the applicable Title VII remedial scheme supports a construction opposite to the one adopted by the Court. As previously noted, "[b]efore the enactment of the 1991 Act, Title VII afforded only 'equitable' remedies." *Landgraf v. Usi Film Prods.*, 511 U.S. 244, 252 (1994). Then "Congress amended Title VII in 1991 to permit victims of <u>intentional discrimination</u> to recover compensatory [] and punitive damages. . . ." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 72 (2006) (emphasis added). That amendment recognized only "unlawful intentional discrimination," and not any other types of prohibited conduct, as the type of conduct for which compensatory and punitive damages could be recovered. *See* 42 U.S.C. § 1981a(a)(1); *see also John Does, 1, 2, 3 & 4 v. Covington Cty. Sch. Bd.*, 969 F. Supp. 1264, 1279

(M.D. Ala. 1997) ("A Title VII plaintiff may recover compensatory and punitive damages <u>only if</u> he or she demonstrates intentional discrimination.") (emphasis added).  This history shows that the default interpretation for any statute governed by § 1981a(a)(1) is that compensatory and punitive damages remain unavailable for all prohibited practices other than "unlawful intentional discrimination."  Accordingly, while the relief available for a claim of "discrimination based on genetic information" under 42 U.S.C. § 2000ff-1<u>(a)</u> may include such damages, the separate and distinct claim of "acquisition of genetic information" created by 42 U.S.C. § 2000ff-1<u>(b)</u> does not allow for them.  Substantial ground for a difference of opinion thus exists on this novel question. *See Solutia Inc.*, 2008 U.S. Dist. LEXIS 126003 at *11 (finding a substantial ground for difference of opinion in statutory interpretation where neither the Supreme Court nor the Eleventh circuit has answered the question).

The separate question of whether an ADA "qualifications standards" claim must be brought exclusively under a disparate impact theory is also one for which substantial ground for a difference of opinion exists.  This substantial ground is demonstrated by the split of authority on the issue among district courts both in the Eleventh Circuit and across the country.  *Compare Allmond v. Akal Sec., Inc.*, 2007 U.S. Dist. LEXIS 72713, *16–17 (M.D. Ga. Sep. 28, 2007) ("Claims brought pursuant to § 12112(b)(6) are treated as disparate impact claims.") *and Fulbright v. Union Pac. R.R. Co.*, 2022 U.S. Dist. LEXIS 37383, *9 (N.D. Tex. Mar. 2, 2022) ("Plaintiff may not bring his section 12112(b)(6) screening-related claim under a disparate-treatment theory of discrimination and is limited to doing so only under a theory of disparate impact.") *with* (Memorandum Order, Doc. 131, p. 19) ("[T]he Court rejects Dollar General's contention that § 12112(b)(6) pertains only to disparate impact claims and that a plaintiff may prove a discrimination claim under § 12112(b)(6) only by offering comprehensive statistical evidence.");

*see also Ala. Aircraft Indus.*, 2019 U.S. Dist. LEXIS 242335 at *18–19 ("Substantial ground for difference of opinion exists when . . . the district courts of the controlling circuit are split as to the issue . . . .").

Supreme Court and Eleventh Circuit case law further demonstrate the substantial ground for a difference of opinion by supporting Dollar General's position that § 12112(b)(6) claims must be analyzed as disparate impact claims requiring statistical evidence. *See Raytheon v. Hernandez*, 540 U.S. 44, 53 (2003) (explaining the ADA permits disparate treatment claims by quoting § 12112(b)(3) and disparate impact claims by quoting § 12112(b)(6)); *Smith v. Miami-Dade Cty.*, 621 F. App'x 955, 961–62 (affirming grant of summary judgment to defendant on a § 12112(b)(6) claim because the plaintiff failed to provide statistical evidence and such evidence is required for a disparate impact claim); *see also* (Memorandum Order, Doc. 131, p. 14) ("Dicta in *Raytheon* undergirds the argument that § 12112(b)(6) pertains only to disparate impact claims.").

3. **Immediate appeal on one or both of the questions will materially advance termination of the litigation.**

"[T]hat resolution of the question may materially advance the ultimate termination of the litigation—means that the appellate court's immediately addressing the controlling question of law 'would serve to avoid a trial or otherwise substantially shorten the litigation.'" *Johns Manville*, 2006 U.S. Dist. LEXIS 111761 at *3–4 (quoting *McFarlin*, 381 F.3d at 1259). "[The] particular question should yield an 'answer . . . [that would] <u>substantially reduce the amount of litigation left in the case</u>.'" *Ala. Aircraft Indus.*, 2019 U.S. Dist. LEXIS 242335 at *19 (quoting *McFarlin*, 381 F.3d at 1259) (emphasis added). Resolution of one or both of the questions in Dollar General's favor on appeal would materially advance the ultimate termination of the litigation.

