FILED

2022 Sep-16  AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **and** | ) | **2:17-cv-01649-MHH** |
| | ) | |
| **VINCENT JACKSON,** | ) | |
| | ) | |
| **Plaintiff-Intervenor** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DOLGENCORP, LLC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

**EEOC'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

---

Plaintiff, Equal Employment Opportunity Commission ("EEOC"), opposes Defendant

Dolgencorp LLC's ("Defendant or "Dollar General") Motion for Certification of Interlocutory

Appeal (Doc. 134) because Defendant fails to meet the exacting standards of 28 U.S.C. § 1292(b).

Dollar General seeks an interlocutory appeal on two questions that this Court conclusively resolved

in its July 26, 2022 Memorandum Opinion on the parties' cross motions for summary judgment.

(Doc. 131). Dollar General's questions are:

> (1) "Is a GINA claim for the 'acquisition of genetic information'
> under 42 U.S.C. §2000ff-1(b) a claim for 'intentional unlawful
> discrimination' within the meaning of 42 U.S.C. §1981(a) for which
> compensatory and punitive damages are available?"
> (2) "Is an ADA claim of qualification standards that screen out or
> tend to screen out individuals with disabilities under 42 U.S.C. §

> 12112(b)(6) analyzed exclusively as a disparate impact claim or can
> it be established through a showing of disparate treatment?"

(Doc. 134). Neither question qualifies as the "rare exception" appropriate for interlocutory appeal.

Under 28 U.S.C. § 1292(b), a district court may, in its discretion, certify for immediate appeal a civil case where the case "involves a controlling question of law as to which there is substantial ground for difference of opinion and…an immediate appeal from the order may materially advance the ultimate termination of the litigation." Unless *all* these criteria are satisfied, the district court may not and should not certify its order for an immediate appeal under section 1292(b). *See, Armstrong v. United States*, No. 7:20-CV-00796-RDP, 2020 U.S. Dist. LEXIS 253888, at *3 (N.D. Ala. Sep. 30, 2020); *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000).

The Eleventh Circuit has characterized section 1292(b) interlocutory review as a "rare exception" to the general premise that the great bulk of appellate review must be conducted after final judgment. *McFarlin v. Conseco Services, LLC,* 381 F.3d 1251, 1264 (11th Cir. 2004). Accordingly, the Eleventh Circuit recognizes there is a "strong presumption *against* interlocutory appeals." *United States v. One Parcel of Real Property with Bldgs., Appurtenances & Improvements,* 767 F.2d 1495, 1498 (11th Cir. 1985) (emphasis added).

Because the Eleventh Circuit strongly discourages interlocutory appeals, movants must make a strong showing of the necessity for the extraordinary remedy of immediate appellate review. "Because permitting piecemeals appeals is bad policy, permitting liberal use of [section] 1292(b) interlocutory appeals is bad policy." *McFarlin,* 381 F.3d at 1259. "Unless a litigant can show that an interlocutory order of the district court might have a *serious, perhaps irreparable, consequence*, and that the order can be effectually challenged *only* by immediate appeal, the

general congressional policy *against* piecemeal review will preclude interlocutory appeal." *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981) (interior quotations removed; emphasis added). *See also, In re Cmty. Health Sys.*, No. 15-CV-222-KOB, 2017 U.S. Dist. LEXIS 21178, at *8-9 (N.D. Ala. Feb. 15, 2017) (only "exceptional circumstances justify a departure from basic policy of postponing appellate review until after the entry of a final judgment") (quoting, *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978));  *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) (Section 1292(b) "sets a high threshold for certification to prevent piecemeal appeals" and "[m]ost interlocutory orders do not meet this test"). Dollar General fails to meet this high burden required for certification for interlocutory appeal and its motion should be denied.

A.      **The Proposed GINA Question Is Not a Controlling Question of Law**

Defendant's first "controlling question of law" is actually a fundamental misstatement of the GINA statute and thus improper under 28 U.S.C. § 1292(b) for an interlocutory appeal. Having lost this argument at summary judgment, Dollar General wants to revisit whether compensatory and punitive damages are recoverable in this case based on whether its acquisition of genetic information was "discrimination" as described in 42 U.S.C. § 1981(a)(1).

