FILED
2022 Sep-27  PM 06:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** )<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| **and** )<br>) | |
| **VINCENT JACKSON,** )<br>) | |
| **Plaintiff-Intervenor,** )<br>) | |
| **v.** ) | **Civil Action No. 2:17-cv-01649-MHH** |
| )<br>**DOLGENCORP, LLC,** )<br>) | |
| **Defendant.** ) | |

**DEFENDANT DOLGENCORP, LLC'S REPLY IN SUPPORT OF
<u>MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL</u>**

Plaintiffs offer no viable argument against certification of the two discrete questions presented for appeal:

1. Is a GINA claim for the "acquisition of genetic information" under 42 U.S.C. § 2000ff-1(b) a claim for "intentional unlawful discrimination" within the meaning of 42 U.S.C. § 1981a for which compensatory and punitive damages are available?

2. Is an ADA claim of qualification standards that screen out or tend to screen out individuals with disabilities under 42 U.S.C. § 12112(b)(6) analyzed exclusively as a disparate impact claim or can it be established through a showing of disparate treatment?

Both of these are pure questions of law that require no study of the factual record. Plaintiffs do not argue otherwise. Both indisputably are questions over which there is substantial ground for difference of opinion, as evidenced by the dearth of authority on the first question and the conflicting authority each side has offered on the second question. Finally, the resolution of either

of these legal questions would materially advance termination of the litigation.  Whichever way those questions are ultimately answered by the Eleventh Circuit, the answers will provide critically needed clarity *before* extensive discovery and a trial involving potentially hundreds of witnesses whom Plaintiff contend are entitled to relief.  The questions presented would also otherwise be appealed at some point in this case, so all parties benefit from answers to these questions sooner rather than later.  Plaintiffs offer no response to this reality.

1.    **Both questions involve controlling questions of law that do not require any assessment of the facts.**

Plaintiffs agree in their response that a question calling for interpretation of Section 12112(b)(6) of the ADA is a controlling question of law. *See* Doc. 142 at 5 n.2.  Such questions involving the interpretation of a federal statute are routinely found to be controlling questions of law.  *See*, *e.g.*, *Tucker v. Fearn*, 333 F.3d 1216, 1218 (11th Cir. 2003) (granting § 1292(b) review on question of availability of damages on claim at issue); *Benson v. Enter. Leasing Co. of Orlando, LLC*, 2021 U.S. Dist. LEXIS 55137, at *17-18 (M.D. Fla. Feb. 4, 2021) (". . . Defendants' question . . . poses a controlling question of law. It is a pure legal question—a discrete question of statutory interpretation—that can be answered without reference to any facts or to the record in this case.") (*citing McFarlin*, 381 F.3d at 1258); *cf E.E.O.C. v. Koch Foods of Mississippi, LLC*, Fifth Cir. Case No. 15-90021, EEOC's Motion for Permission to Appeal, 7/14/2015 at 15–16 (EEOC arguing in support of interlocutory that "interpretation of a federal statute and its regulations" is a "controlling question[] of law" and citing *McFarlin*, 381 F.3d at 1258, and *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).

Plaintiffs offer no meaningful opposition to Dollar General's argument that the question calling for an interpretation of GINA and Section 1981a *also* involves the interpretation of federal statutes and is a controlling question of law. They instead attempt to replace the question presented

with the altogether different question of "what intentional conduct triggers GINA liability." Response, Doc. 142 at 5. The question to be answered is not what conduct is prohibited by GINA, however, but whether "a GINA claim for the 'acquisition of genetic information' . . . . is a claim for 'intentional unlawful discrimination' within the meaning of 42 U.S.C. § 1981a. . . ." (emphasis added). If the claim asserted by the Plaintiffs (acquisition of genetic information) is not one for "intentional unlawful discrimination," as Dollar General contends, then Plaintiffs cannot seek compensatory or punitive damages on their GINA claim. Plaintiffs do not address Section 1981a's limitation of damages to claims of "intentional unlawful discrimination" at all.

**2.     The answers to both questions are ones for which there are substantial grounds for a difference of opinion.**

Plaintiffs argue that neither of the questions presented are ones for which there are "substantial grounds for difference of opinion," but they fail to analyze either question under the proper standard. Application of the proper standard confirms that there are substantial grounds for difference of opinion on both questions because they involve "a legal issue [that] is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Ala. Aircraft Indus. v. Boeing Co.*, 2019 U.S. Dist. LEXIS 242335, *18–19 (N.D. Ala. Mar. 18, 2019). Here, the first circumstance applies to the question concerning GINA and Section 1981a, while the second and third circumstances both apply to the question concerning Section 12112(b)(6) of the ADA.

