UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } |
| Plaintiff, | } |
| and | } |
| VINCENT JACKSON, | } Case No.: 2:17-cv-01649-MHH |
| Plaintiff-Intervenor, | } |
| v. | } |
| DOLGENCORP, LLC, | } |
| Defendant. | } |

## ORDER

Earlier this year, the Court denied Dollar General's motion for summary judgment on the EEOC's and Mr. Jackson's Americans with Disability Act and Genetic Information Nondiscrimination Act claims. (Doc. 131). Pursuant to 28 U.S.C. § 1292(b), Dollar General has asked the Court to certify for interlocutory appeal the order denying the company's summary judgment motion. (Doc. 134).

Interlocutory review is a "rare exception" to the firm rule that the "great bulk of [] review must be conducted after final judgment." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004). Under § 1292(b), when a district judge

1

who issues an order "not otherwise appealable . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the judge should state so in its order.  28 U.S.C. § 1292(b).  Both district and circuit courts have the discretion to certify issues for interlocutory appeal.  *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1358 (11th Cir. 2008).

A court should certify an issue for interlocutory appeal only when the issue involves:

> (1) pure questions of law, (2) which are controlling of at least a substantial part of the case, (3) and which are specified by the district court in its order, (4) and about which there are substantial grounds for difference of opinion, (5) and whose resolution may well substantially reduce the amount of litigation necessary on remand.

*McFarlin*, 381 F.3d at 1264.  The "and" towards the end of the five-factor test makes the factors conjunctive, so if a factor is not established, a court must deny a request for interlocutory review.

### *The GINA Issue*

Dollar General has asked the Court to certify for interlocutory appeal the following question:

> Is a GINA claim for the "acquisition of genetic information" under 42 U.S.C. § 2000ff-1(b) a claim for "intentional unlawful discrimination" within the meaning of 42 U.S.C. § 1981a for which compensatory and punitive damages are available?

2

(Doc. 134, p. 1). The parties dispute whether the question Dollar General presents for interlocutory appeal is a question on which there are substantial grounds for difference of opinion. (Doc. 134, pp. 6-8; Doc. 142, pp. 5-6). The Court will assume that the other requirements for certification are met and will focus its analysis on whether substantial grounds for difference of opinion exist.

"Substantial ground for difference of opinion exists when a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C*, 165 F. Supp. 3d 1330, 1335 (N.D. Ga. 2015) (citing *Georgia State Conf. of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 952 F. Supp. 2d 1360, 1362 (N.D. Ga. 2013)). Only the first factor is relevant here. With respect to the plaintiffs' GINA claim, the Court has stated: "[a]s far as the Court can tell, this is an issue of first impression," (Doc. 131, p. 39), but that is not enough to establish a basis for an interlocutory appeal; the issue must be one of first impression, and it must be difficult. *Consumer Fin. Prot. Bureau*, 165 F. Supp. 3d at 1335. The issue here is novel, but it is not difficult.

Stated plainly, Dollar General asks whether an employer who intentionally obtains an employee's genetic information in violation of 42 U.S.C. § 2000ff-1(b) is liable for compensatory and punitive damages under 42 U.S.C. § 1981(a) which allows such damages for intentional discrimination. The Court answered yes and

pointed to other district courts that have said the same and to GINA's legislative history. (Doc. 131, pp. 41-45). The Court also noted that "no court has held that damages are not available under 42 U.S.C. § 2000ff-1(b)." (Doc. 131, p. 41). While the Court recognized, and Dollar General emphasizes, that "GINA's statutory framework does not neatly map onto 42 U.S.C. § 1981(a)(1)'s remedial scheme," (Doc. 131, p. 41; Doc. 135, p. 7), the underlying issue is not a particularly difficult one. Section 2000ff-1(b) makes the intentional acquisition of genetic information unlawful. When an employer intentionally requests, requires, or purchases genetic information that it is not otherwise allowed to have or allowed to base its employment decisions on, it intentionally engages in the kind of unlawful intentional conduct 42 U.S.C. § 1981(a)(1) disallows. Admittedly, 42 U.S.C. § 1981(a)(1) uses the word discrimination and 42 U.S.C. § 2000ff-1(b) does not, but the Court found that "given the language and legislative history of GINA" and "the Supreme Court's interpretation of 42 U.S.C. § 1981a(a)(1) . . . compensatory and punitive damages are available for claims brought under 42 U.S.C. § 2000ff-1(b)." (Doc. 131, p. 45).