The resolution of either question in Dollar General's favor would result in the dismissal of a substantial portion of this lawsuit and remove the claims of potentially hundreds of "aggrieved

parties" for whom damages discovery and additional summary judgment briefing would otherwise still be necessary before trial.  An appeal to the Eleventh Circuit on these very questions would also occur eventually regardless of the outcome of this discovery, motion practice, and trial because the Court has already found in favor of the EEOC on liability for the GINA claim. Immediate appeal at this juncture would not only remove the immediate need for extensive damages discovery, motion practice, and trial in a case involving approximately 500 "aggrieved parties"—whose damages would all need to be individually proven—but it would not add any time to the resolution of this case because an appeal on these pure legal questions would still come after trial even if it were not permitted now.

The unique procedural posture of this case makes the two presented questions particularly appropriate for immediate appeal.  The summary judgment motions addressed in the Court's July 26, 2022 Memorandum Opinion were filed at the direction of the Court ahead of the previously set January 29, 2021 dispositive motion deadline, (Doc. 90), and in response to Dollar General's motion for additional time to conduct damages discovery. (Doc. 95).  The Court ordered the filing of those motions to potentially avoid individualized damages discovery for 500 "aggrieved parties" claiming emotional distress and to address an ongoing dispute over the scope of damages discovery.  The Court then relayed that, should the ADA or the GINA claims survive summary judgment, the Court would order an appropriate period of time to conduct damages discovery. (Transcript of 10/6/20 Hearing, Doc. 98 at 23).  The Court's recent summary judgment ruling allowing those claims to proceed means that additional time will now be needed to conduct that damages discovery and prepare a second round of briefing before any trial is held.

Certifying the two questions presented for immediate appeal, however, could potentially avoid or dramatically reduce this discovery, motion practice, and trial.  If the Eleventh Circuit were

to hold that a GINA "acquisition" claim is not a claim of "unlawful intentional discrimination" for which § 1981a permits compensatory and punitive damages, the need for extensive damages discovery on those claims would be mooted because the claims would necessarily fail for lack of Article III standing. Similarly, if the Eleventh Circuit were to hold that an ADA § 12112(b)(6) claim must be analyzed as a disparate impact claim (as it has previously strongly suggested), the Court would not need to resolve the discovery dispute over the individualized damages sought by 23 ADA "aggrieved parties." A trial on liability would also be unnecessary on those claims because the EEOC has presented no statistical proof as required to support such claims. Accordingly, certification of these two questions for immediate appeal is appropriate because "resolution of the question[s] may reduce the amount of litigation [and] could save the court and the parties from needlessly expending resources." *See Blumenfeld v. Regions Bank*, 2018 U.S. Dist. LEXIS 243540, *4 (N.D. Ala. Oct. 29, 2018).

## VI.  CONCLUSION

For the foregoing reasons, Dollar General requests that the Court certify its summary judgment order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on the two questions identified.

Respectfully submitted,

/s/ Stanley E. Graham
Stanley E. Graham, Esq.
John E. B. Gerth, Esq.
Frederick L. Conrad III, Esq.
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
stan.graham@wallerlaw.com
jeb.gerth@wallerlaw.com
trip.conrad@wallerlaw.com

*Attorneys for Defendant Dolgencorp, LLC*

4878-9097-2207.4

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2022, the foregoing Memorandum in Support of Motion for Certification of Interlocutory Appeal was served *via* the court's electronic filing system on the following counsel of record:

**Marsha L. Rucker, Esq.**
**Gerald L. Miller, Esq.**
**Gina Pearson, Esq.**
**Russell P. Parker, Esq.**
**Kurt S. Fischer, Esq.**
Equal Employment Opportunity Commission
1130 22nd Street South
Suite 2000
Birmingham, AL 35205
marsha.rucker@eeoc.gov
gerald.miller@eeoc.gov
gina.pearson@eeoc.gov
kurt.fischer@eeoc.gov
russ.parker@eeoc.gov

**David W. Scott, Esq.**
D.W. Scott Law LLC
P.O. Box 11734
Birmingham, AL 35202
david@dwscottlaw.com

**Byron R. Perkins, Esq.**
Perkins Law
The Civic Center Medical Forum Bldg.
950 22nd Street N., Suite 550
Birmingham, AL 35203
bperkins@perkins-law.com

/s/ Stanley E. Graham