Defendant's question assumes that only "intentional discrimination" under GINA is eligible for compensatory and punitive damages regardless of the employer's intent in acquiring genetic information. On the contrary, this is a backwards reading of what intent triggers liability for damages under GINA.

As this Court discussed in its opinion, under 42 U.S.C. §2000ff-1(b) the only intention that matters is an employer's intention to acquire genetic information, not whether it also intended to use the information to discriminate against the individual. (Doc. 131, p. 43). The Court is correct

because the GINA statute does not distinguish between ***intentional (nonaccidental) acquisition*** of family medical history and intentional ***use*** of that information to discriminate. *See Lowe v. Atlas Logistics Grp. Retail Servs (Atlanta), LLC*, 102 F. Supp. 3d 1360, 1370 (N.D. Ga. 2015) (finding liability under GINA for employer *merely requesting* cheek swabs without any evidence the employer intended to use the genetic information to discriminate). Instead, GINA provides a liability-free safe harbor for accidental or "inadvertent" acquisition of family medical history. *See* 42 U.S.C. § 2000ff-1(b); *see also* 29 C.F.R. § 1635.8(b)(1). Thus, the statute is not concerned with how Dollar General intended to use any information it acquired, only whether its questions seeking that information were intentionally (versus inadvertently) asked. As this Court correctly noted, the GINA statute "explicitly deals with unintentional conduct, not by limiting what remedies are available to a plaintiff, but by excusing liability." (Doc. 131, p. 41-45).

That Defendant intentionally acquired genetic information in asking about applicants' family medical history is not in dispute.[1] The EEOC's Complaint alleged that Dollar General intentionally drafted and provided a questionnaire to its occupational health clinic and directed the clinic to acquire family medical history from every applicant using the written inquiry "have your grandparents, parents, or children had any significant medical problems?" followed up by verbal questions. (Doc. 129, p. 2-3). As this Court properly noted, the "EEOC expressly alleges that 'Defendant's request for genetic information was not inadvertent' and 'were and are intentional'" and found in doing so that, as a matter of law, Defendant violated GINA. (Doc. 131, p. 41, 46). This Court correctly held that, based on Defendant's "intentional conduct," damages are available.

---

[1] If Defendant's question is also whether inclusion of its family medical history questions was inadvertent or intentional, this is a factual determination made by a jury, not a judge, where the facts are in dispute. Such a factual question does not meet the requirements for interlocutory certification. *See McFarlin*, 381 F.3d at 1258 (where the issues presented involve application of the facts to the law, the movant cannot prove that there is a controlling question of law) (citing *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674 (7th Cir. 2000)).

(Doc. 131, p. 41-45). Defendant's confusion or disagreement with this Court's ruling about what intentional conduct triggers GINA liability is not a controlling question of law that merits interlocutory review. [2] "Otherwise, all decisions dismissing or granting summary judgment would satisfy this element." *See, Ala. Aircraft Indus. v. Boeing Co.*, No. 2:11-cv-03577-RDP, 2019 U.S. Dist. LEXIS 242335 (N.D. Ala. Mar. 18, 2019) (explaining where the court's decisions have no overarching implications for other cases, the issues are not the type of "controlling question of law" that were intended for § 1292(b) certification).

> **B.    No Substantial Difference of Opinion as Required Under Section 1292(b) Exists for Either Proposed Question**

Not surprisingly, Dollar General fails to cite to any case authority to support its contention that there is a substantial difference of opinion whether compensatory and punitive damages are available under GINA where an employer intentionally solicits or acquires family medical history from job applicants but does not use the illegally acquired information to discriminate against them. The implication of Dollar General's position is that no damages should be permitted for its intentional misconduct; i.e., intentionally asking family medical history questions which cause the job applicants to suffer mental and emotional distress. Despite this Court's rejection of that proposition, Dollar General now seeks to have a second bite at the apple by asking the Eleventh Circuit to review this Court's ruling rather than proceed to trial. Such is not an appropriate use of interlocutory review, where Dollar General has failed to cite any contrary authority giving rise to a substantial difference of opinion.

The language of GINA is clear that it is a violation of the statute to merely "request, require or purchase" certain information, which this Court correctly described as "necessarily involv[ing]

---

[2] The EEOC does not dispute that Defendant's second question regarding the ADA is a controlling question of law. Nevertheless, it does not merit interlocutory review because it does not meet the other two requirements discussed below.

intentional conduct." Doc. 131, p. 43 (citing 42 U.S.C. § 2000ff-1(b)). This Court correctly characterized the question as whether GINA allows for compensatory and punitive damages for a violation of 42 U.S.C. § 2000ff-1(b) as one of "first impression." (Doc. 131 p. 39). While it is true that the Eleventh Circuit has not specifically spoken to this issue, neither has any other court of appeals. Nevertheless, as this Court rightly recognized, there is ample, substantial authority strongly supporting its conclusion that such damages are available: specifically, "the language and legislative history of GINA, coupled with the Supreme Court's interpretation of 42 U.S.C. § 1981a(a)(1)." (Doc. 131 p. 45).  Moreover, "no court has held that damages are not available under 42 U.S.C. § 2000ff-1(b)." (Doc. 131 p. 41).  Given the weight of that supporting authority, and the lack of any contrary authority, it cannot reasonably be said that there exists any ***substantial*** difference of opinion on which to base interlocutory review. "A hollow statement that the Eleventh Circuit has yet to rule definitively on this question [and] [t]he mere absence of binding authority does not constitute a showing sufficient to satisfy § 1292(b) . . . ." *Williams v. Saxon Mortg. Co.*, No. 06-0799-WS-B, 2007 U.S. Dist. LEXIS 84787, at *7-8 (S.D. Ala. Nov. 15, 2007) (denying interlocutory appeal) (citing *In re Flor,* 79 F.3d 281, 284 (2nd Cir. 1996) ("the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion")).[3]

Similarly, Defendant fails to establish there is a substantial difference of opinion as to its proposed ADA question sufficient to warrant interlocutory appeal. There is clear case law to

---

[3] *See, Williams v. Saxon Mortg. Co.*, No. 06-0799-WS-B, 2007 U.S. Dist. LEXIS 84787, at *7-9 (S.D. Ala. Nov. 15, 2007) (citing *State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust,* 889 F. Supp. 849, 852 (E.D.N.C. 1995) (observing that district courts "have not been bashful about refusing to find substantial reason to question a ruling of law, even in matters of first impression") (citation omitted);  *Singh v. Daimler-Benz, AG,* 800 F. Supp. 260, 263 (E.D. Pa. 1992) (finding no substantial ground for difference of opinion, where there was one lower-court decision contrary to district court's ruling, but statutory language was clear); *United States v. Grand Trunk Western R. Co.,* 95 F.R.D. 463 (W.D. Mich. 1981) (merely questioning the correctness of the ruling, without more, does not warrant certifying an issue for interlocutory appeal under § 1292(b)).

support the Court's ruling that an ADA claim brought under 42 U.S.C. § 12112(b)(6) for impermissible qualification standards can be established by showing disparate treatment. *See, Gonzales v. City of New Braunfels, Tex.,* 176 F.3d 834, 839 (5th Cir. 1999) (evaluating a medical screening claim as disparate treatment); *Toole v. Metal Services, LLC,* 17 F. Supp. 3d 1161 (S.D. Ala. 2014) (applying the disparate treatment *McDonnell Douglas* framework to an allegedly impermissible qualification standard); *see also EEOC v. Kronos, Inc.*, 694 F.3d 351, 357 (3d Cir. 2012) (recognizing, in EEOC subpoena enforcement action, that 42 U.S.C. § 12112(b)(6) prohibits employment tests that "'screen out or tend to screen out' disabled people" and that "[t]ests of this type may be impermissible under both disparate treatment and disparate impact theories"). Again, Defendant fails to cite to any contrary case law that illustrates a ***substantial*** difference of opinion. "[S]ection 1292(b) requires substantial, not reasonable, grounds for difference of opinion." *Sparks v. Cullman Elec. Coop.*, No. 5:15-cv-322-MHH, 2016 U.S. Dist. LEXIS 31508, at *13 (N.D. Ala. Mar. 11, 2016).

While some courts have generally discussed analyzing qualification standard claims as disparate impact claims, neither the Supreme Court nor Eleventh Circuit have said that is the exclusive lens through which to analyze such claims. (Doc. 131 p. 14).[4] Further, the lack of precedents on this issue has recently been recognized. *See, Fulbright v. Union Pac. R.R. Co.,* No. 3:20-CV-2392-BK, 2022 WL 625082, at *2 (N.D. Tex. Mar. 2, 2022) ("This issue has not yet been specifically addressed by the United States Supreme Court, the Court of Appeals for the Fifth Circuit, or any district court within the circuit.").

---

[4] Thus, none of the conditions for substantial grounds for a difference of opinion under the standard cited by Defendant apply. This is not a legal issue which is "(1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Ala. Aircraft Inds. v. Boeing Co.*, 2019 U.S. Dist. LEXIS 242335, *18-19 (N.D. Ala. March 18, 2019).(Doc. 135 p. 6.)

**C.      An Immediate Appeal Will Not Materially Advance the Ultimate Termination of the Litigation**

Certifying this case for interlocutory appeal will not "serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin,*381 F.3d at 1259. To the contrary, certification would ensure substantial delay of the litigation on *all* claims, pending "the expensive and time-consuming step of pursuing an interlocutory appeal" on only some claims. *Ferguson v. BBVA Compass Bancshares, Inc.*, No. 2:19-cv-01135-MHH, 2021 U.S. Dist. LEXIS 31295, at *40 (N.D. Ala. Feb. 19, 2021). Defendant acknowledges that certifying the two questions for immediate appeal "would result in the dismissal of a substantial portion [not all] of this lawsuit and remove the claims of potentially hundreds" of aggrieved individuals and could "potentially" avoid or reduce discovery, motion practice and trial. (Doc. 135 p. 10, 11). However, and as well established, the mere fact that the litigation may ultimately be shortened by a favorable ruling for the defendant on interlocutory appeal is not a basis for permitting such an appeal. For a defendant simply to argue that appealing these questions now could result in early dismissal of some claims in the case "upends the 'exceptional' nature of § 1292(b)," as such an assertion "is true in every single case in which a district court dismisses—or does not dismiss—some claims at the beginning of the litigation." *Person v. Tech. Educ. Servs.*, Civil Action No. 1:19-cv-03735-SDG, 2020 U.S. Dist. LEXIS 263469, at *8 (N.D. Ga. June 22, 2020) (citing *Campbell v. Blasingame, Burch, Garrard, & Ashley, P. C.*, No. 1:10-cv-1663-WCO-LTW, 2012 WL 13129938, at *2 (N.D. Ga. Apr. 10, 2012)). "If district courts certified every question for an interlocutory appeal that may result in less resources being consumed,  … the rare exception would swallow the rule." *Campbell*, No. 1:10-cv-1663-WCO-LTW, 2012 WL 13129938, at *2.[5]

---

[5] The exceptional nature of interlocutory appeals is further evident in the most recent federal court management system statistics published by U.S. Courts which shows the number of interlocutory appeals in all United States Courts of Appeal to range from 0-3 per active judge for the twelve months preceding March 31, 2022. (Exhibit A, p.1). Out of

Additionally, Defendant has not argued that a trial on Mr. Jackson's claims would be avoided regardless of the outcome of an interlocutory appeal. It is well established that when a party has filed an interlocutory appeal, the district court only retains jurisdiction over aspects of the case that are unrelated to the appeal. *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). Thus, unless this Court opted to stay all proceedings during the interlocutory appeal, Mr. Jackson would try his individual GINA damages claim during the current trial setting, creating the strong likelihood of eventually having two trials in this case or delaying, likely for years, any trials here until after an interlocutory appeal had run its course.

The substantial delay attendant with an interlocutory appeal would further compound the delays already faced by the victims of the Defendant's illegal conduct. This litigation has been pending since 2017 but stems from an EEOC charge filed in 2014. Mr. Jackson and the class members have been successful at summary judgment, have already waited nearly ten years for their day in court, and should not have their trial further delayed. According to the most recent federal court management statistics published in March 2022, the median time for disposition of an appeal to the Eleventh Circuit is 8.8 months. (Exhibit A, p. 2). Disposition of an appeal of this case would likely take much longer than this median time. Further delay is not warranted. *See Ray v. Edwards*, 725 F.2d 655, 661 (11th Cir. 1984) ("We lament that appellants have been able to delay trial in this case for over a year through an interlocutory appeal, a mechanism intended to speed, not to retard, the judicial process."); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) ("[I]nterlocutory appeals are inherently disruptive, time-consuming, and expensive.") (internal quotations omitted). In addition to imposing needless delay, an interlocutory appeal will not resolve all the triable issues in the case. One or both of Dollar General's questions

the 4,702 appeals filed in the Eleventh Circuit in that twelve months, only twenty-four were applications for interlocutory appeal. (Exhibit A, p. 2).

for appeal may be mooted by the outcome of trial, which is currently set for February 2023 and should be allowed to proceed. *See, Williams v. Saxon Mortg. Co.*, No. 06-0799-WS-B, 2007 U.S. Dist. LEXIS 84787, at *11 (S.D. Ala. Nov. 15, 2007) ("to allow an appeal of the limitations issue for the Williamses' damages claims now would be to derail the impending trial, banishing plaintiffs' rescission claims to limbo indefinitely until the appeal is completed").

### D.    Conclusion

As this Court noted, section 1292(b) was prompted by a proposal to Congress from the Judicial Conference of the United States Courts based, in part, on a report authored by a committee of judges appointed by the Chief Justice of the United States Supreme Court to study the matter of interlocutory appeals. *Williams v. Santander Consumer USA, Inc.*, No. 2:15-cv-919-MHH, 2017 U.S. Dist. LEXIS 16896, at *5 (N.D. Ala. Feb. 7, 2017) (citing *McFarlin* at 1256). As that report stated, "appeal from interlocutory orders . . . should be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases . . . ." *Id.* at *6 (citation and internal quotation marks omitted). The report further stated that "[i]t is not thought . . . that mere question as to the correctness of the ruling would prompt the granting of the certificate." *Id.* (citation and internal quotation marks omitted).

Dollar General's insubstantial arguments for interlocutory appeal simply boil down to its disagreement with this Court's ruling, not a genuine showing that the identified issues involve a controlling question of law as to which there is substantial ground for difference of opinion, and where an immediate appeal may materially advance the ultimate termination of the litigation. Accordingly, an appeal before final judgment would be premature and is unwarranted.

WHEREFORE, based on the foregoing, Defendant's Motion for Certification of Interlocutory Appeal should be denied.

Dated: September 16, 2022

Respectfully submitted,

**MARSHA L. RUCKER**
Regional Attorney
PA Bar No. 90041

**GERALD L. MILLER**
Assistant Regional Attorney
AL Bar No.: ASB-1454-E52G

*/s/Gina E. Pearson*
**GINA PEARSON**
Trial Attorney
AL Bar No.: ASB-3971-H61g
gina.pearson@eeoc.gov

**ALYSIA FRANKLIN**
Trial Attorney
CA Bar No. 244410
alysia.franklin@eeoc.gov

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1130 22nd Street South
Suite 2000
Birmingham, AL 35205
Phone: (205) 615-7049

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2022, the foregoing was delivered via electronic mail on the following counsel of record:

**John E. B. Gerth, Esq.**
**Stanley E. Graham, Esq.**
**Frederick L. Conrad, III**
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, TN 37291
stan.graham@wallerlaw.com
jeb.gerth@wallerlaw.com
trip.conrad@waller.law.com

Attorneys for Defendant

**Byron Perkins, Esq.**
Perkins Law
Civic Center Medical Forum Building
950-22nd Street N., Suite 550 Birmingham,
Alabama 35203
bperkins@perkins-law.com

**David W. Scott, Esq.**
D.W. Scott Law, LLC
P.O. Box 11734
Birmingham, AL 35202
david@dwscottlaw.com

Attorneys for Plaintiff-Intervenor

*/s/Gina E. Pearson*
Gina E. Pearson