*A. The question calling for the interpretation of Section 1981a and GINA is a difficult question of first impression.*

There is no dispute that whether a GINA acquisition claim is a claim of "unlawful intentional discrimination" within the meaning of Section 1981a is a question of first impression. *See EEOC Response* at 6, Doc. 142 (citing Memorandum Opinion at 39, Doc. 131). Although

agreeing that it is a matter of first impression, Plaintiffs ignore how this fact and the difficulty of that question supports an immediate appeal.

In its Memorandum Opinion, this Court recognized the challenging nature of reconciling the remedial scheme of Section 1981a with the statutory framework of GINA. *See* Memorandum Order, Doc. 131, p. 42 ("Admittedly, GINA's statutory framework does not neatly map onto 42 U.S.C. § 1981a(a)(1)'s remedial scheme.")). Further underscoring the difficulty of the question at issue is the absence of anything within Section 1981a that would suggest a GINA *acquisition* claim is a claim of *discrimination* at all, particularly when GINA already has a separate and distinct cause of action for "Discrimination Based on Genetic Information." *Compare* 42 U.S.C. § 2000ff-1(a) ("Discrimination Based on Genetic Information") *with* 42 U.S.C. § 2000ff-1(b) ("Acquisition of Genetic Information").

> B. *Conflicting case law demonstrates the substantial ground for difference of opinion concerning the proper interpretation of ADA Section 12112(b)(6) both within the district courts of the Eleventh Circuit and between the circuits.*

Whether an ADA "qualification standards" claim must be brought exclusively under a disparate impact theory is also a question for which substantial ground for a difference of opinion exists. This is evident by the lack of consensus amongst the courts that have considered Section 12112(b)(6) claims, and the weight of authority amongst them indicating that Section 12112(b)(6) does not allow for a disparate treatment theory. The difference of opinion on this issue exists both at the district court level within the Eleventh Circuit, *and* between the circuit courts of appeals. As a result, the Section 12112(b)(6) question that meets the "substantial ground for difference of opinion" on two independent bases: "the district courts of the controlling circuit are split as to the issue," <u>and</u> "the circuits are split on the issue." *Ala. Aircraft Indus.*, 2019 U.S. Dist. LEXIS 242335, *18–19.

i. **"The District Courts of the Controlling Circuit Are Split as to the Issue."**

Prior to this Court's ruling, the two other district courts in the Eleventh Circuit with reported opinions addressing the issue found that qualification standards claims brought under Section 12112(b)(6) are exclusively analyzed as disparate impact claims.  *See Monaco v. City of Jacksonville*, 51 F. Supp. 3d 1251, 1268 (M.D. Fla. 2014) (dismissing a Section 12112(b)(6) claim "[b]ecause Plaintiffs are proceeding solely under a theory of disparate treatment" and Section 12112(b)(6) "relies on a theory of disparate impact discrimination"); *Allmond v. Akal Sec., Inc.*, 2007 U.S. Dist. LEXIS 72713, *14–17 (M.D. Ga. Sep. 28, 2007) (holding that "[c]laims brought pursuant to § 12112(b)(6) are treated as disparate impact claims" for which it is inappropriate to apply the traditional *McDonnell Douglas* framework used for disparate treatment claims).  This Court's holding disagrees with those courts, however, creating a conflict amongst the Eleventh Circuit district courts on this issue that the Eleventh Circuit could resolve through an interlocutory appeal.  *Compare EEOC v. Dolgencorp, LLC*, 2022 U.S. Dist. LEXIS 132466, *20–21 (N.D. Ala. July 26, 2022) *with Monaco* and *Allmond*, *supra.*

In addition to the express conflict between this Court's decision and the holdings in *Monaco and Allmond,* there are other district court cases within the Eleventh Circuit that have recognized Section 12112(b)(6) as a disparate impact claim.  *See, e.g.*, *Corbin v. Town of Palm Beach*, 2014 U.S. Dist. LEXIS 28093, *4–5 (S.D. Fla. Mar. 4, 2014) (noting the ADA recognizes a disparate impact claim requiring statistical evidence under Section 12112(b)(6)); *Kintz v. UPS*, 766 F. Supp. 2d 1245, 1253–54 (M.D. Ala. 2011) (citing Section 12112(b)(6) as a disparate impact claim and Section 12112(b)(5) as a discrimination claim). Further reflecting the substantial ground for difference of opinion, however, one court has implied the availability of a disparate treatment claim under Section 12112(b)(6) while simultaneously noting the physical examination at issue

had a "disparate impact" on plaintiff.  *Toole v. Metal Services, LLC*, 17 F. Supp. 3d 1161 (S.D. Ala. 2014).

The lack of consensus among the district courts of the Eleventh Circuit establishes that there are substantial grounds for a difference of opinion on the proper interpretation of Section 12112(b)(6). *See Ala. Aircraft Indus.*, 2019 U.S. Dist. LEXIS 242335, *18–19 ("Substantial ground for difference of opinion exists when . . . (2) the district courts of the controlling circuit are split as to the issue. . . .").[1]

### ii.   "The Circuits Are Split on the Issue."

There is disagreement concerning the interpretation of Section 12112(b)(6) at the circuit court level as well.   No circuit appears to have squarely addressed the question in detail, but the Fifth, Eighth, Ninth, and Tenth Circuits *as well as the Eleventh Circuit and Supreme Court* have all issued opinions that to varying degrees reflect that Section 12112(b)(6) claims are only cognizable under a disparate impact theory.  *See Raytheon v. Hernandez*, 540 U.S. 44, 52–53 (2003) (explaining courts need to carefully distinguish between disparate treatment and disparate impact claims and quoting Section 12112(b)(6) as the section for disparate impact claims); *Smith v. Miami-Dade Cty.*, 621 F. App'x 955, 961–62 (11th Cir. 2015) (affirming summary judgment on a Section 12112(b)(6) claim because the plaintiff failed to provide statistical evidence, which is required for a disparate impact claim); *Lopez v. Pacific Maritime Assoc.*, 657 F.3d 762, 766–67

---

[1] Recent district court decisions in the Fifth and Eighth Circuits further demonstrate the difference of opinion in their holdings that Section 12112(b)(6) claims may only be brought under a disparate impact theory.  *See, e.g., Meza v. Union Pac. R.R. Co.*, 2022 U.S. Dist. LEXIS 164208, *7–9 (D. Neb. Sep. 12, 2022) ("[S]everal courts hold that § 12112(b)(6) applies only to disparate-impact claims. . . . and the[se] cases [] are persuasive."); *Fulbright v. Union Pac. R.R. Co.*, 2022 U.S. Dist. LEXIS 37383, *9 (N.D. Tex. Mar. 2, 2022) ("Plaintiff may not bring his section 12112(b)(6) screening-related claim under a disparate-treatment theory of discrimination and is limited to doing so only under a theory of disparate impact."); *see also EEOC v. BNSF Ry. Co.*, 2016 U.S. Dist. LEXIS 2557, *15–16 (W.D. Wash. Jan. 8, 2016) *aff'd in part*, 902 F.3d 916 (9th Cir. 2018) ("§ 12112(b)(6) falls squarely into the disparate-impact category"; "no Ninth Circuit case or district court case within the Ninth Circuit . . . has accepted § 12112(b)(6) as the standard for a claim made on the basis of disparate treatment").

4864-7057-3876.3

(9th Cir. 2011) (holding that a plaintiff waived his disparate-impact ADA claim by not citing Section 12112(b)(6) in his opening brief); *Boldridge v. Tyson Foods, Inc.*, 280 F. App'x 723, 727–28 (10th Cir. 2008) (affirming dismissal of a disparate impact claim because such a claim could not be administratively exhausted by a charge asserting only a disparate treatment claim); *Boersig v. Union Electric Co.*, 219 F.3d 816, 822 (8th Cir. 2000) (suggesting that Section 12112(b)(6) only applies to a disparate impact theory of liability under the ADA); *Gonzales v. City of New Braunfels, Tex.*, 176 F.3d 834, 839 (5th Cir. 1999) (evaluating a medical screening claim as a disparate treatment claim under Section 12112(a) and noting it was not a disparate impact claim under Section 12112(b)(6)); *see also Fulbright v. Union Pac. R.R. Co.*, 2022 U.S. Dist. LEXIS 37383, *9 (N.D. Tex. Mar. 2, 2022) ("The Supreme Court appears to have [] positioned section 12112(b)(6) exclusively in the disparate-impact category, although it has not definitively held as much.").  In contrast to the weight of authority of its sister circuits, the Third Circuit has suggested in dicta that Section 12112(b)(6) does allow for claims to be brought under either a disparate treatment or disparate impact theory.  *See EEOC v. Kronos Inc.*, 694 F.3d 351, 357 (3d Cir. 2012) (noting that "screen out" tests "may be impermissible under both disparate treatment and disparate impact theories").

Plaintiffs' assertion that there is no substantial difference of opinion on the Section 12112(b)(6) question is belied by the different ways the courts have viewed Sections 12112(b)(6) claims.  Plaintiffs' argument is also inconsistent with this Court's own observation of those differing opinions.  *See* Memorandum Order, Doc. 131, p. 14 ("Some courts have held that § 12112(b)(6) pertains only to disparate impact claims"; "Dicta in *Raytheon* undergirds the argument that § 12112(b)(6) pertains only to disparate impact claims.").  Viewed through the

proper standards for "substantial ground for a difference of opinion," the Section 12112(b)(6) is clearly one that meets that standard.

### 3. Immediate appeal on one or both of the questions will materially advance termination of the litigation.

Plaintiffs' arguments that an immediate appeal would not materially advance the termination of this litigation are misplaced.  Their primary opposition is that such an appeal would delay the final resolution of the case and would be expensive and time consuming.  Those objections are illusory.  Immediate appeal would actually speed up the final resolution of the case and potentially save the parties and the Court from unnecessary expenses.

There will be an appeal of the questions presented at some point.  If permitted to appeal now, the parties and the Court would know if there is a legal basis for claims that would require extensive damages discovery and a trial involving hundreds of witnesses—each of whom would have to proffer individualized proof of damages—to reach resolution.  *See July v. Bd. of Sch. Comm'rs*, 291 F.R.D. 653, 663 (S.D. Ala. 2013) ("[E]ntitlement to recovery on the plaintiffs' claims for compensatory and punitive damages will come not merely from a finding of liability on the common issues, but from individualized proof of actual injury."); *Carnegie v. Mut. Sav. Life Ins. Co.*, 2002 U.S. Dist. LEXIS 21396, *72 (N.D. Ala. Nov. 1, 2002) ("[B]ecause the plaintiffs sought compensatory and punitive damages, their claims require[] a[n] individualized inquiry, even if liability were established.").  An appeal *after* such discovery and trial have already taken place would only guarantee the time and expense of that discovery and trial.

There is nothing "saved" by waiting to appeal these issues until after trial, and much to be gained by having these questions answered now.  This addressing of purely legal questions early to prevent engaging in burdensome and potentially unnecessary discovery trial practice is a concept the EEOC has itself advanced in past efforts to secure an interlocutory appeal.  *See Koch*

*Foods*, Fifth Cir. Case No. 15-90021, EEOC's Motion for Permission to Appeal, 7/14/2015 at 19 (immediate appeal would materially advance the termination of the litigation because "reversal [] would significantly narrow the scope and burden of discovery, 'expedit[ing] the resolution of the entire litigation'") (quoting *In re Lodholtz*, 769 F.3d 531, 532 (7th Cir. 2014)).  It is also the same approach the Court previously recognized to be appropriate in this case when it ordered the parties to file summary judgment briefs prior to completing discovery.  *See* Transcript of 10/6/20 Hearing, Doc. 98.  The same still holds true now.

## CONCLUSION

For the foregoing reasons, Dollar General requests that the Court certify its summary judgment order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on the two questions identified.

Respectfully submitted,

/s/ Stanley E. Graham
Stanley E. Graham, Esq.
John E. B. Gerth, Esq.
Frederick L. Conrad III, Esq.
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
stan.graham@wallerlaw.com
jeb.gerth@wallerlaw.com
trip.conrad@wallerlaw.com

*Attorneys for Defendant Dolgencorp, LLC*

4864-7057-3876.3

9

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on September 27, 2022, the foregoing Reply in Support of Motion for Certification of Interlocutory Appeal was served *via* the court's electronic filing system on the following counsel of record:

**Marsha L. Rucker, Esq.**
**Gerald L. Miller, Esq.**
**Gina Pearson, Esq.**
**Russell P. Parker, Esq.**
**Kurt S. Fischer, Esq.**
Equal Employment Opportunity Commission
1130 22nd Street South
Suite 2000
Birmingham, AL 35205
marsha.rucker@eeoc.gov
gerald.miller@eeoc.gov
gina.pearson@eeoc.gov
kurt.fischer@eeoc.gov
russ.parker@eeoc.gov

**David W. Scott, Esq.**
D.W. Scott Law LLC
P.O. Box 11734
Birmingham, AL 35202
david@dwscottlaw.com

**Byron R. Perkins, Esq.**
Perkins Law
The Civic Center Medical Forum Bldg.
950 22nd Street N., Suite 550
Birmingham, AL 35203
bperkins@perkins-law.com

      /s/ Stanley E. Graham