      This damages analysis is based on general and well-settled principles of employment law. Therefore, it is not difficult and does not require interlocutory review. *See Owens v. Metro. Life Ins. Co.*, 2017 WL 106017, *5 (N.D. Ga. Jan. 11, 2017) ("And while this issue is one of first impression, it involves the application of traditional rules of contract interpretation. This is not the difficult issue for which §

1292(b) was intended."); *Consumer Fin. Prot. Bureau*, 165 F. Supp. 3d at 1337 ("The application of settled law to this case's somewhat new facts does not present a substantial ground for difference of opinion warranting certification."). Although no circuit has found that a violation of 42 U.S.C. § 2000ff-1(b) entitles a plaintiff to compensatory and punitive damages, no circuit has rejected such a rule. *Consumer Fin. Prot. Bureau*, 165 F. Supp. 3d at 1337 (finding that no substantial difference of opinion existed because, "[a]lthough no circuit has specifically applied the meaningful attorney doctrine to the filing of a debt collection complaint, no circuit has rejected such application"). Accordingly, in the absence of a record that demonstrates substantial grounds for difference of opinion beyond Dollar General's disagreement with the Court's analysis, the Court declines to certify Dollar General's first question for interlocutory review. *Consumer Fin. Prot. Bureau*, 165 F. Supp. 3d at 1339 ("Defendants' disagreement with this Court's Order does not constitute substantial ground for difference of opinion . . . .") (internal quotation marks omitted).

### *The ADA Question*

Dollar General also has asked the Court to certify the following question for interlocutory appeal:

> Is an ADA claim of qualification standards that screen out or tend to screen out individuals with disabilities under 42 U.S.C. § 12112(b)(6) analyzed exclusively as a disparate impact claim or can it be established through a showing of disparate treatment?

(Doc. 134, p. 1). As with the first question, the certification of Dollar General's second question turns on whether there are substantial grounds for a difference of opinion on the proposed question. For this question, Dollar General argues, and the Court agrees, that substantial grounds for difference of opinion exists because district courts within this circuit and circuit courts across the country are split on the issue. (Doc. 146, pp. 5-7). "[T]o demonstrate the existence of a substantial ground for difference of opinion, the appellant must show that at least two courts interpret the legal principle differently." *Havana Docks Corp. v. MSC Cruises SA Co.*, 2020 WL 3451681, *3 (S.D. Fla. June 24, 2020) (internal quotations and citation omitted).

At least four district courts in this circuit have analyzed the issue. This Court found that a party may pursue a disparate treatment claim under § 12112(b)(6). (Doc. 131, pp. 14-19) ("[T]he Court rejects Dollar General's contention that § 12112(b)(6) pertains only to disparate impact claims and that a plaintiff may prove a discrimination claim under § 12112(b)(6) only by offering comprehensive statistical evidence."). Similarly, in *Toole v. Metal Services, LLC*, the district court allowed the plaintiff to pursue an intentional discrimination claim under § 12112(b)(6) using the *McDonnell Douglas* burden-shifting standard. 17 F. Supp. 3d 1161, 1170 (S.D. Ala. 2014). In contrast, in *Allmond v. Akal Security, Inc.*, the district court found that "[c]laims brought pursuant to § 12112(b)(6) are treated as disparate impact claims." 2007 WL 2904023, at *6 (M.D. Ga. Sept. 28, 2007), *aff'd*

6

*on other grounds*, 558 F.3d 1312 (11th Cir. 2009).  District courts in other circuits also differ in their analysis of the issue.  (Doc. 131, pp. 14, 20).

Lack of consensus among the district courts of this circuit creates substantial grounds for differences of opinion on the ADA question presented by Dollar General.  No clear consensus on the issue exists among federal circuit courts either. *Compare Monette v. Electronic Data Systems, Corp.*, 90 F.3d 1173 (6th Cir. 1996), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp., Inc*., 681 F.3d 312 (6th Cir. 2012), *and Gonzales v. City of New Braunfels, Tex*., 176 F.3d 834, 839 (5th Cir. 1999) (examining medical screening claim by individual plaintiff as a disparate treatment claim and noting that plaintiff did not plead a disparate impact claim under § 12112(b)(6)), *with Boersig v. Union Elec. Co*., 219 F.3d 816, 822 (8th Cir. 2000) (stating that 42 U.S.C. § 12112(b)(6) "invoke[es] a disparate impact theory of ADA liability.").  The Supreme Court's opinion in *Raytheon Company v. Hernandez*, 540 U.S. 44 (2003), also is relevant.  As this Court stated, "[d]icta in *Raytheon* undergirds the argument that § 12112(b)(6) pertains only to disparate impact claims." (Doc. 131, p. 14).

Given the lack of consensus among the district courts of this circuit and among circuit courts and the dicta in *Raytheon*, substantial grounds for difference of opinion exist.  An interlocutory determination of this issue would not require the Eleventh Circuit Court of Appeals to delve into the factual record in this case, and the ADA

issue impacts a substantial part of this case. Resolution of the ADA issue in favor of Dollar General likely will substantially reduce the scope of this litigation on remand.

## *Conclusion*

For the reasons discussed above, the Court declines to certify the GINA question for interlocutory appeal. The Court certifies for interlocutory appellate review the following issue under the ADA:

> Should ADA claims regarding qualification standards that screen out or tend to screen out individuals with disabilities under 42 U.S.C. § 12112(b)(6) be analyzed exclusively as disparate impact claims or may plaintiffs establish screening claims by making an adequate showing of disparate treatment?

**DONE** and **ORDERED** this January 3, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE